**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, on behalf of himself and a class of similarly situated investors,<br><br>   Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>   Defendants. | Case No.: 1:22-cv-10292-VEC<br><br>Hon. Valerie E. Caproni |
| LUIS CARNEIRO, on behalf of himself and a class of similarly situated investors,<br><br>   Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>   Defendants. | Case No.: 1:23-cv-00767-UA<br><br>Hon. Valerie E. Caproni |

**MEMORANDUM OF LAW IN SUPPORT OF CHI HOON HA'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................................ 2

II.   PROCEDURAL HISTORY ............................................................................................... 5

III.  ARGUMENT ...................................................................................................................... 6

    A.   Consolidation of the Actions Is Appropriate .................................................................... 6

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ........................................................ 7

           Movant Filed a Timely Motion. ................................................................................... 8

1.   Movant Has the Largest Financial Interest in the Relief Sought. .............................. 9

2.   Movant Satisfies the Relevant Requirements of Rule 23. .......................................... 9

3.       a.   Movant's Claims Are Typical. ........................................................................... 10

           b.   Movant Is An Adequate Representative. ............................................................ 11

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ..................................... 11

IV.   CONCLUSION ................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) .............................................................................. 8, 9

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001).................................................................................................. 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................................... 11

*In re Coinbase Global Securities Litigation,*
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................................... 12

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
  Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021).... 12

*Deinnocentis v. Dropbox, Inc.,*
  Case No. 19-cv-06348-BLF, 2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020).......... 12

*Ferrari v. Impath, Inc.,*
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................................ 6

*Ferreira v. Funko, Inc.,*
  No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June 11,
  2020) ...................................................................................................................................... 1

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............. 10

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................................... 10

*In re Hebron Tech. Co. Sec. Litig.,*
  C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020).......... 8

*Hom v. Vale, S.A.,*
  2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016) ......................................................... 1

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990)............................................................................................... 6, 7

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)................ 10

*Malriat v. Quantumscape Corp.*,
   Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist.
   LEXIS 76914 (N.D. Cal. April 20, 2021)................................................................ 12

*Martingano v. Am. Int'l Grp., Inc.*,
   Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006)............. 6

*Salinger v. Sarepta Therapeutics, Inc.*,
   No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248 (S.D.N.Y. Dec. 17, 2019).............. 8

*Snyder v. Baozun Inc.*,
   Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967
   (S.D.N.Y. Sept. 8, 2020)................................................................................. 13

*Subramanian v. Watford, et. al.*,
   Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823 (D. Colo. April
   29, 2021) ................................................................................................... 12

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................. 10

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................ 6

*White Pine Invs. v. CVR Ref.*,
   Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ............ 12

*White v. Nano-X Imaging LTD, et al.*,
   Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS
   143105 (E.D.N.Y. Aug. 10, 2022)...................................................................... 12

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23............................................................................................ *passim*

Fed. R. Civ. P. 42(a) ...................................................................................... 5, 6

Chi Hoon Ha ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all purchasers of Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company") common stock during the period July 27, 2020 through September 22, 2022, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Defendants Spectrum, Thomas J. Riga ("Riga"), Francois J. Lebel ("Lebel"), and Nora E. Brennan ("Brennan"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the

---

[1] The action entitled *Osorio-Franco v. Spectrum Pharmaceuticals, Inc. et. al.,* Case No. 1:22-cv-10292-VEC (the "*Osorio-Franco* Action") defines the Class Period as December 6, 2021 through September 22, 2022, inclusive. The action entitled *Carneiro v. Spectrum Pharmaceuticals, Inc. et. al.,* Case No. 1:23-cv-00767-UA (the "*Carneiro* Action") defines the Class Period as July 27, 2020 through September 22, 2022, inclusive. Movant adopts the most-inclusive Class Period defined in the *Carneiro* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

"most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.[2] In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Actions.

## I.    FACTUAL BACKGROUND[3]

Spectrum purports to be a biopharmaceutical company focused on acquiring, developing, and commercializing novel and targeted oncology therapies. ¶ 2.

