**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>Defendants. | Case No.: 1:22-cv-10292 |
| WILLIAM CUMMINGS, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>Defendants. | Case No.: 1:22-cv-10677 |
| LUIS CARNEIRO, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>Defendants. | Case No.: 1:23-cv-00767 |

**MEMORANDUM OF LAW IN SUPPORT OF LUIS CARNEIRO'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ...................................................................................................... 3

ARGUMENT ............................................................................................................................... 5

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 5

II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 5

        A.      The PSLRA Standard for Appointing Lead Plaintiff ............................................. 6

        B.      Movant Is The "Most Adequate Plaintiff" ............................................................. 7

                1.      Movant's Motion Is Timely ......................................................................... 7

                2.      Movant Has A Substantial Financial Interest .............................................. 7

                3.      Movant Satisfies Rule 23's Typicality And Adequacy Requirements ........ 8

                        a.      Movant's Claims Are Typical Of Those Of The Class ................... 9

                        b.      Movant Satisfies the Adequacy Requirement of Rule 23 ............... 9

III.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ..................... 10

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                          <u>Page(s)</u>

*Denny v. Canaan, Inc.*,
    Case No. 21-cv-3299 (JPC), 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021) ............................... 8

*Faig v. Bioscrip, Inc.*,
    Case No. 13-cv-06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013).......................... 9

*In re Bear Stearns Cos., Inc. Sec., Deriv., &ERISA Litig.*,
    Case No. 08 MDL 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009)............................ 10

*In re Braskem, S.A. Sec. Litig.*,
    Case No. 15-cv-5132 PAE, 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015) ............................... 8

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)........................................................................................ 11

*In re Elan Corp. Sec. Litig.*,
    Case No. 08-cv-08761(AKH), 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ........................ 10

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008)................................................................................... 8

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998)............................................................................... 8

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
    Case No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ......................... 8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)....................................................................................... 5

*Kemp v. Universal Am. Fin. Corp.*,
    Case No. 05-cv-9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) .............................. 8

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016).............................................................................. 9

*Lax v. First Merchs. Acceptance Corp.*, Case,
    No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................................. 8

*Martingano v. Am. Int'l Grp., Inc.*,
    Case No. 06-cv-1625(JG) (JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) ..................... 7

*Micholle v. Ophthotech Corp.*,
    Case No. 17-cv-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)......................... 7, 9

*Parot v. Clarivate Plc*,
  2022 WL 1568735 n.5 (E.D.N.Y. May 18, 2022)........................................................................ 5

*Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*,
  275 F.R.D. 187 (S.D.N.Y. 2011)................................................................................................. 5

*Randall v. Fifth St. Fin. Corp.*,
  Case No. 15-cv-7759 (LAK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ................................. 8

*Tan v. NIO, Inc.*,
  Case No. 19-cv-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) .................. 8

*Villare v. ABIOMED, Inc.*,
  Case No. 19-cv-7319 (ER), 2020 WL 3497285 (S.D.N.Y. June 29, 2020)................................ 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  Case No. 10-cv-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ................. 8

Statutes

15 U.S.C. § 78u-4(a)(1) ..................................................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(A)(i) ....................................................................................................... 6, 7
15 U.S.C. § 78u-4(a)(3)(A)(i)(II)..................................................................................................... 10
15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................ 1, 6
15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................................................... 2, 6
15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................................... 8
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).................................................................................................. 7, 10
15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................................. 3, 10, 11
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................................................... 2

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ........................... 11

Proposed Lead Plaintiff Luis Carneiro ("Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42), for an Order: (i) consolidating Related Actions;[1] (ii) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company") common stock during the period July 27, 2020 through September 22, 2022, inclusive (the "Class Period"); (iii) approving Movant's selection of the law firms of Berger Montague PC ("Berger Montague") as Lead Counsel and Kirby McInerney LLP ("Kirby McInerney") as Local Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Movant, who filed the complaint in the *Carneiro* action, respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who purchased or acquired Spectrum common stock during the Class Period, and who were damaged thereby (the "Class").[2] The Related Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act against Spectrum and certain of its directors and officers (collectively, the "Defendants").

Consolidation is appropriate under Rule 42 where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Exchange

---

[1] The Related Actions are: (i) *Osorio-Franco v. Spectrum Pharmaceuticals, Inc., et al.*, Case No. 1:22-cv-10292 (S.D. N.Y.); (ii) *Cummings v. Spectrum Pharmaceuticals, Inc., et al.*, Case No. 1:22-cv-10677 (S.D. N.Y.); and (iii) *Carneiro v. Spectrum Pharmaceuticals, Inc, et al.*, Case No. 1:23-cv-00767 (S.D. N.Y). Pursuant to the Memo Endorsement (ECF No. 18) entered on January 12, 2023, the *Osorio-Franco* action and the *Cummings* action were consolidated. Movant seeks to represent the broadest class of investors alleged in the three complaints, that being the Class Period in the *Carneiro* action.

