**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E BRENNAN,<br><br>Defendants. | Civ. A. No. 1:22-cv-10292-VEC<br><br>Consolidated with<br>Civ. A. No. 1:22-cv-10677-VEC |
| LUIS CARNEIRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E BRENNAN,<br><br>Defendants. | Civ. A. No. 1:23-cv-00767-UA |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**STEVEN B. CHRISTIANSEN FOR CONSOLIDATION, APPOINTMENT AS LEAD**
**PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ............................................................................................. ii

I.    PROCEDURAL BACKGROUND.......................................................................... 1

II.   SUMMARY OF THE ACTION .............................................................................. 3

III.  ARGUMENT............................................................................................................ 5

       A.    The *Carneiro* Action Should Be Consolidated into the Consolidated Action.................................................................................................................5

       B.    The PSLRA Standard for Appointing Lead Plaintiff...............................................6

       C.    Mr. Christiansen Is the "Most Adequate Plaintiff" under the Exchange Act..........................................................................................................................7

              1.    Mr. Christiansen Has Satisfied the PSLRA's Procedural Requirements ...................................................................................... 8

              2.    Mr. Christiansen Has the Largest Financial Interest in the Relief Sought by the Class.................................................................... 8

       D.    Mr. Christiansen Is Qualified Under Rule 23 .........................................................8

              1.    Mr. Christiansen's Claims Are Typical of the Claims of the Class............ 9

              2.    Mr. Christiansen Will Fairly and Adequately Represent the Class's Interests ...................................................................................... 10

              3.    This Court Should Approve Mr. Christiansen's Choice of Counsel ............................................................................................... 11

IV.   CONCLUSION........................................................................................................ 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Born v. Quad/Graphics, Inc.*,
　No. 19 CIV. 10376 (VEC), 2020 WL 994427 (S.D.N.Y. Mar. 2, 2020)................. 2, 9, 10, 11

*Faig v. Bioscrip, Inc.*,
　No. 13-cv-6922, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ................................................ 5

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
　No. 16 CIV. 03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ........................................... 9

*Johnson v. Celotex Corp.*,
　899 F.2d 1281 (2d Cir. 1990)................................................................................................. 5

*Kaplan v. Gelfond*,
　240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................... 5, 6, 10, 11

*KuxKardos v. Vimpelcom, LTD.*,
　151 F. Supp. 3d 471 (S.D.N.Y 2016)....................................................................................... 5

*Logan v. QRx Pharma Ltd.*,
　No. 15 CIV. 4868, 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015)........................................... 9

*Samit v. CBS Corp.*,
　No. 18 CIV. 7796 (VEC), 2018 WL 11224303 (S.D.N.Y. Nov. 30, 2018) ............................. 9

**Statutes**

15 U.S.C. § 78u-4(a)(1) ................................................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(A)............................................................................................................ 8

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................................... 2, 7

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................................... 1, 7

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)............................................................................................ 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................................... 11

15 U.S.C. § 78u-4(3)(B)(i)............................................................................................... 6

15 U.S.C. § 78j(b) ........................................................................................................... 1

15 U.S.C. § 78t(a) ........................................................................................................... 1

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... 7, 8, 9, 10

Fed. R. Civ. P.42 ..................................................................................................... 1, 5, 6

Putative class member Steven B. Christiansen ("Mr. Christiansen"), by his counsel, respectfully submits this Memorandum of Law under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the *Carneiro v. Spectrum Pharmaceuticals, Inc., et al.*, action into the above-captioned consolidated action (the "Consolidated Action") under Rule 42 of the Federal Rules of Civil Procedure; (ii) appointing Mr. Christiansen as Lead Plaintiff for the Consolidated Action; (iii) approving his selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

Mr. Christiansen believes that with losses of approximately $88,751.92 he has the largest financial interest in the outcome of this litigation, and thus he is presumptively entitled to be appointed Lead Plaintiff and that his choice of counsel should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I.   **PROCEDURAL BACKGROUND**

Presently pending in this District are three securities class actions brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), Thomas J. Riga ("Riga"), Francois J. Lebel ("Lebel"), and Nora E. Brennan ("Brennan") (the "Defendants"), for violations of federal securities laws on behalf of all purchasers of Spectrum common stock.

On December 5, 2022, the *Osorio-Franco* Action was filed. ECF No. 1.[1]   Also on

---

[1] Unless otherwise noted, citations to "ECF No. __" refer to the docket filings in the *Osorio-Franco* Action.

