UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, on behalf of himself and a class of similarly situated investors,<br><br>          Plaintiff,<br><br>    v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>          Defendants. | Case No.  1:22-cv-10292-VEC<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE SPECTRUM INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| LUIS CARNEIRO, on behalf of himself and a class of similarly situated investors,<br><br>          Plaintiff,<br><br>    v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>          Defendants. | Case No.  1:23-cv-00767-UA |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT............................................................................................................................ 5

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 5

II.     THE SPECTRUM INVESTOR GROUP SHOULD BE APPOINTED LEAD
        PLAINTIFF................................................................................................................... 6

        A.      The Spectrum Investor Group Is Willing to Serve as Class Representative........... 7

        B.      The Spectrum Investor Group Has the "Largest Financial Interest" in the Related
                Actions ................................................................................................................ 8

        C.      The Spectrum Investor Group Otherwise Satisfies the Requirements of Rule 23.. 9

        D.      The Spectrum Investor Group Will Fairly and Adequately Represent the Interests
                of the Class and Is Not Subject to Unique Defenses ........................................... 13

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.......... 13

CONCLUSION.................................................................................................................... 14

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)..............................................................................9

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) ............................................................................................11

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ..............................................................................................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (2d Cir. 1992) ...............................................................................................10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ..............................................................................................6

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..........................................................................8

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)..........................................................................11

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................11

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ...................................................................11, 12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..................................................................................................8, 12

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)...........................................................................8, 14

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)....................................................................................................10

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...........................................................................6

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ..........................................................................................13, 14

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................8

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
  2008 WL 2811358 (S.D.N.Y. July 7, 2008) ................................................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ...............................................................................5

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) .............................................................................10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990).....................................................................................5

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) .............................................................................13

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .................................................................8

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
  No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ...............................12

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993).......................................................................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
  2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)............................................................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008).......................................................................13

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
  2014 WL 1395059 (E.D. Pa. Apr. 10, 2014).............................................................12

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ..............................................................................11

## **Statutes**

15 U.S.C. § 78u-4 ............................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 .................................................. *passim*

iii

## **Rules**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

Fed. R. Civ. P. 42 ............................................................................................................... 1, 2, 5

Peifa Xu, Shulan Zhen, and Ran Wang (collectively, the "Spectrum Investor Group") respectfully submit this memorandum of law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions")[1]; (2) appointing the Spectrum Investor Group as Lead Plaintiff on behalf of all persons or entities that purchased or otherwise acquired Spectrum Pharmaceuticals, Inc.'s ("Spectrum" or the "Company") common stock between July 27, 2020 and September 22, 2022, inclusive (the "Class Period")[2] (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Spectrum investors,

---

[1] On December 5, 2022, the first-filed of the Related Actions, styled *Osorio-Franco v. Spectrum Pharmaceuticals, Inc. et al*, No. 1:22-cv-10292 (the "*Osorio-Franco* Action"), was filed in this Court. Then, on December 19, 2022, the second-filed of the Related Actions, styled *Cummings v. Spectrum Pharmaceuticals, Inc. et al*, No. 1:22-cv-10677 (the "*Cummings* Action"), was filed in this Court, alleging substantially the same wrongdoing against the same defendants as the *Osorio-Franco* Action. On January 4, 2023, the Court entered an order directing the parties in the *Osorio-Franco* and *Cummings* Actions to "show cause why these two cases should not be consolidated." Dkt. No. 13. On January 11, 2023, the parties in the *Osorio-Franco* and *Cummings* Actions each filed responses to the Court's January 4, 2023 order stating that they did not oppose consolidation of the *Osorio-Franco* and *Cummings* Actions. *See* Dkt. Nos. 16, 17. On January 12, 2023, the Court consolidated the *Osorio-Franco* and *Cummings* Actions. Dkt. No. 18.

