UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, on behalf of himself and a class of similarly situated investors,<br><br>                      Plaintiff,<br><br>      v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>                   Defendants. | Case No.  1:22-cv-10292-VEC<br><br>(Consolidated Action)<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF THE SPECTRUM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS |

Movant the Spectrum Investor Group[1] respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 31);[2] and in opposition to the competing motions of Steven B. Christiansen ("Christiansen") (Dkt. No. 24) and Chi Hoon Ha ("Ha") (Dkt. No. 19).[3]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Spectrum and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Spectrum Investor Group, a small and cohesive group consisting of three investors, all of whom were friends prior to this litigation, and who together suffered $626,863 in losses in connection with their purchases of Spectrum securities as a result of the alleged fraud at issue in the Action—a significantly greater financial interest in this litigation than that of any competing movant. The table below sets forth the losses of the Spectrum Investor Group compared to those of other movants:

---

[1] All capitalized terms herein are defined in the Spectrum Investor Group's moving brief, unless otherwise indicated. *See* Dkt. No. 33.

[2] In addition to seeking appointment as Lead Plaintiff and approval of their selection of Lead Counsel, the Spectrum Investor Group's motion also sought consolidation of the actions 22-CV-10292 and 23-CV-767. As no party opposed consolidation, the Court entered an Order consolidating these related actions on February 15, 2023. Dkt. No. 39.

[3] Initially one other putative Class member, Luis Carneiro ("Carneiro"), filed a similar competing motion. Dkt. No. 23. On February 14, 2023, Carneiro filed a notice of non-opposition to the competing motions. Dkt. No. 36.

| Movant | Loss |
|---|---|
| Spectrum Investor Group | $626,863 |
| *Peifa Xu* | $390,697 |
| *Shulan Zhen* | $165,383 |
| *Ran Wang* | $70,783 |
| Chi Hoon Ha | $466,659 |
| Steven B. Christiansen | $88,752 |

As the table reflects, the Spectrum Invest Group's loss is not only significantly larger than that of any competing movant, it is also larger than the losses of both competing movants **combined**. As such, the Spectrum Investor Group plainly has the largest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See, e.g., Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).

In addition to its significant financial interest, the Spectrum Investor Group also strongly satisfies the typicality and adequacy requirements of Rule 23. The members of the Spectrum Investor Group, like all members of the Class, purchased Spectrum securities at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018). The Spectrum Investor Group's significant losses give the group a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the putative Class; the group's members are aware of no conflict between their interests and those of the other Class members; and the group's chosen Lead Counsel, Pomerantz, is highly qualified to serve in that capacity. *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018).

2

Further demonstrating their adequacy, the members of the Spectrum Investor Group submitted a Joint Declaration contemporaneously with their motion, attesting to, *inter alia*, a friendship among the three members that pre-dates this litigation, their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See generally* Dkt. No. 34-5. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". *See also In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *13 (E.D.N.Y. Dec. 15, 2017) (affirming adequacy of group of four investors to serve as Lead Plaintiff under similar circumstances).

For the reasons set forth herein, the Spectrum Investor Group respectfully submits that its motion should be granted in its entirety and that the competing motions should be denied.

## ARGUMENT

I. **THE SPECTRUM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. §

3

78u–4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representative is the Spectrum Investor Group.

### A. The Spectrum Investor Group Has the "Largest Financial Interest" in the Relief Sought by the Class

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District and the Second Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest").

As the chart at p. 2 illustrates, the three members of the Spectrum Investor Group suffered an aggregate loss of $626,863 in connection with their Class Period purchases of Spectrum securities. This exceeds the loss incurred by Ha, the movant claiming the next-largest loss, by $160,204, or more than 34%. Moreover, the Spectrum Investor Group's loss even exceeds the losses of both competing movants ***combined***. Accordingly, it cannot reasonably be disputed that the Spectrum Investor Group has alleged the largest financial interest in the relief sought by the Class.

B.    **The Spectrum Investor Group Otherwise Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, the Spectrum Investor Group has also made the requisite *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

First, the Spectrum Investor Group's claims satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010). Second, the Spectrum Investor Group satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, its members are aware of no conflict between their interests and those of the putative Class, and, as discussed in greater detail below, the group has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley*, 272 F.R.D. at 131; *Dookeran*, 2018 WL 1779348, at *2. The Spectrum Investor Group has further demonstrated its adequacy by the submission of a Joint Declaration attesting to, *inter alia*, its members' respective backgrounds and investment experience; its members' friendship that predates this litigation; their understanding of the posture of this litigation; their understanding of the significance of their motion; their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA; and their readiness to undertake those responsibilities on behalf of the Class. *See generally* Dkt. No. 34-4.

