**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, on behalf of himself and a class of similarly situated investors, | |
| Plaintiff, | Case No.: 1:22-cv-10292-VEC |
| v. | Hon. Valerie E. Caproni |
| SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN, | |
| Defendants. | |

**CHI HOON HA PARTIAL OPPOSITION TO**
**THE COMPETING MOTIONS FOR LEAD PLAINTIFF**

## I.  INTRODUCTION

Chi Hoon Ha ("Mr. Ha") does not oppose the competing motion for appointment as lead plaintiff and approval of selection of lead counsel made by Peifa Xu, Shulan Zhen, and Ran Wang (collectively, the "Spectrum Investor Group") in the above-captioned action (the "Action"). Mr. Ha, however, does oppose all other motions in the scenario that the Court does not grant the Spectrum Investor Group's motion. As explained below, Mr. Ha recognizes that the Spectrum Investor Group has the "largest financial interest" in the outcome of the litigation and, having reviewed its motion, believes that it satisfies the adequacy and typicality requirements under Federal Rule of Civil Procedure 23. Therefore, Mr. Ha respectfully submits that the Spectrum Investor Group is the presumptive lead plaintiff and its motion should be granted. Notwithstanding, if for any reason the Court were to deny the Spectrum Investor Group's motion, then Mr. Ha would be the next "most adequate plaintiff" to serve as lead plaintiff and his motion should be granted in its entirety.

## II.  ARGUMENT

On February 3, 2023, Mr. Ha timely filed a motion for appointment as lead plaintiff and approval of selection of counsel, stating that he suffered approximately $466,659.13 pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), in financial losses in connection with his purchase of Spectrum Pharmaceuticals, Inc. common stock between July 27, 2020 and September 22, 2022, inclusive (the "Class Period"). Three other motions for appointment as lead plaintiff and approval of selection of counsel were filed by other putative class members in the Action: (1) the Spectrum Investor Group; (2) Steven B. Christiansen; and (3) Luis Carneiro.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides a presumption that the "most adequate plaintiff" to represent the interests of class members is the person or group

that has "the largest financial interest in the relief sought by the class." and is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). If the "most adequate plaintiff" does not meet the typicality and adequacy requirements of Rule 23, the Court "should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *In re Cendant Corp. Litig.,* 264 F.3d 201, 267 (3d Cir. 2001).

Based upon a review of the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that, while Mr. Ha is well-qualified to serve as Lead Plaintiff in the Action, he does not possess the "largest financial interest in the relief sought by the class" as required by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Rather, the Spectrum Investor Group, with a claimed loss of $626,863, possesses the largest financial interest of any movant, and therefore should be appointed lead plaintiff.

Should the Court find that the Spectrum Investor Group does not meet the requirements of Rule 23, Mr. Ha respectfully submits that he is the next "most adequate plaintiff" as he has the second largest loss out of all movants and otherwise meets the typicality and adequacy requirements. *Cendant*, 264 F.3d at 267; ECF No. 20 at 9-11.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Spectrum Investor Group** | 955,500 | 565,088 | $884,308.73 | $626,863.00 |
| **Chi Hoon Ha** | 674,250 | 589,224 | $721,334.84 | $466,659.13 |
| **Steven B. Christiansen** | 243,600 | 125,208 | $142,947.26 | $88,751.92 |
| **Luis Carneiro** | 10,110 | 10,110 | $ 47,819.80 | $43,450.03 |

As demonstrated in the chart above, Mr. Ha lost $377,907.21, or more than *five times*, the amount of the closest competing movant, Mr. Christiansen.

Any arguments made against Mr. Ha's adequacy due to his nearly 30-year-old conviction, which he personally disclosed in his opening motion, should be disregarded. "Most courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 Newberg on Class Actions § 3:68 (5th ed.) (collecting cases); *Stinson v. City of New York,* 282 F.R.D. 360, 373 (S.D.N.Y. 2012) (same); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. 395, 417 (S.D.N.Y. 2004) ("[E]ven if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that would require [Mr. Ha's] candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here") (citing cases); *Velez v. Novartis Pharm. Corp.,* 244 F.R.D. 243, 270 (S.D.N.Y. 2007) ("[A]ny allegations concerning the representative's adequacy must be relevant to the claims in the litigation."); *In re NYSE Specialists Sec. Litig.,* 240 F.R.D. 128, 144 (S.D.N.Y. 2007) (same).

Moreover, Mr Ha's conviction is inadmissible under Federal Rule of Evidence 609(b), which provides that evidence of a crime for which more than ten years have passed since a witness's conviction or release from confinement, whichever is later, cannot be used to impeach a witness. This is significant as it shows that courts recognize that people change and that crimes from over a decade ago should not be held against them any longer. In fact, many courts throughout the country have appointed lead plaintiffs in securities class actions with past criminal convictions that were far more serious than that of Mr. Ha's conviction. *See Chupa v. Armstrong Flooring, Inc.,* No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *7-*8 (C.D. Cal. Mar. 2, 2020) (Court appointed a movant with a nearly 20-year-old armed robbery felony conviction despite arguments of inadequacy from competing lead plaintiff movant, finding the argument

3

"unavailing"); *Scuderi v. Mammoth Energy Servs., Inc.,* No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725, at *10-11 (W.D. Okla. Sept. 13, 2019) (appointing movant with 27-year-old felony drug conviction as part of lead plaintiff group); *In re Facebook Privacy Litig.,* No. 10-cv-02389-RMW, 2016 U.S. Dist. LEXIS 119293, at *18 (N.D. Cal. June 28, 2016) ((holding a "single felony embezzlement conviction" was insufficient to disqualify a class representative); *Delgado v. New Albertson's, Inc.,* No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797, at *11 (C.D. Cal. Mar. 15, 2010) (certifying a class where the class representative had prior felony convictions); *McCall v. Drive Fin. Servs., L.P.,* 236 F.R.D. 246, 252 (E.D. Pa. 2006) (holding that a fifteen year old conviction for robbery did not give rise to a conflict between the proposed class representative and class members).

In sum, Mr. Ha's nearly 30-year-old conviction is unrelated to securities fraud and therefore, has no bearing on his ability to adequately represent the Class in alleging a securities fraud claim. *See* Ha Decl, ECF No. 21-4.

## III.    CONCLUSION

Regardless of the outcome of the pending motions, Mr. Ha reserves all rights to participate in the class action and in no way waives his right to share in any recovery obtained for the benefit of the class. Mr. Ha expressly reserves his ability to serve as lead plaintiff should the need arise if the Spectrum Investor Group's motion is denied.

Dated: February 17, 2023                        Respectfully Submitted,


                                        **LEVI & KORSINSKY, LLP**

                                        By: */s/ Adam M. Apton*
                                        Adam M. Apton (AS-8383)
                                        55 Broadway, 10th Floor
                                        New York, NY 10006
                                        Tel: (212) 363-7500

4

Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Chi Hoon Ha and
[Proposed] Lead Counsel for the Class*

5