**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E BRENNAN, <br><br> Defendants. | Civ. A. No. 1:22-cv-10292-VEC <br><br> Consolidated with Civ. A. No. 1:22-cv-10677-VEC; Civ. A. No. 23-cv-00767-VEC |

**MOVANT STEVEN B. CHRISTIANSEN'S MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS OF THE SPECTRUM INVESTOR GROUP, CHIN HOON HA AND LUIS CARNEIRO FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

Page(s)

Table of Authorities ....................................................................................................... i

I.    ARGUMENT .......................................................................................................... 5

    A.    The Spectrum Investor Group Is Not an Adequate Lead Plaintiff..........................6

    B.    Individually, Members of the Spectrum Investor Group—Xu and Zhen— Are Not Suitable to Serve as Representatives of the Proposed Class.....................10

    C.    Mr. Ha Is Not an Adequate Lead Plaintiff.............................................................12

    D.    Mr. Christiansen Has a Larger financial Interest Than All Remaining Movants and Satisfies the Typicality and Adequacy Requirements of Rule 23 ...................................................................................................................15

II.    CONCLUSION..................................................................................................... 16

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Batter v. Hecla Mining Co.*,
  No. 19-cv-4883 (ALC), 2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020) ................................... 15

*Born v. Quad/Graphics, Inc.*,
  No. 19-CV-10376 (VEC), 2020 WL 994427 (S.D.N.Y. Mar. 2, 2020) .................................... 6

*Crass v. Yalla Group Ltd.*,
  No. 1:21-cv-06854-PAE (S.D.N.Y.)............................................................. 3, 4, 10, 11

*De León v. New York University*,
  No. 21 Civ. 05005 (CM), 2022 WL 2237452 (S.D.N.Y. June 22, 2022) .................................. 9

*Endress v. Gentiva Health Services, Inc.*,
  278 F.R.D. 78 (E.D.N.Y. 2011) ...................................................................... 11

*Feierstein v. Correvio Pharma Corp.*,
  No. 19-cv-11361 (VEC), 2020 WL 946230 (S.D.N.Y. Feb. 25, 2020)............................... 6, 7, 9

*Gross v. AT&T Inc.*,
  No. 19-cv-2892 (VEC), 2019 WL 7759222 (S.D.N.Y. Jun. 24, 2019) ..................................... 7

*Hall v. Nat'l Recovery Sys., Inc.*,
  No. 96-132-CIV-T-17(C), 1996 WL 467512 (D. Conn. Aug. 9, 1996) .................................. 15

*In re Allergan PLC Sec. Litig.*,
  No. 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020).................. 4, 9

*In re Bally Total Fitness Sec. Litig.*,
  No. 04C3530, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ...................................... 10

*In re JP Morgan Chase & Co. Shareholder Deriv. Litig.*,
  Master File No. 08 Civ. 974 (DLC), 2008 WL 4298588 (S.D.N.Y. Sept. 19, 2008) ............... 11

*In re Surebeam Corp. Sec. Litig.*,
  No. 03CV 1721JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004)................................. 10

*In re Tarragon Corp. Sec. Litig.,*
  No. 07 Civ. 7972, 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007)................................................ 2

*Jakobsen v. Aphria, Inc.*,
  No. 18 Civ. 11376, 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ......................................... 9

*JUUL Labs, Inc. v. Chou*,
  Case No. 2:21-cv-03056-DSF-PDx, 2022 WL 2161062 (C.D. Cal. Apr. 19, 2022) ............... 12

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ................................................................................... 6

*Newman v. Eagle Bldg. Techs.*,
  209 F.R.D. 499 (S.D. Fla. 2002) ....................................................................................... 10

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
  275 F.R.D. 187, 190-92 (S.D.N.Y. 2011) ............................................................................ 6

*Schaffer v. Horizon Pharma PLC*,
  No. 16-cv-1763, 2016 WL 3566238 (S.D.N.Y. June 3, 2016) ............................................ 10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) .................................................................................. 7

*Villare v. Abiomed, Inc.*,
  Nos. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER),
  2020 WL 3497285 (S.D.N.Y. June 29, 2020) ..................................................................... 13

*Xianglin Shi v. Sina Corp.*,
  No. 05 Civ. 2154 (NRB), 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ................................ 13

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). ........................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) .................................................................................... 6

18 U.S.C. § 2320 .................................................................................................................. 12

