**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E BRENNAN,<br><br>Defendants. | Case No. 1:22-cv-10292 (VEC)<br><br>Consolidated with Case No. 1:22-cv-10677 (VEC); Case No. 1:23-cv-00767 (VEC) |

**MOVANT STEVEN B. CHRISTIANSEN'S [REVISED] MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS OF THE SPECTRUM INVESTOR GROUP, CHI HOON HA AND LUIS CARNEIRO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page(s)

Table of Authorities ......................................................................................................... ii

    A.    The Group Is Not an Adequate Lead Plaintiff ........................................................1

    B.    Individually, Members of the Group—Including Xu and Zhen—Are Not Adequate to Serve as Representatives of the Class ...................................................4

    C.    Ha Is Not an Adequate Lead Plaintiff......................................................................7

    D.    Mr. Christiansen Has a Larger Financial Interest Than All Remaining Movants and Satisfies the Typicality and Adequacy Requirements of Rule 23...............................................................................................................................10

CONCLUSION............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Batter v. Hecla Mining Co.*,
No. 19-cv-4883 (ALC), 2020 WL 1444934  (S.D.N.Y. Mar. 25, 2020) .................................. 10

*De León v. New York University*,
No. 21 Civ. 05005 (CM), 2022 WL 2237452 (S.D.N.Y. June 22, 2022)................................. 4

*Feierstein v. Correvio Pharma Corp.*,
No. 19-cv-11361 (VEC), 2020 WL 946230 (S.D.N.Y. Feb. 25, 2020)................................. 2, 4

*Gross v. AT&T Inc.*,
No. 19-cv-2892 (VEC), 2019 WL 7759222 (S.D.N.Y. Jun. 24, 2019) ...................................... 2

*Hall v. Nat'l Recovery Sys., Inc.*,
No. 96-132-CIV-T-17(C), 1996 WL 467512 (M.D. Fla. Aug. 9, 1996) .................................. 10

*In re Allergan PLC Sec. Litig.*,
No. 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020)...................... 4

*In re Surebeam Corp. Sec. Litig.*,
No. 03 CV 1721-JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) ................................. 6

*In re Tarragon Corp. Sec. Litig.*,
No. 07 Civ. 7972 (PKC), 2007 WL 4302732  (S.D.N.Y. Dec. 6, 2007) ................................... 5

*Jakobsen v. Aphria, Inc.*,
No. 18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ............................... 4

*JUUL Labs, Inc. v. Chou*,
No. 2:21-cv-03056-DSF-PDx, 2022 WL 2161062 (C.D. Cal. Apr. 19. 2022)......................... 6

*Rodriguez v. DraftKings Inc.*,
No. 21 Civ. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ................................. 7

*Schaffer v. Horizon Pharma PLC*,
No. 16-cv-1763 (JMF), 2016 WL 3566238 (S.D.N.Y. June 27, 2016) ..................................... 6

*Villare v. Abiomed, Inc.*,
Nos. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285
(S.D.N.Y. June 29, 2020);.................................................................................................... 8

*Xianglin Shi v. Sina Corp.*,
No. 05 Civ. 2154 (NRB), 2005 WL 1561438 (S.D.N.Y. July 1, 2005).................................... 8

**Federal Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................................... 1

18 U.S.C. § 2320 ......................................................................................................................... 7, 8

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. 1, 4, 10

Fed. R. Civ. P. 26 ........................................................................................................................ 7

Presently before the Court in the above captioned consolidated action (the "Action") are three motions for lead plaintiff appointment under the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  15 U.S.C. § 78u-4(a)(3)(B).  Steven B. Christiansen ("Mr. Christiansen")[1] is the only movant who "has the largest financial interest in the relief sought by the class" **and** that "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[2]  As set forth in the proof herein, the Spectrum Investor Group (the "Group") (individually and collectively) and Chi Hoon Ha ("Ha") suffer from infirmities rendering them inadequate under Rule 23 of the Federal Rules of Civil Procedure (the "Fed. R. Civ. P."), and therefore they are not qualified to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### A.      The Group Is Not an Adequate Lead Plaintiff