Before the Class Period, Defendants were conducting a Phase 2 clinical trial called ZENITH20. ¶ 3. The ZENITH20 trial was an ongoing, multicenter, multi-cohort, open-label, activity-estimating study evaluating the anti-tumor effects, safety, and tolerability of poziotinib, or

---

[2] Movant respectfully discloses that in 1996 – 27 years ago – he was convicted of selling counterfeit goods/services and served 5 years' probation. Movant deeply regrets his past actions, has turned his life around and has been a positive contributing member of society for decades. Movant makes this disclosure in the interest of being fully transparent with the Court, but respectfully submits that this nearly three-decade-old incident should not limit his ability to serve as a lead plaintiff and class representative in this action. In fact, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 Newberg on Class Actions § 3:68 (5th ed.) (collecting cases); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. 395, 417 (S.D.N.Y. 2004) ("[E]ven if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that would require [Movant's] candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here") (citing cases).

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Osorio-Franco* Complaint") filed in the *Osorio-Franco* Action. Citations to "*Carneiro* ¶ __" are to paragraphs of the Class Action Complaint (the "*Carneiro* Complaint") filed in the *Carneiro* Action. The facts set forth in the *Osorio-Franco* and *Carneiro* Complaints are incorporated herein by reference.

"pozi", in patients with locally advanced or metastatic non-small cell lung cancer ("NSCLC") that have certain mutations (HER2 exon 20 insertion mutations) and were previously treated with the standard of care. *Id.* Prior to the Class Period, the Company had a pre-NDA meeting with the FDA, during which Spectrum confirmed with the FDA that Cohort 2 data could serve as the basis of a new drug application ("NDA") submission. *Id.* In Cohort 2, the objective response rate ("ORR") (complete or partial response, which are measures of whether tumors shrink or are eradicated after treatment) was approximately 28% and the median duration of response was 5.1 months. *Id.*

On July 27, 2020, Spectrum issued a press release titled "Spectrum Pharmaceuticals Announces Positive Topline Results in HER2 Exon20 Insertion Mutations from Cohort 2 of the Poziotinib ZENETH20 Trial." *Carneiro* ¶ 5. In the press release, the Company touted the results of Cohort 2. Defendant Lebel stated, "[w]e are pleased with the results of Cohort 2" and that "we are looking forward to reviewing this data with the FDA to determine a path forward." *Id.*

On September 18, 2020, Spectrum presented additional results from its Phase 2 clinical trial. In the press release, Defendant Lebel stated, "[t]his is the first presentation to the medical and scientific community of the positive results from our registrational Cohort 2 from the ZENITH20 clinical trial," and that "we look forward to sharing this data with the FDA and discussing the path forward for poziotinib registration." *Carneiro* ¶ 6.

On December 6, 2021, Spectrum issued a press release announcing it submitted an NDA to the U.S. Food and Drug Administration ("FDA") for poziotinib's use in patients with previously treated locally advanced or metastatic NSCLC with HER2 exon 20 insertion mutations. ¶ 5. The NDA submission was based on purportedly "positive results of Cohort 2 from the ZENITH20 clinical trial, which assessed the safety and efficacy of poziotinib." *Id.*

On January 3, 2022, Spectrum entered into a privately negotiated securities purchase

3

agreement with Hanmi Pharmaceutical Co., Ltd. ("Hanmi"), which agreed to purchase 12.5 million shares of Spectrum common stock at $1.60 per share, for an aggregate purchase price of $20,000,000. ¶ 8.

Before the market opened starting on September 20, 2022, investors began to learn the truth when the FDA Oncologic Drugs Advisory Committee ("ODAC") released a briefing document in anticipation of its September 22, 2022 meeting with Defendants to review poziotinib. ¶ 11. ODAC is an independent panel of experts that reviews and evaluates data concerning the efficacy and safety of marketed and investigational products for use in the treatment of cancer. *Id.* The committee makes appropriate recommendations to the FDA, but these recommendations are not binding and the final decision regarding product approval will be made solely by the FDA. *Id.*

As a result of this news, shares of Spectrum common stock dropped from a closing price on September 19, 2022 of $1.06 per share, to a close on September 20, 2022 at $0.66 per share, a decline of over 37%, or $0.40 per share, on heavier than usual volume. ¶ 13.