[2] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit ("Ex.") A to the Declaration of Ira M. Press ("Press Decl."), submitted concurrently herewith. All exhibit references are to the Press Decl.

Act by the same group of defendants arising from substantially the same alleged wrongful misconduct—namely, Defendants' materially false and misleading statements or omissions regarding Spectrum's drug candidate poziotinib, or "pozi," for the treatment of non-small cell lung cancer. As such, the Related Actions involve common questions of both law and fact, and consolidation is plainly warranted.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant has a substantial financial interest in this litigation. Movant purchased 10,110 shares of Spectrum common stock during the Class Period, with a total Class Period expenditure of approximately $47,820, and suffered total Class Period investment losses of approximately $43,450 on a last-in-first-out ("LIFO") basis for claims arising under the Exchange Act. *See* Ex. C. Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws. *See* Section II.B.2, *infra*.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims. *See* Section II.B.3, *infra*.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Both proposed Lead Counsel and proposed Local Counsel have decades worth of experience representing investors in shareholder litigation and securities class actions and have the expertise and resources necessary to handle this complex litigation. *See* Section III, *infra*.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel and Local Counsel.

## FACTUAL BACKGROUND[3]

Spectrum is a biopharmaceutical company focused on acquiring, developing, and commercializing novel and targeted oncology therapies.

The complaint in the *Carneiro* action alleges that, throughout the Class Period, Defendants made materially false and misleading statements and/or omissions concerning its drug candidate poziotinib, or "pozi." Spectrum was conducting a Phase 2 clinical trial for pozi called ZENITH20. The ZENITH20 trial was intended to evaluate the anti-tumor effects, safety, and tolerability of pozi in patients with locally advanced or metastatic non-small cell lung cancer that were previously treated. Additionally, the complaint alleges that during the Class Period, Defendants represented that the safety and efficacy data from the ZENITH20 trial were positive and, based on those positive results, had initiated a required confirmatory phase 3 study.

The Class Period commences on July 27, 2020, when Spectrum issued a press release titled, "Spectrum Pharmaceuticals Announces Positive Topline Results in HER2 Exon20

---

[3] The facts are taken from the complaint that was filed in the *Carneiro* action.

Insertion Mutations from Cohort 2 of the Poziotinib ZENETH20 Trial." In the press release, the Company touted the results of Cohort 2. Defendant Francois J. Lebel, the Company's Executive Vice President and Chief Medical Officer stated, "[w]e are pleased with the results of Cohort 2" and that "we are looking forward to reviewing this data with the FDA to determine a path forward." Further, the Company stated that it "is in the process of requesting a meeting with the U.S. Food and Drug Administration (FDA) to discuss the data and its plans for a New Drug Application (NDA) submission." Finally, the Company indicated that it intends to present additional results for Cohort 2 at an upcoming medical meeting. Following the press release, the price of Spectrum shares increased by over 12%, on massive trading volume of over 31.12 million shares.

The truth began to emerge on September 20, 2022, when the FDA released a briefing document ahead of its scheduled September 22, 2022 Oncologic Drugs Advisory Committee ("ODAC") meeting regarding poziotinib. In sharp contrast to Defendants' representations that the ZENITH20 data was positive and that the required confirmatory Phase 3 trial was initiated, and patients were being randomized, the briefing document identified material negative concerns about the efficacy and safety data supporting the pozi NDA. The briefing document further revealed that Defendants' Phase 3 confirmatory trial had not enrolled a single patient. Following this news, the price of Spectrum's common stock declined from a closing price on September 19, 2022 of $1.06 per share, to close at $0.66 per share on September 20, 2022, a decrease of $0.40 per share or over 37%.

Then, on September 22, 2022, Spectrum issued a press release concerning the FDA ODAC's meeting that stated, "[t]he committee voted 9-4 that the current benefits of poziotinib did not outweigh its risks." Following this news, shares of Spectrum common stock fell from a

4

closing price on September 22, 2022 of $0.63 per share to $0.43 at close on September 23, 2022, a decrease of $0.20 or approximately 31%.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42 is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, presents the same or similar theories for recovery, and is based on the same allegedly wrongful course of conduct. Each action asserts that Defendants made materially false and misleading statements or omissions regarding Spectrum's drug candidate poziotinib.  As such, the Related Actions present virtually identical factual and legal issues during overlapping class periods[4] and name overlapping defendants.  Further, this Court previously consolidated the *Osorio-Franco* action and the *Cummings* action.  *See* ECF No. 18. Because these Related Actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Rule 42 is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant, a resident of Portugal who is the owner of many businesses, including a gym and

---

[4] For purposes of this Motion, the longest and most inclusive alleged class period is used. *See Parot v. Clarivate Plc*, Case No. 22-cv-1371 (ARR), 2022 WL 1568735, at *5 n.5 (E.D.N.Y. May 18, 2022) ("Where, as here, the motion relates to pleadings alleging varying class periods, courts use the longest class period in determining the largest financial interest.") (citations omitted).