December 5, 2022, in accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, notice of the Action was published to class members on *Globe Newswire* (the "Notice") advising purchasers of Spectrum common stock during the period December 6, 2021 through September 22, 2022 of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and alleged conduct.[2]  The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days, or February 3, 2023.  Also on December 6, 2022, summonses were issued to Defendants.  ECF Nos. 3-6.  On December 19, 2022, the *Cummings* Action, which in essence copied the complaint filed in the *Osorio-Franco* Action including the class period, was filed.  On December 28, 2022, plaintiff in the *Osorio-Franco* Action filed affidavits of service of process on Defendants. ECF No. 12.[3]  On January 12, 2023, the Court consolidated the *Osorio-Franco* and *Cummings* Actions. ECF No. 18.

On January 30, 2023, four days before the lead plaintiff deadline, the *Carneiro* Action was filed.  While the legal and factual allegation *Carneiro* Action are essentially the same as alleged in the Consolidated Action, the *Carneiro* Action alleges a longer class period (July 27, 2020 through September 22, 2022), than the Consolidated Action.[4]

---

[2] *See* Declaration of Jeffrey P. Campisi in Support of the Motion of Steven B. Christiansen for Consolidation, Appointment as Lead Plaintiff and Approval of his Selection of Lead Counsel ("Campisi Decl."), dated February 3, 2023, Ex. A (December 5, 2022 Notice of Pendency of this Class Action on *Globe Newswire*, the "Notice").

[3] Defendants have failed to timely move or otherwise respond to the complaint filed in the *Osorio-Franco* Action and appear to be in default.

[4] The Court in its discretion may reject the longer class period alleged in the *Carneiro* Action provided it finds that the shorter class period alleged in the Consolidated Action is more plausible. *See Born v. Quad/Graphics, Inc.*, No. 19 CIV. 10376 (VEC), 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020) (Caproni, J.) (rejecting longer class period where shorter period was found by Court to be "on its face, as plausible, if not more plausible, than the longer class period."). Mr. Christiansen's financial interest is the same under both the class period alleged in the Consolidated Action and the class period alleged in the *Carneiro* Action. *See* Campisi Decl., Ex. B (Mr.

2

Mr. Christiansen now moves this Court to be appointed as Lead Plaintiff for the Consolidated Action.

## II.    <u>SUMMARY OF THE ACTION</u>

Spectrum purports to be a biopharmaceutical company focused on acquiring, developing, and commercializing novel and targeted oncology therapies. The Complaint alleges that before the Class Period, Defendants were conducting a Phase 2 clinical trial called ZENITH20. Compl. ¶3.[5] The ZENITH20 trial was an ongoing, multicenter, multi-cohort, open-label, activity-estimating study evaluating the anti-tumor effects, safety, and tolerability of poziotinib, or "pozi", in patients with locally advanced or metastatic non-small cell lung cancer ("NSCLC") that have certain mutations (HER2 exon 20 insertion mutations) and were previously treated with the standard of care. *Id.* Before the Class Period, the Company had a pre-NDA meeting with the FDA, during which Spectrum confirmed with the FDA that Cohort 2 data could serve as the basis of a new drug application ("NDA") submission. *Id.* In Cohort 2, the objective response rate ("ORR") (complete or partial response, which are measures of whether tumors shrink or are eradicated after treatment) was approximately 28% and the median duration of response was 5.1 months. *Id.*

According to the Action, Defendants were seeking Accelerated Approval ("AA") for poziotinib. *Id.* ¶6. AA allows for earlier access to drugs and biologics based on initial evidence of safety and effectiveness, and requires phase 3 randomized placebo controlled confirmatory studies to verify clinical benefit. *Id.* If randomized placebo controlled trials completed post-AA verify the clinical benefit of an indication granted AA, then the indication is granted traditional approval. *Id.*

---

Christiansen's sworn certification pursuant to the Private Securities Litigation Reform Act of 1995); Ex. C (Chart of Mr. Christiansen's losses prepared by his counsel).

[5] References or citations to "Complaint" or "Compl., ¶_" refer to allegations in the complaint filed in the *Osorio-Franco* Action. ECF No. 1.