[2] The *Osorio-Franco* and *Cummings* Actions each allege a class period extending from December 6, 2021 through September 22, 2022, inclusive. On January 30, 2023, the third-filed of the Related Actions, styled *Carneiro v. Spectrum Pharmaceuticals, Inc. et al*, No. 1:23-cv-00767 (the "*Carneiro* Action"), was filed in this Court, alleging substantially the same wrongdoing against the same defendants as the *Osorio-Franco* and *Cummings* Actions, but alleging a larger class period extending from July 27, 2020 through September 22, 2022, inclusive. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Carneiro* Action.

including the Spectrum Investor Group, incurred significant losses following the disclosure of the Company's alleged fraud, which caused Spectrum's stock price to fall sharply, damaging the Spectrum Investor Group and other Spectrum investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from the same alleged wrongful misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with its purchases of Spectrum securities during the Class Period, the Spectrum Investor Group incurred losses of approximately $626,863.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.  Accordingly, the Spectrum Investor Group believes that it has the largest financial interest in the relief sought in the Related Actions.

Beyond its considerable financial interest, the Spectrum Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent Class members and because it will fairly and adequately represent the interests of the Class.

To fulfill its obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, the Spectrum Investor Group has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and

2

has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the Spectrum Investor Group respectfully requests that the Court enter an order consolidating the Related Actions, appointing it as Lead Plaintiff for the Class, and approving its selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, before the Class Period, Defendants were conducting a Phase 2 clinical trial called ZENITH20.  The ZENITH20 trial was an ongoing, multicenter, multi-cohort, open-label, activity-estimating study evaluating the anti-tumor effects, safety, and tolerability of poziotinib, or "pozi", in patients with locally advanced or metastatic non-small cell lung cancer ("NSCLC") that have certain mutations (HER2 exon 20 insertion mutations) and were previously treated with the standard of care.  Before the Class Period, the Company had a pre-NDA meeting with the FDA, during which Spectrum confirmed with the FDA that Cohort 2 data could serve as the basis of a new drug application ("NDA") submission.  In Cohort 2, the objective response rate (complete or partial response, which are measures of whether tumors shrink or are eradicated after treatment) was approximately 28% and the median duration of response was 5.1 months.

The HER2 exon 20 insertion mutation occurs in 2-5% of patients with NSCLC.  These patients are treated according to the same treatment paradigms as patients with advanced NSCLC without these unique mutations, however, there is an apparent unmet need for these patients because they have a median overall survival of 1.6-1.9 years from the time of diagnosis.  According to Defendants, if approved, poziotinib could address an unmet need of NSCLC patients previously treated with the standard of care.

On July 27, 2020, Spectrum issued a press release titled "Spectrum Pharmaceuticals Announces Positive Topline Results in HER2 Exon20 Insertion Mutations from Cohort 2 of the Poziotinib ZENETH20 Trial."  In the press release, the Company touted the results of Cohort 2. Defendant Lebel stated, "[w]e are pleased with the results of Cohort 2" and that "we are looking forward to reviewing this data with the FDA to determine a path forward."

On September 18, 2020, Spectrum presented additional results from its Phase 2 clinical trial. In the press release, Defendant Lebel stated, "[t]his is the first presentation to the medical and scientific community of the positive results from our registrational Cohort 2 from the ZENITH20 clinical trial," and that "we look forward to sharing this data with the FDA and discussing the path forward for poziotinib registration."

On December 6, 2021, Spectrum issued a press release announcing it submitted an NDA to the FDA for poziotinib's use in patients with previously treated locally advanced or metastatic NSCLC with HER2 exon 20 insertion mutations.  The NDA submission was based on purportedly "positive results of Cohort 2 from the ZENITH20 clinical trial, which assessed the safety and efficacy of poziotinib."

Starting on September 20, 2022, before the market opened, investors began to learn the truth when the FDA Oncologic Drugs Advisory Committee ("ODAC") released a briefing document in anticipation of its September 22, 2022 meeting with Defendants to review poziotinib. Investors were surprised when, despite the Company's repeated representations during the Class Period that the data for ZENITH20 were positive, the ODAC briefing document disclosed not only negative data on the safety and efficacy of pozi, but also a failure by the Company to enroll any patients in a required phase 3 confirmatory trial.