5

### C.    The Spectrum Investor Group Is an Appropriate Group

The Spectrum Investor Group is an appropriate group, and as such the Court should consider its members aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class.  *See*, *e.g.*, *China Agritech*, 138 S. Ct. at 1807 n.3 ("District courts often permit aggregation of plaintiffs into plaintiff groups"); *Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *13; *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

Here, the Spectrum Investor Group is a small, cohesive partnership of three investors, each of whom incurred significant losses in connection with their purchases of Spectrum securities, and all of whom share a friendship that pre-dates this litigation.  *See* Dkt. No. 34-4. Contemporaneously with their motion, the Spectrum Investor Group submitted a Joint Declaration in which all three members of the group attested to, *inter alia*,

- their friendship with the other two members (*see*, *e.g.*, *id.* ¶ 2 ("I am friends with Shulan Zhen and Ran Wang, both of whom I knew prior to this litigation."));

- their biographical information, including city and country of residence, education and professional background, investment experience, and age (*see id.* ¶¶ 2-4);

- their awareness of the posture of this litigation generally and of the significance of their motion specifically (*see id.* ¶¶ 1, 5-6, 8-10, 13-14);

- their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA (*see id.*); and

- their reasons for seeking appointment jointly as Co-Lead Plaintiffs (*see id.* ¶¶ 10-12).

Courts routinely appoint investor groups as lead plaintiff under such circumstances. Significantly, courts generally find that the existence of a pre-litigation relationship among group members obviates the concerns that sometimes arise when a group lacks a pre-litigation relationship—including, *inter alia*, questions as to the group's cohesiveness and readiness to supervise counsel, as well as concerns about incentivizing attorney-driven litigation by approving artificial, lawyer-assembled groups. Here, given that the Spectrum Investor Group's members have a friendship that pre-dates this litigation, the group respectfully submits that no such concerns are implicated. *See McDermott Int'l, Inc. Secs. Litig.*, 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *11-*12 (S.D.N.Y. Mar. 6, 2009) ("The members of the Adams Family are not 'unrelated investors' grouped together by their lawyer for purposes of aggregating their losses and obtaining appointment as lead plaintiff. Thus there is no need for the Adams Family to 'proffer an evidentiary showing that unrelated members of a group will be able to function cohesively.'") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)) (internal citations omitted); *Beckerman v. Ener1 Inc.*, No. 11 Civ. 5794 (PAC), 2012 U.S. Dist. LEXIS 19972, at *12 (S.D.N.Y. Feb. 15, 2012) (finding that movant groups comprised of individuals with a pre-litigation relationship "present none of the concerns" raised by the appointment of groups consisting of unrelated individuals). Moreover, courts routinely deem groups to be adequate under Rule 23 when, as here, the group is small enough to not be unwieldy and its members have submitted detailed attestations demonstrating their understanding of the responsibilities of a lead plaintiff and their readiness to undertake their responsibilities. *See, e.g.*, *Blue Apron*, 2017 U.S. Dist. LEXIS, at *17 (appointing group of four unrelated investors that

7

submitted declaration attesting that "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class.").[4]

* * * *

Because the Spectrum Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, it is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling the Spectrum Investor Group to appointment as Lead Plaintiffs, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-

---

[4] *See also West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese*, 589 F. Supp. 2d at 398); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Spectrum Investor Group has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See generally* Dkt. No. 34-5. In *In re Petrobras Sec. Litig.*, 1:14-cv-09662-JSR (S.D.N.Y.), the firm achieved an historic $3 billion class action settlement with the Brazilian energy giant, Petróleo Brasileiro S.A.—Petrobras, arising from the alleged concealment of a decades-long kickback scheme. In recent years, Pomerantz has also secured significant settlements on behalf of investors in *In re Yahoo! Inc. Sec. Litig.*, 5:17-cv-LHK (N.D. Cal.) *(*$80 million), *Pirnik v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199-JMF (S.D.N.Y) ($110 million), and *Klein v. Altria Group, Inc.*, 3:20-cv-00075-DJN (E.D. Va.) ($90 million). Thus, the Court may be assured that by approving the selection of counsel by the Spectrum Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Spectrum Investor Group respectfully requests that the Court issue an Order: (1) appointing the Spectrum Investor Group as Lead Plaintiff for the Class; and (3) approving proposed the Spectrum Investor Group's selection of Pomerantz as Lead Counsel for the Class.

Dated:  February 17, 2023                    Respectfully submitted,

                                             POMERANTZ LLP

                                             */s/ Jeremy A. Lieberman*
                                             Jeremy A. Lieberman
                                             J. Alexander Hood II

Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for the Spectrum Investor Group and
Proposed Lead Counsel for the Class*

10