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... 5, 14, 15

On February 3, 2023, along with the motion of Steven B. Christiansen ("Mr. Christiansen") for appointment as lead plaintiff under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the following motions seeking lead plaintiff appointment for the above captioned consolidated action (the "Action") were filed:

| Movant | Asserted Losses | Docket Entries[1] |
|---|---|---|
| Spectrum Investor Group (Peifa Xu, Ran Wang, and Shulan Zhen) | Collectively: $626,863<br><br>Peifa Xu: $390,697<br>Shulan Zhen: $165,383<br>Ran Wang: $70,783 | ECF Nos. 31, 33-34 |
| Chi Hoon Ha ("Mr. Ha") | $466,659.13 | ECF Nos. 19-21 |
| Mr. Christiansen | $88,751.92 | ECF Nos. 24, 26, 28[2] |

The PSLRA provides that the Court "shall adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" **and** that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Of the remaining members of the proposed class seeking appointment as lead plaintiff, only Mr. Christiansen satisfies both requirements. Therefore, Mr. Christiansen is entitled to the presumption that he is the "most adequate plaintiff" and should be

---

[1] Unless otherwise noted, citations to "ECF No. __" refer to filings in *Osorio-Franco v. Spectrum Pharma., Inc.*, Civ. A. No. 1:22-cv-10292-VEC (the "*Osorio-Franco* Action"). Citations to pagination in any document filed on the ECF/CM system are to page numbers in the footer of the document, unless otherwise noted. Unless otherwise stated herein, all emphasis is added, and footnotes and quotations omitted.

[2] On February 14, 2023, Luis Carneiro filed a non-opposition to the motions filed by other movants, including Mr. Christiansen's motion. ECF No. 36.

appointed as lead plaintiff for the Action, and his selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as lead counsel should be approved.

While the Spectrum Investor Group and Mr. Ha each purport to have a greater financial interest than Mr. Christiansen, and assert that they are each qualified under Rule 23 of the Federal Rules of Civil Procedure, the proof set forth below shows that the Spectrum Investor Group (individually and collectively) and Mr. Ha suffer from infirmities that render them inadequate, and therefore they are not qualified to serve as lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Spectrum Investor Group is an inefficient and wasteful lawyer-driven artifice comprised of three individuals, none of whom reside in the U.S., and who have retained two law firms to prosecute the Action, the Pomerantz firm, which formally seeks lead counsel appointment, and the "Chinese Law Firm the Hao Law firm", for which no information has been disclosed to the Court.  This Court has noted that lead plaintiff groups are disfavored in this District absent compelling or unique circumstances, none of which exists here.  The proposed class should not be saddled with inefficiencies and wasteful expenses inherent in groups of individual investors, such as travel, translations, and duplicative and unnecessary work, which would ultimately be paid from any potential recovery for the proposed class and reduce investors' recovery.  Appointment of three individuals, none of whom reside in the U.S., would not be in the best interest of the proposed class in the Action.

Moreover, individual members of the Spectrum Investor Group are beset with infirmities that render them inadequate to serve as lead plaintiff.  Peifa Xu ("Mr. Xu") is the quintessential figurehead plaintiff that the passage of the PSLRA intended to thwart.  *In re Tarragon Corp. Sec. Litig.,* No. 07 Civ. 7972, 2007 WL 4302732, at *1 (S.D.N.Y. Dec. 6, 2007) ("One of the principal

legislative purposes of the PSLRA was to prevent lawyer-driven litigation."). Mr. Xu is a repeat plaintiff who has filed initial complaints or lead plaintiff motions on at least four occasions before moving in the Action.  In the only known action for which Mr. Xu was appointed as lead plaintiff to serve as a fiduciary for a proposed class, *Crass v. Yalla Group Ltd.*, No. 1:21-cv-06854-PAE (S.D.N.Y.) (the "*Yalla* Action"), Mr. Xu utterly failed to discharge his fiduciary duties.  In the *Yalla* Action, just weeks after representing to the court and parties that Mr. Xu "will satisfy [his] fiduciary obligations to the Class" and "ensure that the Yalla securities litigation will be vigorously prosecuted consistent with the obligations of Lead Plaintiffs under the PSLRA and in the best interest of the Class, and will seek to obtain the greatest possible recovery for the Class," Xu inexplicably failed to litigate the claims he was entrusted to prosecute, defaulted on his obligation to timely file an amended complaint, and then abandoned the proposed class by voluntarily dismissing the action.[3]  Mr. Xu's failure to act in a manner consistent with his fiduciary duties to the proposed class in the *Yalla* Action is proof that he is an unsuitable lead plaintiff for the Action.[4] Furthermore, the Court should decline to appoint Shulan Zhen ("Zhen"), who resides in Beijing, China, because, as discussed below, legal obstacles, including recent Chinese data protection laws, may hinder Zhen's full participation in discovery, may impede the Court's ability to enforce