The Group is an inefficient and wasteful lawyer-driven artifice comprised of three individuals, none of whom reside in the U.S., and who have retained two law firms, including the "Chinese Law Firm the Hao Law firm", for which no information has been disclosed to the Court. ECF No. 34-4, ¶¶1-4.  As set forth herein, lead plaintiff groups are disfavored in this District absent compelling or unique circumstances, none of which exists here.  The proposed class (the "Class") should not be saddled with inefficiencies and wasteful expenses inherent in groups of individual investors, such as travel, translations, and duplicative work, which would ultimately be paid from any potential recovery for the Class and reduce any recovery to the Class.  If appointed, each member of the Group would have to collect and produce documents, respond to defendants'

---

[1] Mr. Christiansen's opposition brief has been revised in accordance with the guidance of the Court concerning page limits and filing deadlines set forth in ECF Nos. 47, 50. All citations to "ECF No. __" are to filings in the Action, unless otherwise noted and pagination is to the original document.  All emphasis is added, and citations and quotations omitted, unless otherwise stated herein.

[2] Luis Carneiro filed a non-opposition to the pending motions.  ECF No. 36.

written discovery, and prepare for and travel from China (if permissible) and Canada to sit for three individual depositions.  Appointment of the Group would not be in the best interest of the Class.

The Court has stated that "[t]he prevailing position [in the Southern District of New York] is unrelated investors may join together . . . **only** 'if such a grouping would best serve the class.'" *See Feierstein v. Correvio Pharma Corp.*, No. 19-cv-11361 (VEC), 2020 WL 946230, at *1 (S.D.N.Y. Feb. 25, 2020).  In *Feierstein*, the Court emphasized that it "**ordinarily would not approve** the aggregation" of an unrelated group, but given that the defendant was a Canadian entity, the appointment of U.S. and Canadian representatives would, among other things, "safeguard against any unique defenses based on geography or nationality."  *Id.*  Likewise, in *Gross v. AT&T Inc.*, No. 19-cv-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. Jun. 24, 2019), the Court found appointing a group of investors served "the overall interests of the purported class" because multiple plaintiffs were needed for standing to bring claims under the Exchange Act and the Securities Act of 1933.  None of these compelling or unique reasons exists here.  Indeed, the Group has made no showing that demonstrates why multiple lead plaintiffs serves the interests of the Class. The Action involves one security, one corporate defendant and three individual defendants, all based in Massachusetts.  The Group's appointment will lead to duplication and unnecessary expense, reducing any monetary recovery for the Class.

Notably, the only connection the Group asserts is a friendship with no details or specifications.  ECF No. 34-4.  Were they introduced by counsel at the "Chinese Law Firm the Hao Law firm" and are thus "friends" from that connection?  How long, and in what capacity, have they been friends?  The Group has not explained the length or circumstances of the purported friendship that caused them to seek lead plaintiff appointment as a group.  Other than one self-

2

serving and vague reference to friendship, there is no evidence demonstrating that the group members had any long-term relationship pre-dating their motion or whether the three members have ever directly communicated other than the vague assertion they "knew" each other "prior to this litigation" or the steps they took to discuss the "case" and file a joint motion after counsel were involved. ECF No. 34-4, ¶¶2-5. By "prior to this litigation" do they intend to refer to a point in time before the December 5, 2022 filing of the Action? Far from making any evidentiary showing of cohesiveness or a pertinent pre-litigation relationship, this assertion signals nothing more than they may have met in December 2022, even at a point after the tag along *Cummings* Action (Case No. 1:22-cv-10677-VEC) was filed by the Group's counsel, or just before the members of the Group signed their declaration on January 31, 2023. Nor does it indicate their "friendship" formed independent of counsel. Also troubling is the fact that each of the three signature pages of their joint declaration contain the same unusual typographical error—attesting to execution on the "31th day" of January 2023—suggesting that the same person may have executed each of the signature pages. ECF No. 34-4, at 6-8.

Moreover, it is unclear from the Group's lead plaintiff application whether any of them are aware or consented to their counsel concurrently representing investors in Spectrum Pharmaceuticals, Inc. in a separate securities action pending in the U.S. District Court for the District of Nevada. *See Luo v. Spectrum Pharmaceuticals, Inc.*, Case No. 2:21-cv-01612-CDS-BNW (D. Nev.).