On September 20, 2022, Cantor Fitzgerald issued a report titled "FDA Briefing Docs Negative for Poziotinib Approval" and discussed the concerns raised by the FDA ODAC briefing document concerning pozi, namely: (1) its limited efficacy benefit; (2) safety issues, specifically poor tolerability at the proposed dosage; (3) inadequate dose optimization; and (4) delayed initiation of confirmatory trial. ¶ 14. Also on September 20, 2022, H.C. Wainwright released a report entitled "Upcoming ODAC meeting for pozi could be more argumentative than we initially thought." ¶ 15. The H.C. Wainwright report highlighted many of the same concerns as the Cantor Fitzgerald report: "a limited response rate with poor durability, poor tolerability at the proposed dosage, inadequate dosing optimization for efficacy and safety, and delayed initiation of the confirmatory trial." *Id.*

4

According to Reuters, on September 22, 2022, before the opening of the market, trading in Spectrum shares was halted at $0.63 per share pending the outcome of the FDA ODAC meeting. ¶ 16. Also on September 22, 2022, ODAC conducted its meeting concerning poziotinib in which Defendant Lebel participated. During the meeting, ODAC voted 9-4 not to recommend poziotinib for AA. ¶ 17.

Trading in Spectrum common stock resumed on September 23, 2022. ¶ 18. On this news, shares of Spectrum common stock further falling on September 21, 2022 from a closing price of $0.63 per share before trading was halted, to a close on September 23, 2022 at $0.43 per share, a decline of over 31%, or $0.20 per share, on heavier than usual volume. *Id.*

As of December 5, 2022, Spectrum stock has not recovered, closing at $0.47 per share. ¶ 22.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Osorio-Franco* Action against the Defendants. Plaintiff Enrique Osorio-Franco ("Osorio-Franco") commenced the first-filed action on December 5, 2022. On that same day, counsel acting on Osorio-Franco's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On December 19, 2022, a substantially similar action, captioned *Cummings v. Spectrum Pharmaceuticals, Inc. et al.,* C.A. No. 1:22-cv-10677 (S.D.N.Y.) (the "*Cummings* Action") was filed against the Defendants in this Court. On January 12, 2023, the Court consolidated the *Osorio-Franco* and *Cummings* Actions, designating the *Osorio-Franco* as the lead case. ECF No. 10.

On January 30, 2023, a substantially similar action, the *Carneiro* Action, was filed against

5

the Defendants in this Court, expanding the Class Period to include all shareholders that purchased or otherwise acquired the common stock of Spectrum from July 27, 2020 through September 22, 2022, inclusive . Movant has requested consolidation of the *Osorio-Franco* and *Carneiro* Actions.

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e*., the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $466,659.13 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

1.                    **Movant Filed a Timely Motion.**

On December 5, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Osorio-Franco published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Spectrum common stock that they had 60 days from the publication of the December 5, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248, at *3 (S.D.N.Y. Dec. 17, 2019) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the December 5, 2022 Press Release and submitted herewith a sworn certification attaching his transactions in Spectrum common stock and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in

8

response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Spectrum common stock at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $466,659.13. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**Movant Satisfies the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Spectrum's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Spectrum common stock during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

10

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Movant resides in Honolulu, Hawaii. He has owned and operated Paradise Watersports, an ocean sports company, for six years and has four employees. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.  Further, Movant has experience overseeing attorneys, as he has hired attorneys for business-related matters. *Id.* Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

11

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS 143105, at *15 (E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10-11 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974, at *7 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *9 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder*

*v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967, at *10-11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: February 3, 2023                              Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Chi Hoon Ha and*
*[Proposed] Lead Counsel for the Class*

13