tourism company, respectfully submits that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial—if not the largest—financial interest in this litigation under the Exchange Act claims, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a Lead Plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This

6

presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, Case No. 17-cv-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, Case No. 06-cv-1625 (JG) (JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.    Movant Is The "Most Adequate Plaintiff"

#### 1.    Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the *Osorio-Franco* action caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely circulated, business-oriented news wire service, on December 5, 2022. *See* Ex. B. The PSLRA provides that any person who is a member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before February 3, 2023. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2.    Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*,

Case No. 05-cv-9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).[5]

Movant has suffered a loss of approximately $43,450 on a LIFO basis for claims arising under the Exchange Act. *See* Ex. C; *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, Case No. 10-cv-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest in the outcome of the litigation and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, Case No. 15-cv-7759 (LAK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.    Movant Satisfies Rule 23's Typicality And Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Tan v. NIO, Inc.*, Case No. 19-cv-1424 (NGG)(VMS), 2020 WL 1031489, at *3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, Case No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

---

[5] "[T]he PSLRA does not delineate how to calculate which plaintiff has the 'largest financial interest.'" *Denny v. Canaan, Inc.*, Case No. 21-cv-3299 (JPC), 2021 WL 5847647, at *2 (S.D.N.Y. Dec. 9, 2021). Courts typically regard the factors that comprise the *Olsten-Lax* test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, Case No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citation omitted) (internal quotations marks omitted); *see also Villare v. ABIOMED, Inc.*, Case No. 19-cv-7319 (ER), 2020 WL 3497285, at *4 (S.D.N.Y. June 29, 2020) ("Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant.") (quoting *In re Braskem*, *S.A. Sec. Litig.*, Case No. 15-cv-5132 (PAE), 2015 WL 5244735, at *4 (S.D.N.Y. Sept. 8, 2015) (collecting cases)).

a.       **Movant's Claims Are Typical Of Those Of The Class**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, Case No. 13-cv-06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that, in violation of federal securities laws, Defendants falsely portrayed in public statements that the safety and efficacy data from the ZENITH 20 trial for poziotinib were positive and that they had initiated a required confirmatory phase 3 study. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

b.       **Movant Satisfies the Adequacy Requirement of Rule 23**

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on the following: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, Case No. 08-cv-08761 (AKH), 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, Case No. 08 MDL 1963 (RWS), 2008 WL 106237, at *30 (S.D.N.Y. Jan. 5, 2009)).

9

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has resources and motivation sufficient to pursue a consolidated action to a successful conclusion. *See* Ex. D. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other Class members. *See id*. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. Movant also has selected and retained experienced counsel, Berger Montague as proposed Lead Counsel and Kirby McInerney as proposed Local Counsel, both of which have an extensive record of prosecuting securities class actions vigorously and efficiently. *See* Section III, *infra*. Movant has timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Spectrum investors here.

## III.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201,

10

276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors. *See* Ex. E.

In addition, Movant has selected the law firm of Kirby McInerney to serve as Local Counsel. Kirby McInerney has over seventy years of experience representing investors in connection with securities litigation. The firm's efforts on behalf of shareholders in securities litigation have resulted in recoveries totaling billions of dollars. *See* Ex. F.

In light of the foregoing, by approving Movant's selection of the law firms of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order of the following: (i) consolidating Related Actions; (ii) appointing Movant as

Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Spectrum common stock during the Class Period; (iii) approving Movant's selection of the law firm of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: February 3, 2023                    Respectfully submitted,

                                     **KIRBY McINERNEY LLP**

                                     /s/ *Ira M. Press*
                                     Ira M. Press
                                     Sarah E. Flour
                                     250 Park Avenue, Suite 820
                                     New York, York 10177
                                     Telephone: (212) 371-6600
                                     Email:  ipress@kmllp.com
                                               sflohr@kmllp.com

                                     *Local Counsel for Lead Plaintiff Movant Luis*
                                     *Carneiro and Proposed Local Counsel for the Class*

                                     **BERGER MONTAGUE PC**
                                     Sherrie R. Savett
                                     Michael Dell'Angelo
                                     Andrew D. Abramowitz
                                     James A. Maro
                                     1818 Market Street, Suite 3600
                                     Philadelphia, PA 19103
                                     Tel: (215) 875-3000
                                     Email: ssavett@bm.net
                                             mdellangelo@bm.net
                                             aabramowitz@bm.net
                                             jmaro@bm.net

                                     *Counsel for Lead Plaintiff Movant Luis Carneiro*
                                     *and Proposed Lead Counsel for the Class*

                                     **SCHALL LAW FIRM**
                                     Brian Schall
                                     2049 Century Park East, Suite 2460
                                     Los Angeles, CA 90067

12

Tel: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant, Luis
Carneiro*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Ira M. Press*
Ira M. Press

14