Further, the Complaint alleges that the FDA "strongly recommends that the confirmatory trial(s) be well underway if not fully enrolled at the time of Accelerated Approval." *Id*. ¶7.  Confirmatory trials that are in progress at the time of AA are more likely to result in a timely verification of benefit, and mitigate the risks that patients are exposed to undue risks by an ineffective drug. *Id*.

The Complaint further alleges that during the Class Period, Defendants represented that the safety and efficacy data from the ZENITH20 trial were positive and that they had initiated the confirmatory phase 3 study. *Id*. ¶9. However, the data submitted by Defendants in support of the NDA failed to show that pozi provided a meaningful benefit over available therapies and therefore was not likely to provide a clinical benefit. *Id*. ¶10. Further, the Action alleges that during the Class Period, the FDA expressed concern regarding pozi's safety and efficacy data, and further, the FDA expressed concern that Defendants' phase 3 confirmatory trial, which was required to be substantially enrolled at the time of AA, had not enrolled a single patient during the Class Period. *Id*.  The Complaint further alleges that during the Class Period, unknown to investors, the FDA communicated to Defendants that given the concerns regarding the totality of evidence supporting the NDA, the significant delay in confirming benefit with a randomized trial heightened the uncertainty around the risk benefit assessment of pozi. *Id*.

On September 20, 2022, before the market opened, investors began to learn the truth when the U.S. Food and Drug Administration's Oncologic Drugs Advisory Committee ("ODAC") released a briefing document in anticipation of its September 22, 2022 meeting with Defendants to review poziotinib. *Id*. ¶11. Investors were surprised when the ODAC briefing document disclosed not only negative data on the safety and efficacy of pozi, but also a failure by the Company to enroll any patients in the required phase 3 confirmatory trial. *Id*. ¶12.

As a result of this news, Spectrum common stock declined from a closing price of $1.06

per share on September 19, 2022, to a close at $0.66 per share on September 20, 2022, a decline of $0.40 per share, or over 37% on heavier than usual volume. *Id*. ¶13.

On September 22, 2022, ODAC conducted its meeting concerning poziotinib in which Defendant Lebel participated. During the meeting, ODAC voted 9-4 not to recommend poziotinib for AA. *Id*. ¶17. On September 23, 2022, as a result of this news, shares of Spectrum common stock further declined from a closing price of $0.63 per share on September 21, 2022 before trading was halted, to a close at $0.43 per share on September 23, 2022, a decline of $0.20 per share, or over 31% on heavier than usual volume. *Id*.  ¶18.

## III.   ARGUMENT

### A.       The *Carneiro* Action Should Be Consolidated into the Consolidated Action

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. Bioscrip, Inc.*, No. 13-cv-6922, 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) ("The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff.").

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *KuxKardos v. Vimpelcom, LTD.*, 151 F. Supp. 3d 471, 474 (S.D.N.Y 2016).  The Court has "broad discretion to determine whether consolidation is appropriate" under Rule 42(a). *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *KuxKardos*, 151 F. Supp. 3d at 475 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication,

and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See*, *e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common allegations noting "'the well[-]recognized' principle that the 'consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs'") (internal citation omitted).

The Consolidated Action and the *Carneiro* Action concern the same parties, arise out of the same misconduct during substantially similar class periods, and involve substantially similar alleged issues of fact and law. *Compare* complaint filed in *Osorio-Franco* Action (at ECF No. 1), *with* Complaint filed in *Carneiro* Action, at ECF No 1.[6]   Accordingly, consolidation of the *Carneiro* Action with the Consolidated Action is warranted.

### B.       **The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

---

[6] Moreover, a Statement of Relatedness has been filed in the *Carneiro* Action, at ECF No. 12, that states "Both cases involve common questions of law and allege similar facts and claims under the Securities Exchange Act of 1934 and related regulations against the same defendants. Thus cases are related under Rule 42 of the Federal Rules of Civil Procedure."

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  15 U.S.C. § 78u-4(a)(3)(B).

Under the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.    Mr. Christiansen Is the "Most Adequate Plaintiff" under the Exchange Act

Mr. Christiansen respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.  He has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class, and has losses as a result of his purchase of Spectrum common stock of approximately $88,751.92.  *See* Campisi Decl., Ex. B;  Ex. C.  Finally, Mr. Christiansen has selected and retained counsel experienced in the prosecution of securities class actions to represent the class. *See id.*, Ex. D (Firm resume of Kaplan Fox & Kilsheimer LLP).  Accordingly, Mr. Christiansen satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore should be appointed Lead Plaintiff.