As a result of this news, shares of Spectrum common stock declined from a closing price of $1.06 per share on September 19, 2022, to a close at $0.66 per share on September 20, 2022, a decline of $0.40 per share, or over 37% on heavier than usual volume.

On September 22, 2022, ODAC conducted its meeting concerning poziotinib and it later voted 9-4 not to recommend poziotinib for accelerated approval.

As a result of this news, shares of Spectrum common stock further declined from a closing price of $0.63 per share on September 21, 2022 before trading was halted, to a close at $0.43 per share on September 23, 2022, a decline of $0.20 per share, or over 31% on heavier than usual volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous declines in the market value of the Company's shares, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

ARGUMENT

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions);

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-*3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the Company, as well as certain officers or directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Spectrum's common stock and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.     THE SPECTRUM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Spectrum Investor Group should be appointed Lead Plaintiff because, to its knowledge, it has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead

6

plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Spectrum Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.       The Spectrum Investor Group Is Willing to Serve as Class Representative

On December 5, 2022, counsel for the plaintiff in the *Osorio-Franco* Action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities fraud class action had been filed against Defendants, and which advised investors in Spectrum securities that they had until February 3, 2023 to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

The Spectrum Investor Group has filed the instant motion pursuant to the PSLRA Notice, and has attached sworn Certifications executed by its members attesting that it is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See*

*id.*, Ex. C.  Accordingly, the Spectrum Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

> B.      The Spectrum Investor Group Has the "Largest Financial Interest" in the Related
>         Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of its knowledge, the Spectrum Investor Group has the largest financial interest of any Spectrum investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[3] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, the Spectrum Investor Group: (1) purchased 955,500 shares of Spectrum securities; (2) expended $1,154,219 on its purchases of Spectrum securities; (3) retained

---

[3] *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

565,088 of its shares of Spectrum securities; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $626,863 in connection with its Class Period purchases of Spectrum securities. *See* Lieberman Decl., Ex. A. To the extent that the Spectrum Investor Group possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.    The Spectrum Investor Group Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements."). Here, the

complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including the Spectrum Investor Group.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at \*5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The Spectrum Investor Group's claims are typical of those of the Class. The Spectrum Investor Group alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Spectrum. The Spectrum Investor Group, as did all Class members, purchased Spectrum securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Spectrum's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, the Spectrum Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, the Spectrum Investor Group is also represented by the Hao Law Firm in this litigation. There is no evidence of antagonism or conflict between the interests of the Spectrum Investor Group and the interests of the Class. Moreover, the Spectrum Investor Group has submitted Certifications signed by its members declaring its commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by the Spectrum Investor Group demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Moreover, the Spectrum Investor Group constitute an appropriate grouping of the type routinely appointed to serve as Lead Plaintiff. *See, e.g.*, *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable

11

under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

The Spectrum Investor Group likewise has demonstrated its adequacy because it is a small and cohesive group of three investors, as well as friends with a pre-litigation relationship, who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their experience retaining and/or overseeing counsel, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Lead Plaintiff, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.  Courts routinely appoint more than one investor as Lead Plaintiff under such circumstances.  *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7-*9, *12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

D.      The Spectrum Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Spectrum Investor Group as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of the Spectrum Investor Group to fairly and adequately represent the Class has been discussed above. The Spectrum Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the Spectrum Investor Group should be appointed Lead Plaintiff for the Class.

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

The Spectrum Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action

13

lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id*. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of its extensive experience in similar litigation, the Spectrum Investor Group's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving the Spectrum Investor Group's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, the Spectrum Investor Group respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

CONCLUSION

For the foregoing reasons, the Spectrum Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Spectrum Investor Group as Lead Plaintiff for the Class; and (3) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  February 3, 2023

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*

14

Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for the Spectrum Investor Group and*
*Proposed Lead Counsel for the Class*