---

[3] Xu's unexplained dismissal of the *Yalla* Action was heralded by defense counsel in a press release as "a successful and final conclusion of the lawsuit for the Company."  *See* Yalla Group Announces Dismissal of Securities Class Action Lawsuit: https://www.prnewswire.com/news-releases/yalla-group-announces-dismissal-of-securities-class-action-lawsuit-301464072.html (Last visited Feb. 14, 2023).  The same cannot be said of the outcome by members of the Class of investors who Xu represented.

[4] *See* Declaration of Jeffrey P. Campisi in Support of Movant Steven B. Christiansen's Memorandum of Law in Opposition to Motions of the Spectrum Investor Group, Chin Hoon Ha and Luis Carneiro for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel, dated February 17, 2023 ("2/17 Campisi Decl."), Ex. A (*Yalla* Action, ECF No. 30-4, Mr. Xu's sworn declaration), Ex. B (*Yalla* Action, ECF Nos. 47-50).

3

discovery obligations, and it will unnecessarily add cost and complexity to prosecuting the Action. Moreover, it is unclear from the Spectrum Investor Group's lead plaintiff application whether any of them are aware or consented to their counsel representing Spectrum Pharmaceuticals, Inc. ("Spectrum") investors in a separate, unrelated securities action involving Defendant Spectrum pending in the U.S. District Court for the District of Nevada.  *See Luo v. Spectrum Pharmaceuticals, Inc.*, Case No. 2:21-cv-01612-CDS-BNW (D. Nev.) ("*Luo* Action").[5]

Finally, the Spectrum Investor Group's proposal to be represented by two law firms, including the Chinese Hao Law Firm, is troubling and would not serve the best interest of the proposed class in the Action.  There is no information disclosed to the Court about the Hao Law Firm, such as whether any of its lawyers are admitted to practice in the U.S., its role in the Action, or why its services are necessary to prosecute the Action on behalf of the proposed class.[6]  There is nothing in the Spectrum Investor Group's motion that explains the need for two law firms to prosecute the Action, which involves one corporate defendant, one security (Spectrum common stock), and three individual defendants, all based in the U.S.  Indeed, courts in this District disfavor multiple law firms in class litigation because such structures lead to inflated legal fees, wasteful expenses, and duplication, none of which is in the best interest of a class. *See, e.g. In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763, at *4-*6 (S.D.N.Y. Sept. 29, 2020) (noting that court rejected co-lead counsel when appointing lead plaintiff due to tendency of multiple firms to "inflate legal fees").  Given these facts, the Spectrum Investor Group is unable

---

[5] 2/17 Campisi Decl. Ex. C (*Luo* Action Docket).

[6] While the members of the Spectrum Investor Group state that they are represented by the Hao Law Firm in the Action (ECF No. 34-4, ¶1), no attorneys from this firm have made an appearance in the Action. Similarly, in the *Yalla* Action, the Hao Law Firm, which represented Xu, failed to file a notice of appearance.

to fairly and adequately protect the interests of the class in the Action as required by Rule 23 and it is ineligible to serve as lead plaintiff.

Mr. Ha is similarly unsuited to serve as a lead plaintiff for the Action because of his record of repeated crimes and other violations during a period of over 30 years. While Mr. Ha disclosed a felony conviction for selling counterfeit goods/services, which alone gives rise to concerns over his truthfulness and ability to serve as a fiduciary for the class in the Action, Mr. Ha failed to disclose to the Court and the proposed class that before and after his felony conviction, he has a disturbing and extensive history of other criminal and civil actions, including multiple charges of domestic abuse, operating a vehicle under the influence of alcohol, and other repeated "crimes" (over 70 since 1988), including a criminal citation **just days ago**.[7]  Mr. Ha's criminal background, including pending criminal charges, will be a distraction in the litigation and detract from his ability to adequately represent the proposed class, disqualifying him under Rule 23 from serving as lead plaintiff for the Action.

Finally, Mr. Christiansen, with losses of approximately $88,751.92 has a larger financial interest in the Action than all remaining movants, and he is otherwise typical and adequate to serve as a representative of the proposed Class in the Action. Accordingly, Mr. Christiansen is the "most adequate plaintiff" and should be appointed lead plaintiff.

## I.      ARGUMENT

While courts often focus on the PSLRA's "financial interest" component, a movant's financial interest is just a beginning point and to qualify as the presumptive lead plaintiff, in

---

[7] 2/17 Campisi Decl. Ex. D (report of Hawaii state database search showing that Mr. Ha has been charged or involved in 75 criminal or civil actions since 1988). On February 14, 2023, just days after filing his motion to be lead plaintiff in the Action, Mr. Ha was issued a criminal citation, for which he has an arraignment and plea hearing scheduled for March 7, 2023 in Honolulu, Hawaii. *Id.* Ex. E (*State of Hawaii v. Chi Hoon Ha*, Case IDCC-23-1625, docket report).

5

addition to possessing a significant financial interest, a lead plaintiff must also "satisf[y] the requirements of Rule 23" of the Federal Rules of Civil Procedure of adequacy and typicality. *See Feierstein v. Correvio Pharma Corp.*, 19-cv-11361 (VEC), 2020 WL 946230, at *1 (S.D.N.Y. Feb. 25, 2020) (Caproni, J.) (stating that "most adequate plaintiff . . . has the largest financial interest in the relief sought by the class" . . . ***and*** "otherwise satisfies the requirements of Rule 23.") (citations omitted); *see also Born v. Quad/Graphics, Inc*., No. 19-CV-10376 (VEC), 2020 WL 994427, at *1 (S.D.N.Y. Mar. 2, 2020) (Caproni, J.) (stating PSLRA requires "this Court to 'appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.'").

And even where the lead plaintiff presumption established by the PSLRA attaches to a movant, it may be rebutted with a showing that the presumptively most adequate plaintiff is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb); *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp*., 275 F.R.D. 187, 190-92 (S.D.N.Y. 2011) ("Other members of the purported class may try to rebut the statutory presumption by showing that the lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of unique defenses" and rejecting group of movants due to "group status").

### A.    The Spectrum Investor Group Is Not an Adequate Lead Plaintiff

The Spectrum Investor Group appears to be nothing more than a cobbled together, lawyer-driven group of three movants seeking appointment to serve the interests of counsel.  The Court has adopted what it describes as "[t]he prevailing position [in the Southern District of New York] is unrelated investors may join together . . . **only** 'if such a grouping would best serve the class.'" *See Feierstein*, 2020 WL 946230, at *1 (citing *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp.

3d 523, 532 (S.D.N.Y. 2015); *Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).[8]

The Court has found that the appointment of a group of lead plaintiffs is appropriate only where there is some unique, compelling need to protect the interest of a class. For example, in *Feierstein*, the Court appointed the last remaining movant group (investors from the U.S. and Canada) seeking appointment. *Id.* At the time of appointment, all other movants had either withdrawn or filed a notice of non-opposition. *Id.* This Court emphasized it "**ordinarily would not approve** the aggregation" of an unrelated group, but given that the defendant was a Canadian entity, the appointment of U.S. and Canadian representatives would, among other things, "safeguard against any unique defenses based on geography or nationality." *Id.* Likewise, in *Gross v. AT&T Inc.*, No. 19-cv-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. Jun. 24, 2019), the Court found appointing a group of investors served "the overall interests of the purported class" because multiple plaintiffs were needed for standing to bring claims under both the Exchange Act and the Securities Act of 1933. None of these compelling or unique reasons exists here.

The Spectrum Investor Group has not made a showing that demonstrates why multiple lead plaintiffs would serve the interests of the purported class for the Action. The Action involves one security, Spectrum common stock, one corporate defendant and three individual defendants, all based in Boston, Massachusetts. If appointed, each member of the Spectrum Investor Group would

---

[8] To even consider whether a group of persons should serve as lead plaintiff, courts on a case-by-case basis consider factors such as "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese*, 589 F. Supp. 2d at 392 (citations omitted). As discussed below, while the boilerplate declaration of the Spectrum Investor Group purports to satisfy these factors, the declaration raises more questions than it answers and fails to substantiate the need for a group of plaintiffs.

have to collect and produce documents, respond to defendants' written discovery, and prepare for and travel from China (if permissible) and Canada to sit for three individual depositions. Appointing the Spectrum Investor Group will lead to waste, duplication, and unnecessary work and expense that would ultimately reduce any monetary recovery for members of the proposed class in the Action.

Notably, the only connection the Spectrum Investor Group claims is a friendship with no details or specifications. Were they introduced by counsel at the "Chinese Law Firm the Hao Law firm" and are thus "friends" from that connection? How long have they been friends and in what capacity? The Spectrum Investor Group has not explained the length or circumstances of the purported friendship that caused them to seek lead plaintiff status as a group for the Action. Other than one self-serving and vague reference to friendship, there is no evidence demonstrating that the group members had any long-term relationship pre-dating their motion or whether the three members have ever directly communicated other than the vague assertion they "knew" each other "prior to this litigation" or the steps they took to discuss the "case" and file a joint motion after counsel were involved. *See e.g*. ECF No. 34-4, ¶¶2-5. By "litigation" do they intend to refer to the December 5, 2022 filing of the initial action, or some other point in time? Indeed, far from making any evidentiary showing of cohesiveness or a pertinent pre-litigation relationship, this assertion signals nothing more than they may have met in December 2022 when the tag along *Cummings Action* was filed, or just before the Spectrum Investor Group signed their declaration on January 31, 2023. Nor does it indicate their "friendship" formed independent of an introduction by, or ongoing relationship with, counsel. Also troubling is the fact that the three signature pages of the joint declaration of the Spectrum Investor Group each contain the same unusual typographical error—attesting to execution on the "31th day" of January 2023, suggesting that the

8

same person may have executed each of the signature pages.  ECF No. 34-4, at 6-8.

While only one firm seeks formal appointment by the Court as lead counsel for the Spectrum Investor Group, each member of the Spectrum Investor Group states that they are also represented by the Hao Law Firm in the Action.  ECF No. 34-4, ¶1.  As was the case in *Feierstein*, there is no explanation by the Spectrum Investor Group as to why "two law firms is necessary or in the best interests of the class", "how those two firms came to be chosen" nor do these movants "set forth a plan for how [the two law firms] will share responsibilities, reduce inefficiencies, and minimize unnecessary costs, including travel."  *Feierstein*, 2020 WL 946230, at *1; *see also Allergan*, 2020 WL 5796763, at *4-*9; *De León v. New York University*, No. 21 Civ. 05005 (CM), 2022 WL 2237452, at *15-*17 (S.D.N.Y. June 22, 2022) (citing *Allergan*, 2020 WL 5796763, at *3).  The prosecution of the Action by two law firms will unnecessarily inflate legal fees, and lead to wasteful expense and duplication, none of which is in the best interest of the proposed class in the Action.

The Spectrum Investor Group is an artifice that falls short of meeting the adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure and would contravene the rule in this District that groups of plaintiffs are disfavored. For the reasons set forth above, any presumption in favor of the Spectrum Investor Group is rebutted and its motion should be denied.

Nor should the Court consider appointing any individual member of the Spectrum Investor Group as a lead plaintiff because the Spectrum Investor Group's motion did not seek such alternative relief.  ECF No. 31.  For the Spectrum Investor Group to attempt to recast its motion after the statutory deadline would be improper and untimely. *See Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376, 2019 WL 1522598, at *4, n.3 (S.D.N.Y. Mar. 27, 2019) (denying motion for appointment as group and noting that "no separate motions to appoint any member of the Wan

Group as lead plaintiff on an individual basis" were filed, and therefore the court "does not consider" any individual members of the group separately).

### B. Individually, Members of the Spectrum Investor Group—Xu and Zhen—Are Not Suitable to Serve as Representatives of the Proposed Class

Even assuming, *arguendo*, the Court sets aside the Spectrum Investor Group and considers members of the Spectrum Investor Group individually (which it should not), the two members of the group with larger losses than Mr. Christiansen, Xu and Zhen, are unsuitable to serve alone as a lead plaintiff.

As noted above, in the *Yalla* Action, Mr. Xu defaulted on his fiduciary obligation to file an amended complaint and then inexplicably abandoned the members of a proposed class he was entrusted to represent. Xu's service in the *Yalla* Action is proof that Xu is not capable of serving as a fiduciary and should not be entrusted to represent the members of the proposed Class in the Action. The proof needed to rebut the presumption need not establish a plaintiff's inadequacy with absolute certainty; instead, "many courts have rejected appointments of lead plaintiffs based on *potential* risks." *Schaffer v. Horizon Pharma PLC*, No. 16-cv-1763, 2016 WL 3566238, at *3 (S.D.N.Y. June 26, 2016) (emphasis in original) (citing *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) ("[T]his court finds that there is at least a **potential** that [the presumptively most adequate lead plaintiff] will be subject to unique defenses and will not fairly and adequately protect the interests of the class")).[9] The potential risk that Mr. Xu would again abandon his fiduciary duties is disqualifying. Moreover,

---

[9] *See also In re Bally Total Fitness Sec. Litig.*, No. 04C3530, 2005 WL 627960, at *6 (N.D. Ill. Mar. 15, 2005) ("The PSLRA . . . provides that we ask simply whether [a proposed lead plaintiff] is **likely to be 'subject to' the unique defense** . . .; we do not have to determine that the defense is likely to succeed."); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504 (S.D. Fla. 2002) (disqualifying the movant because he "**may** be subject to unique defenses that might imperil certification of a class in this case").

Mr. Xu is frequently used a figurehead plaintiff to commence litigation or seek lead plaintiff status. *See Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *2 (S.D.N.Y. Sept. 17, 2018); *Xu v. Fibrogen, Inc.*, Case No. 21-cv-02623-EMC (N.D. Cal.); *Strezak v. Ardelyx, Inc.*, No. 4:21-cv-5868-HSG, (N. D. Cal.).  Appointing Xu as a lead plaintiff would contravene the key purpose of the PSLRA to avoid "so-called figurehead or professional plaintiffs."  *Endress v. Gentiva Health Services, Inc.*, 278 F.R.D. 78, 83 (E.D.N.Y. 2011).[10]  These facts collectively show that Mr. Xu is inadequate and should not be entrusted to prosecute the claims on behalf of the proposed class in the Action.

Likewise, appointment of Zhen would not be in the best interests of the proposed Class in the Action. Zhen is located in Beijing, China which presents additional costs and difficulties for discovery which will distract from prosecuting the Action on behalf of the proposed Class. Notably, China's recent enactment of the Personal Information Protection Law (the "PIPL") will add complications and expense to the discovery of information in China:[11]

> This is a big change. Previously, subject to state secrecy and data privacy screening by qualified Chinese lawyers, multinational companies in China were able to respond to subpoenas and requests for information directly. This is no longer the case; if a company wants to comply with U.S. discovery or information requests, it must obtain approval of the Chinese authorities. Overall, this means that the process of getting information from China will likely be more onerous and expensive.[12]

---

[10] Congress enacted the PSLRA in response to the "phenomenon of the professional plaintiff", where "[l]awyers typically rely on repeat" plaintiffs and it is the lawyers who "drive the litigation." *In re JP Morgan Chase & Co. Shareholder Deriv. Litig.*, Master File No. 08 Civ. 974 (DLC), 2008 WL 4298588, at *10 (S.D.N.Y. Sept. 19, 2008).  Xu's pattern of behavior—especially in the *Yalla* Action—exhibits conduct of a professional plaintiff who should not be entrusted to lead the Action.

[11] *See* Personal Information Protection Law of the People's Republic of China (promulgated by the Standing Comm. Nat'l People's Conf., Aug. 20, 2021, effective Nov. 1, 2021) (China), available at http://en.npc.gov.cn.cdurl.cn/2021-12/29/c_694559.htm (English translation) (last visited Feb. 14, 2023).

[12] *See* https://harrisbricken.com/chinalawblog/what-does-chinas-new-ish-data-security-law-mean-for-you/ (last visited February 14, 2023).

Indeed, the impacts of these additional and other restrictions imposed by Chinese law on accessing information in China have already been relied upon by parties seeking to oppose or limit discovery from China. *See, e.g., JUUL Labs, Inc. v. Chou*, Case No. 2:21-cv-03056-DSF-PDx, 2022 WL 2161062, at *8 (C.D. Cal. Apr. 19. 2022) (denying motion to compel and finding that defendants' argument that discovery sought would violate Chinese law demonstrated burden of proposed discovery under the proportionality provisions of Rule 26 of the Federal Rules of Civil Procedure). The costs and complications from Zhen serving as a lead plaintiff are substantial, will hinder Zhen's ability to serve as an adequate and vigorous lead plaintiff for the Action, and are unnecessary and avoidable. Finally, while Mr. Zhen states that he graduated from the "Beijing Party College" (ECF No. 34-4, ¶3), counsel for Mr. Christiansen has been unable to identify any institution with such a name in Beijing, China, raising questions of errors and carelessness in the preparation of the Spectrum Investor Group's declaration. *See Rodriguez v. DraftKings Inc.*, 21 Civ. 5739 (PAE), 2021 WL 5282006, at *8 (S.D.N.Y. Nov. 12, 2021) (finding basic errors and carelessness in preparing lead plaintiff motion weighs heavily against appointment).

## C. Mr. Ha Is Not an Adequate Lead Plaintiff

Mr. Ha is unsuited to serve as a lead plaintiff due to his extensive criminal record. Mr. Ha's declaration discloses that he was convicted of "selling counterfeit goods/services", but provides no details concerning his conduct. ECF No. 21-4, ¶2. In *U.S. v. Chi Hoon Ha*, Mr. Ha pled guilty to violating 18 U.S.C. § 2330 and was sentenced to five years' probation and six months home confinement.[13] 2/17 Campisi Dec. Ex. F (*USA v. Ha*, 1:96-cr-00237-DAE-1 (D. Haw.), ECF

---

[13] Mr. Ha pled guilty to violating 18 U.S. Code § 2320 - Trafficking in counterfeit goods or services, which is punishable for up to 20 years in prison and up to $5 million in fines, and covers the following offenses: "Whoever intentionally—(1) traffics in goods or services and knowingly uses a counterfeit mark on or in connection with such goods or services, (2) traffics in labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature, knowing that a counterfeit mark has

No. 24).  Mr. Ha was further required to refrain from any unlawful use of alcohol and to participate in alcohol abuse program that may include anger management classes, and to pay fines of at least $5,000.  *Id.*  Mr. Ha's felony conviction alone disqualifies him to serve as lead plaintiff for the Action because the nature of the felony conviction raises serious concerns about his truthfulness and ability to serve as a fiduciary.  *See Villare v. Abiomed, Inc.*, Nos. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285, at *6-*7 (S.D.N.Y. June 29, 2020) (finding presumption rebutted as to movant who pled guilty to crime involving fraud); *Xianglin Shi v. Sina Corp.,* No. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *4-*5 (S.D.N.Y. July 1, 2005) (finding lead plaintiff movant unsuitable due to felony conviction for providing false information to financial institution).

While Mr. Ha asserted that he regrets his counterfeiting crime and represented under oath that he "has since turned [his] life around" (ECF No. 21-4, ¶2), a review of publicly available information contradicts his sworn declaration and shows that he has a long record of criminal and civil disputes, including as noted above, a criminal citation just days after he filed his motion in the Action. A search of the State of Hawaii's criminal and civil dockets for "Chi Ha" reveals 75 criminal or civil actions against or concerning Chi Hoon Ha.  2/17 Campisi Dec. Ex. D.  Mr. Ha's criminal record involved repeated allegations of crimes of violence and driving while under the influence of alcohol:

---

been applied thereto, the use of which is likely to cause confusion, to cause mistake, or to deceive, (3) traffics in goods or services knowing that such good or service is a counterfeit military good or service the use, malfunction, or failure of which is likely to cause serious bodily injury or death, the disclosure of classified information, impairment of combat operations, or other significant harm to a combat operation, a member of the Armed Forces, or to national security, or (4) traffics in a drug and knowingly uses a counterfeit mark on or in connection with such drug, or attempts or conspires to violate any of paragraphs (1) through (4) shall be punished as provided in subsection (b)."  18 U.S.C. § 2320(a)(1); (b) (penalties).

13

- August 1993: *State of Hawaii v. Chi Hoon Ha*, Case ID 1FC930002839, charging Abuse of Family and Household Members under Haw. Rev. Stat. § 709-606.  *Id*. Ex. G.

- March 1994: *State of Hawaii v. Chi Hoon Ha*, Case ID 1PC940000593, charging violation of Haw. Rev. Stat. §707-0712.5 (Assault against a law enforcement officer in the first degree) and § 710-1077 (Criminal contempt of court). *Id*. Ex. H.

- September 1996: *State of Hawaii v. Chi Hoon Ha*, FC-CR No. 96-3180, alleging Abuse of Family and Household Members under Haw. Rev. Stat. § 709-606.  *See* criminal complaint ("On or about SEPTEMBER 4, 1996 . . . CHI HOON HA did intentionally, knowingly or recklessly physically abuse YOUNG SILL KWON, a family or household member, thereby committing the offense of Abuse of Family and Household Members . . . .").  *Id*. Ex. I.

- December 2005: *State of Hawaii v. Chi Hoon Ha*, Case ID 5536309D, charging violations of Haw. Rev. Stat. §291E-3 (Evidence of intoxication) for operating a vehicle under the influence ("OVUII"), a traffic crime.  *Id*. Ex. J.  This action is one of 23 traffic crimes during the period 1988 through 2023. *Id*. Ex. D.

- March 2007: *State of Florida v. Chihoon Ha*, Case Number 071029566 (Osceola Co., Fla.), charging crime of Battery; felony battery (Domestic Violence) under Fla. Stat. violation of § 784.03. Ex. K Charging Affidavit (noting while at a Walt Disney resort, Mr. Ha "struck" his wife Yun Hee Ha "on the face with an open hand" and Mr. Ha completed a sworn written statement "admitting to having a physical disturbance with his wife."); *Id*. Ex. L Order of Commitment (providing special conditions of release include "DO NOT consume alcohol").

- January 2009: *State of Hawaii v. Chi Hoon Ha*, FC-CR No. 09-1-1085, alleging Harassment under Haw. Rev. Stat. § 711-1106(1)(a). *Id*. Ex. M (criminal complaint alleging "[o]n or about January 22, 2009 . . . CHI HOON HA with the intent to harass, annoy, or alarm, did strike,

14

kick, or otherwise touch YUN HEE HA in an offensive manner or subject Yun Hee Ha to offensive physical contact, thereby committing the petty misdemeanor offense of Harassment . . . .”).

- April 2012: *State of Hawaii v. Chi Hoon Ha*, Case ID 1DTA-12-06790, charging violations of Haw. Rev. Stat. §291E-3 (Evidence of intoxication) for OVUII, a traffic crime, and providing for revocation of driver license for one year. *Id*. Ex. N.

Mr. Ha's extensive record of criminal and civil actions will be a distraction if he is appointed lead plaintiff, and renders him inadequate under Rule 23. The court's decision in *Batter v. Hecla Mining Co*., No. 19-cv-4883 (ALC), 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020), is instructive because in that case a movant asserting the largest financial interest argued that his alleged misconduct that occurred 20-30 years before the motion did not make him inadequate. However, the court in *Hecla* found that the conduct raised "at least the potential" that the proposed lead plaintiff will be "subject to unique defenses that could jeopardize the certification of a class" and the history of misconduct "suggests . . . a lack of 'honesty, conscientiousness, and other affirmative personal qualities required of a class representative'. . .". 2020 WL 1444934, at *7; *see also Hall v. Nat'l Recovery Sys., Inc.*, No. 96-132-CIV-T-17(C), 1996 WL 467512, at *5-6 (D. Conn. Aug. 9, 1996) (pattern of prior misconduct by proposed class representative raised concerns about reliability and conscientiousness, justifying denial of class certification). Accordingly, the Court should deny Mr. Ha's motion.

### D. Mr. Christiansen Has a Larger Financial Interest Than All Remaining Movants and Satisfies the Typicality and Adequacy Requirements of Rule 23

As noted above, Mr. Christiansen has a financial interest in the Action larger than Mr. Wang or Mr. Carneiro (who has filed a statement of non-opposition). Accordingly, Mr. Christiansen is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant as to whom the presumption of

adequacy has not been rebutted, and satisfies Rule 23's typicality and adequacy requirements.  He has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class, and he has losses as a result of his purchase of Spectrum common stock of approximately $88,751.92.  *See* ECF No. 28-3 (Feb. 3, 2023 Campisi Decl.), Ex. B; Ex. C.  Finally, Mr. Christiansen has selected and retained counsel experienced in the prosecution of securities class actions to represent the class and that filed the *Osorio-Franco* Action. *See id.* at Ex. D (Firm resume of Kaplan Fox).  Accordingly, Mr. Christiansen should be appointed lead plaintiff.

## II.    CONCLUSION

For all of the foregoing reasons, Mr. Christiansen respectfully requests that the Court: (1) appoint Mr. Christiansen as lead plaintiff; (2) deny all competing motions, (3) approve his selection of Kaplan Fox as lead counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  February 17, 2023                 Respectfully submitted,

/s/ Jeffrey P. Campisi
Jeffrey P. Campisi
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
jcampisi@kaplanfox.com

Kathleen A. Herkenhoff (*pro hac vice* to be filed)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
kherkenhoff@kaplanfox.com

*Attorneys for Plaintiff Enrique Osorio-Franco,
Movant Steven B. Christiansen, and the Proposed
Class*

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, hereby certify that, on February 17, 2023, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

/s/     *Jeffrey P. Campisi*
        Jeffrey P. Campisi