Finally, while only one firm seeks formal appointment by the Court as lead counsel for the Group, each Group member states that they are also represented by the Hao Law Firm. ECF No. 34-4, ¶1. No information is disclosed to the Court about the Hao Law Firm, whether any of its lawyers are admitted to practice in the U.S., its role in the Action, or why its services are necessary

on behalf of the Class.[3]  Nothing in the Group's motion explains the need for two law firms to prosecute the Action, particularly not one in China.  Courts in this District disfavor multiple law firms in class litigation because such structures lead to inflated legal fees, wasteful expenses, and duplication, none of which is in the best interests of a class. *See, e.g. In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763, at *4-*6 (S.D.N.Y. Sept. 29, 2020) (rejecting co-lead counsel due to tendency of multiple firms to "inflate legal fees").  As in *Feierstein*, there is no explanation by the Group as to why "two law firms is necessary or in the best interests of the class", "how those two firms came to be chosen" nor do these movants "set forth a plan for how [the two law firms] will share responsibilities, reduce inefficiencies, and minimize unnecessary costs, including travel." *Feierstein*, 2020 WL 946230, at *1; *see also Allergan*, 2020 WL 5796763, at *4-*9; *De León v. New York University*, No. 21 Civ. 05005 (CM), 2022 WL 2237452, at *15-*17 (S.D.N.Y. June 22, 2022).  The prosecution of the Action by two law firms will unnecessarily inflate legal fees, and lead to wasteful expense and duplication, none of which is in the best interests of the Class.  Given these facts, the Group is unable to fairly and adequately protect the interests of the Class as required by Fed. R. Civ. P. Rule 23 and it is ineligible to serve as lead plaintiff.[4]

## B. Individually, Members of the Group—Including Xu and Zhen—Are Not Adequate to Serve as Representatives of the Class

Even assuming, *arguendo*, the Court considers members of the Group individually (which it should not), the two members of the group purporting to have larger losses than Mr. Christiansen,

---

[3] No attorneys from the Hao Law Firm have made an appearance in the Action.

[4] The Group's motion did not seek alternative relief of appointing any individual Group member as lead plaintiff. ECF No. 31.  Any attempt to recast its motion after the statutory deadline would be improper and untimely.  *See Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *4, n.3 (S.D.N.Y. Mar. 27, 2019) (denying group's motion for appointment and declining to consider individual group members as "no separate motions" to appoint an individual from the group had been filed).

4

Peifa Xu ("Xu") and Shulan Zhen ("Zhen"), are each inadequate to serve as a lead plaintiff. Xu is the quintessential figurehead plaintiff that the PSLRA intended to thwart. *In re Tarragon Corp. Sec. Litig.,* No. 07 Civ. 7972 (PKC), 2007 WL 4302732, at *1 (S.D.N.Y. Dec. 6, 2007) (stating PSLRA's purpose includes "prevent[ing] lawyer-driven litigation."). Xu is a repeat plaintiff who has filed initial complaints or lead plaintiff motions in at least four prior actions.[5] In the only known action for which Xu was appointed as lead plaintiff to serve as a fiduciary for a proposed class, the *Yalla* Action, Xu failed to discharge his fiduciary duties. Just weeks after representing to the court and parties that Xu "will satisfy [his] fiduciary obligations to the Class" and "ensure that the Yalla securities litigation will be vigorously prosecuted consistent with the obligations of Lead Plaintiffs under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class," Xu inexplicably failed to litigate the claims he was entrusted to prosecute, defaulted on his obligation to timely file an amended complaint, and then abandoned the proposed class in that case by voluntarily dismissing the action.[6] Xu's failure to act in a manner consistent with his fiduciary duties to the proposed class in the *Yalla* Action is proof that he is an unsuitable lead plaintiff for the Action.[7]

The proof needed to rebut the presumption need not establish a plaintiff's inadequacy with absolute certainty; instead, "many courts have rejected appointments of lead plaintiffs based on

---

[5] *See Crass v. Yalla Group Ltd.*, No. 1:21-cv-06854-PAE (S.D.N.Y.) (the "*Yalla* Action"); *Xu v. FibroGen, Inc.*, Case No. 3:21-cv-02623-EMC (N.D. Cal.); *Strezsak v. Ardelyx, Inc.*, No. 4:21-cv-05868-HSG (N.D. Cal.); *Xu v. Gridsum Holding Inc.*, No. 1:18-cv-03655-GHW (S.D.N.Y.).

[6] *See Yalla* Action, ECF Nos. 30-4 at ¶7, 47-50. Xu's unexplained dismissal of the *Yalla* Action was heralded by defense counsel in a press release as "a successful and final conclusion of the lawsuit for the Company." *See* Yalla Group Announces Dismissal of Securities Class Action Lawsuit: https://www.prnewswire.com/news-releases/yalla-group-announces-dismissal-of-securities-class-action-lawsuit-301464072.html (Last visited Feb. 14, 2023). The same cannot be said of the outcome by members of the proposed class of investors who Xu represented.

[7] In the *Yalla* Action, the docket does not include a notice of appearance by counsel at the Hao Law Firm, although the firm was listed as Xu's counsel in filings with the court. *See Yalla* Action, ECF No. 49.

*potential* risks." *Schaffer v. Horizon Pharma PLC*, No. 16-cv-1763 (JMF), 2016 WL 3566238, at *3 (S.D.N.Y. June 27, 2016) (emphasis in original) (citing, among other authorities, *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721-JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) ("[T]his court finds that there is at least a **potential** that [the presumptively most adequate lead plaintiff] will be subject to unique defenses and will not fairly and adequately protect the interests of the class")).  The potential risk that Xu would again abandon his fiduciary duties is disqualifying.  Moreover, because Xu is frequently used a figurehead plaintiff to commence litigation or seek lead plaintiff status, appointing Xu as a lead plaintiff would contravene the key purpose of the PSLRA to avoid so-called figurehead or professional plaintiffs.  These facts collectively show that Xu is inadequate and should not be entrusted to prosecute the claims on behalf of the Class.

Furthermore, the Court should decline to appoint Zhen, who resides in Beijing, China, because appointment of Zhen would not be in the best interests of the Class. Zhen's location presents additional costs and difficulties for discovery which will distract from prosecuting the Action.  Notably, China's recent enactment of the Personal Information Protection Law (the "PIPL")[8] will add complications and expense to the discovery of information in China and is "a big change" because "getting information from China will likely be more onerous and expensive."[9] Indeed, the impacts of restrictions imposed by Chinese law on accessing information in China have already been relied upon by parties seeking to oppose or limit discovery.  *See, e.g., JUUL Labs, Inc. v. Chou*, Case No. 2:21-cv-03056-DSF-PDx, 2022 WL 2161062, at *8 (C.D. Cal. Apr. 19.

---

[8] *See* Personal Information Protection Law of the People's Republic of China (promulgated by the Standing Comm. Nat'l People's Conf., Aug. 20, 2021, effective Nov. 1, 2021) (China), available at http://en.npc.gov.cn.cdurl.cn/2021-12/29/c_694559.htm (English translation) (last visited Feb. 14, 2023).

[9] *See* https://harrisbricken.com/chinalawblog/what-does-chinas-new-ish-data-security-law-mean-for-you/ (last visited February 14, 2023).

2022) (denying motion to compel, noting defendants' argument that discovery sought would violate Chinese law demonstrated burden of proposed discovery under Fed. R. Civ. P. Rule 26's proportionality provisions). The substantial costs and complications from Zhen serving as a lead plaintiff hinders Zhen's ability to serve as an adequate and vigorous lead plaintiff, and are unnecessary, wasteful and avoidable. Finally, while Zhen states that he graduated from the "Beijing Party College" (ECF No. 34-4, ¶3), counsel for Mr. Christiansen has been unable to identify any institution with such a name in Beijing, China, raising questions of errors and carelessness in the preparation of the Group's declaration. *See Rodriguez v. DraftKings Inc.*, No. 21 Civ. 5739 (PAE), 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) (finding carelessness in preparing lead plaintiff motion weighs heavily against appointment).[10]

### C. Ha Is Not an Adequate Lead Plaintiff

Ha is unsuited to serve as a lead plaintiff due to his extensive criminal record during a period of over 30 years. Ha's declaration states he was convicted of "selling counterfeit goods/services", but provides no details of his conduct. ECF No. 21-4, ¶2. In *U.S. v. Chi Hoon Ha*, Ha pled guilty to violating 18 U.S.C. § 2320 (Trafficking in counterfeit goods or services) and was sentenced to five years' probation and six months home confinement. *USA v. Ha*, 1:96-cr-00237-DAE-1 (D. Haw.), ECF No. 24. Ha was further required to refrain from any unlawful use of alcohol and to participate in alcohol abuse program that may include anger management classes, and to pay fines of at least $5,000. *Id.* Ha's felony conviction alone disqualifies him to serve as lead plaintiff because the nature of his felony conviction—a crime in which Ha knowingly used a spurious mark "likely to cause confusion, to cause mistake, or to deceive"—raises serious concerns

---

[10] It is unclear whether Zhen's vague and ambiguous reference to the "Beijing Party College" intends to refer to the Beijing Party School of the CPC Adult Education College Textile Branch or to one of China's many "party schools". *Inside China's top 'party schools': Plenty of Communist doctrine on tap*, 2019 WLNR 21687917, WASHINGTON POST (July 15, 2019).

about his truthfulness and ability to serve as a fiduciary. *See* 18 U.S.C. §§ 2320; 2320(f)(1) (defining counterfeit mark); *Villare v. Abiomed, Inc.*, Nos. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285, at *6-*7 (S.D.N.Y. June 29, 2020); *Xianglin Shi v. Sina Corp.,* No. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *4-*5 (S.D.N.Y. July 1, 2005).

While Ha asserted that he regrets his counterfeiting crime and represented under oath that he "has since turned [his] life around" (ECF No. 21-4, ¶2), publicly available information contradicts his sworn declaration and shows that he has a long record of criminal and civil disputes. Ha failed to disclose to the Court and the Class that before and after his felony conviction, he has a disturbing and extensive history of other criminal and civil actions, including multiple charges of domestic abuse, operating a vehicle under the influence of alcohol, assault against a law enforcement officer, criminal contempt of court, and other repeated "crimes", including a criminal citation just days ago.[11] The following timeline is a sampling of Ha's criminal and civil cases:[12]

•1993: *State of Hawaii v. Chi Hoon Ha*, Case ID 1FC930002839, charging Abuse of Family and Household Members under Haw. Rev. Stat. § 709-0906.

•1994: *State of Hawaii v. Chi Hoon Ha*, Case ID 1PC940000593, charging violation of Haw. Rev. Stat. §707-0712.5 (Assault against a law enforcement officer in the first degree) and § 710-1077 (Criminal contempt of court).

•1996: *State of Hawaii v. Chi Hoon Ha*, FC-CR No. 96-3180, alleging Abuse of Family

---

[11] *See* https://www.courts.state.hi.us/legal_references/records/search_court_records (last visited March 3, 2023) (the "Hawaii Database") for a listing of these actions. The Hawaii Database allows selection of "Click Here to Enter eCourt* Kokua". Using the "Party Search" function, entry of the name Chi Ha (last name entered first), provides a listing of 75 records, including matters referenced in this brief. On February 27, 2023, the Court in *State of Hawaii v. Chi Hoon Ha*, 1DCC-23-1625, granted an "Ex Parte Motion to Nolle Prosequi Without Prejudice" relating to Ha's February 14, 2023 criminal citation. Ha has at least one additional incident in the State of Florida.

[12] The Hawaii Database contains voluminous records concerning Ha that are not submitted due to page limits for this submission. *See* ECF No. 47. If requested by the Court, counsel for Mr. Christiansen would submit these records to aid the Court's assessment of Ha's adequacy under Rule 23.

and Household Members under Haw. Rev. Stat. § 709-0906.  The complaint (Dkt. 1) states that "[HA] did intentionally, knowingly or recklessly physically abuse [] a family or household member . . . .").

•1999: *State of Hawaii v. Chi Hoon Ha, et al.*, Case ID 1SP990000343 (Dkt. 1 includes entry of consent judgment and statement of alleged violations of law relating to Ha's sale of Viagra without an active license).

•2005: *Ji, et al. v. Ha, et al.*, Civil No. 05-1-0523-03-SSM, alleging claims for Enforcement of Judgment ($25,000 plus $1,200 in attorneys' fees obtained in Civil Action No. 02-1-1096-05, the "Judgment"), violation of Hawaii's Fraudulent Transfer Act, Fraud and Misrepresentation and Punitive Damages, and that Ha testified that he transferred assets to his spouse, which Plaintiffs alleged was to defraud and avoid payment of monies owing to them pursuant to the Judgment.

•2005: *State of Hawaii v. Chi Hoon Ha*, Case ID 5536309D, charging violations of Haw. Rev. Stat. §291E-3 for operating a vehicle under the influence ("OVUII") and 1DTA-05-01308 for violation of Haw. Rev. Stat. §291E-61(a)(1) and (a)(3).  This "Traffic Crime" is just one of Ha's 23 traffic crimes during the period 1988 through 2023 reported in the Hawaii Database.

•2007: *State of Florida v. Chihoon Ha*, Case Number 49-2007-DM-000257 (Osceola Co., Fla.), concerning charges by the Osceola County Sheriff's Office ("OSSO") for Battery: (Domestic Violence) under Fla. Stat. § 784.03. The OSSO Charging Affidavit (Case No. 071029566) notes that Ha "struck" his wife and admitted "to having a physical disturbance with his wife."). The Order of Commitment provides, as a condition of release, "DO NOT consume any alcohol").

•2009: *State of Hawaii v. Chi Hoon Ha*, FC-CR No. 09-1-1085, alleging Harassment under Haw. Rev. Stat. § 711-1106(1)(a).  The criminal complaint (at Dkt. 1) alleges that "HA with the intent to harass, annoy, or alarm, did strike, kick, or otherwise touch [Ms. Ha] in an offensive

9

manner or subject [Ms. Ha] to offensive physical contact. . . .").

•2012: *State of Hawaii v. Chi Hoon Ha*, Case ID 1DTA-12-06790, charging violations of Haw. Rev. Stat. §291E-61(a)(1)(3)(b)(2) for OVUII and Case ID 12143787D, providing for revocation of Ha's driver license for one year.

Ha's background, including pending criminal charges, will be a distraction and detract from adequate representation of the Class, disqualifying him from serving as lead plaintiff. *Batter v. Hecla Mining Co.*, No. 19-cv-4883 (ALC), 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020) (disqualifying movant where conduct raised at least "the potential" of being "subject to unique defenses that could jeopardize the certification of a class" and misconduct "suggests" a lack of "'honesty, conscientiousness, and other affirmative personal qualities required of a class representative'. . . ." *Id.* at *7; *Hall v. Nat'l Recovery Sys., Inc.*, No. 96-132-CIV-T-17(C), 1996 WL 467512, at *5-*6 (M.D. Fla. Aug. 9, 1996). Accordingly, the Court should deny Ha's motion.

### D. Mr. Christiansen Has a Larger Financial Interest Than All Remaining Movants and Satisfies the Typicality and Adequacy Requirements of Rule 23

Mr. Christiansen has a financial interest in the Action larger than any remaining movant. Mr. Christiansen is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any movant as to whom the presumption of adequacy has not been rebutted, **and** satisfies Rule 23's typicality and adequacy requirements. Mr. Christiansen should be appointed lead plaintiff.

### CONCLUSION

For the foregoing reasons, Mr. Christiansen respectfully requests that the Court grant his Motion.

Dated:  March 3, 2023                         Respectfully submitted,

                                              /s/    Jeffrey P. Campisi
                                                  Jeffrey P. Campisi

**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
jcampisi@kaplanfox.com

Kathleen A. Herkenhoff (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
kherkenhoff@kaplanfox.com

*Attorneys for Plaintiff Enrique Osorio-Franco,
Movant Steven B. Christiansen, and the Proposed
Class*

11

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, hereby certify that, on March 3, 2023, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

/s/    *Jeffrey P. Campisi*
Jeffrey P. Campisi