**1.      Mr. Christiansen Has Satisfied the PSLRA's Procedural Requirements**

On December 5, 2022, the *Osorio-Franco* Action was filed and Notice was published over the *Globe Newswire* national wire service the same day. *See id.*, Ex. A. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on February 3, 2023. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Mr. Christiansen timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

**2.      Mr. Christiansen Has the Largest Financial Interest in the Relief Sought by the Class**

Under the PSLRA, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Mr. Christiansen suffered substantial losses as a result of purchasing shares of Spectrum securities at artificially inflated prices. *See* Campisi Decl., Ex. B; Ex. C. Mr. Christiansen is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant. Therefore, he believes he is presumptively entitled to appointment as the Lead Plaintiff.

**D.      Mr. Christiansen Is Qualified Under Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)      the class is so numerous that joinder of all members is impracticable;
>
> (2)      there are questions of law or fact common to the class;

      (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

      (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representatives. *Samit v. CBS Corp.*, No. 18 CIV. 7796 (VEC), 2018 WL 11224303, at *1 (S.D.N.Y. Nov. 30, 2018) (Caproni, J.) ("[A] would-be lead plaintiff must make 'only a prima facie showing that the requirements of Rule 23 are met,' and the Court need only consider Rule 23's typicality and adequacy-of-representation requirements"); *Born*, 2020 WL 994427, at *1 (same); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16 CIV. 03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. As detailed below, Mr. Christiansen satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff for the Consolidated Action.

### 1.    Mr. Christiansen's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Born*, 2020 WL 994427, at *2.

The claims asserted by Mr. Christiansen are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. He purchased Spectrum common stock, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. *Logan v. QRx Pharma*

*Ltd.*, No. 15 CIV. 4868, 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose). Thus, Mr. Christiansen satisfies the typicality requirement of Rule 23(a).

### 2. Mr. Christiansen Will Fairly and Adequately Represent the Class's Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Born*, 2020 WL 994427, at *2 (citing *Kaplan*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)). Here, Mr. Christiansen's interests are aligned with the members of the proposed class, and there is no evidence of any antagonism between Mr. Christiansen's interests and those of the class. As detailed above, Mr. Christiansen's claims raise similar questions of law and fact as claims of the members of the class, and his claims are typical of the members of the class.

Further, Mr. Christiansen has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff. *See* Campisi Decl., Ex. B; Ex. E (Declaration of Steven B. Christiansen, dated Jan. 31, 2023). Mr. Christiansen understands that a lead plaintiff is required to oversee counsel and direct litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that as lead plaintiff, he would owe duties to the Class to act in its best interest. *See* Ex. E. Having suffered substantial losses, Mr. Christiansen will be a zealous advocate on behalf of the class.

10

In addition, Mr. Christiansen has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent him and the proposed class. *See id.*, Ex. D.  Thus, the close alignment of interests between Mr. Christiansen and other class members, and his strong desire to prosecute the Action on behalf of the class, provide ample reason to grant his motion for appointment as Lead Plaintiff in the Action.    Accordingly, Mr. Christiansen satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

### 3.    This Court Should Approve Mr. Christiansen's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Born,* 2020 WL 994427, at *3 ("[T]he PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.") (citing *Kaplan,* 240 F.R.D at 96).  Mr. Christiansen has retained Kaplan Fox to file moving papers on his behalf seeking appointment as Lead Plaintiff and to serve as lead counsel to pursue this litigation on behalf of him and the class.  Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, including in this District.  *See* Campisi Decl., Ex. D.  Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.    CONCLUSION

For all of the foregoing reasons, Mr. Christiansen respectfully requests that the Court: (1) consolidate the *Carneiro* Action into the Consolidated Action; (2) appoint him as Lead Plaintiff; (3) approve his selection of Kaplan Fox as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  February 3, 2023                      Respectfully submitted,

                                                          */s/ Jeffrey P. Campisi*

Jeffrey P. Campisi
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
jcampisi@kaplanfox.com

Kathleen A. Herkenhoff (*pro hac vice* to be filed)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
kherkenhoff@kaplanfox.com

*Attorneys for Movant Steven B. Christiansen*

12

## CERTIFICATE OF SERVICE

I, Jeffrey P. Campisi, hereby certify that, on February 3, 2023, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi