UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, on behalf of himself and a class of similarly situated investors,<br><br>                    Plaintiff,<br><br>       v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>                    Defendants. | Case No.  1:22-cv-10292-VEC<br><br>(Consolidated Action)<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF THE SPECTRUM INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

In his opposition brief (Dkt. No. 58), Christiansen raises a litany of inaccurate and speculative arguments against the appointment of the Spectrum Investor Group.

Christiansen attacks the adequacy of the group collectively, describing it as a "lawyer-driven artifice comprised of three individuals, none of whom reside in the U.S." Dkt. No. 58 at 1. Despite the group members' attestation in their initial motion papers that they are friends with a pre-litigation relationship, Christiansen speculates that the group was "introduced by counsel" only for the purposes of this motion. *Id.* at 2-3. Yet Christiansen's speculation is at odds with the facts in the record. As the group's members have attested in a Supplemental Joint Declaration filed herewith as Exhibit ("Ex.") A, they "have known one another for ***more than 10 years***" and "***were not introduced to one another by counsel***." *See* Ex. A ¶ 3.[1] Christiansen has not cited a single case where a court found a movant group comprised of individuals with a pre-litigation relationship to be improperly constituted. Notwithstanding his vociferous opposition to the appointment of a non-U.S. resident to serve as Lead Plaintiff, Christiansen has not cited a single case where a court denied a lead plaintiff motion on that basis. With respect to Zhen, Christiansen speculates in passing that "China's recent enactment of the Personal Information Protection Law" will complicate discovery (Dkt. No. 58 at 65) but has made no effort to explain the law's content, scope or how it will hinder fact discovery from individuals who have attested to being "fully committed to participation in the discovery process in this litigation in all respects[.]" *See* Ex. A ¶ 5. Finally, while Christiansen argues that the group has not "demonstrate[d] why multiple lead plaintiffs serves the interests of the Class[,]" its members have in fact attested to a desire to "pool[] [their] respective resources and experience" to benefit the class. Dkt. No. 34-4 ¶ 10.

---

[1] All emphases added unless otherwise indicated.

Christiansen also challenges the Spectrum Investor Group's retention of both Pomerantz and the Hao Law Firm in connection with this litigation, arguing that it will "inflate legal fees, and lead to wasteful expense and duplication[.]" Dkt. No. 58 at 4.  Yet as Christiansen acknowledges, the Spectrum Investor Group seeks appointment of only *one* firm, Pomerantz, as Lead Counsel. *Id.* at 3.  The Hao Law Firm, meanwhile, will provide legal advice to the group's members individually—not to the Class—with respect to their participation in this Action.  Any fees due to the Hao Law Firm will be apportioned only from any fees awarded to Pomerantz, as Lead Counsel. The Action will thus not be "prosecut[ed] . . . by two law firms", as Christiansen incorrectly asserts, and the Hao Law Firm's involvement will not "lead to inflated legal fees, wasteful expenses, and duplication[.]"  *Id.*  The only cases Christiansen cites in ostensible support of his argument involved requests for appointment of Co-Lead Counsel and are thus inapposite.[2]

Christiansen also questions whether the group is "aware or consented to their counsel concurrently representing" Spectrum investors in an unrelated action, *Luo v. Spectrum Pharms., Inc.*, 2:21-cv-01612-CDS-BNW (D. Nev.) ("*Luo*").  Dkt. No. 58 at 3.  The Spectrum Investor Group's counsel, Pomerantz, filed the initial complaint in *Luo* but was not appointed to a leadership role and has zero involvement in that litigation, as is apparent from a review of the docket.  Pomerantz is thus *not* "concurrently representing" Spectrum investors in the *Luo* action.

Finally, Christiansen attacks the adequacy of two group members, Xu and Zhen, individually.  Christiansen describes Xu as "the quintessential figurehead plaintiff that the PSLRA intended to thwart", citing the fact that he "has filed initial complaints or lead plaintiff motions in

---

[2] Courts in fact routinely approve the involvement of additional plaintiff's counsel in PSLRA actions.  *See*, *e.g.*, *Pearlstein v. Blackberry Limited*, 2019 WL 8953067, at *2 (S.D.N.Y. Oct. 18, 2019) (approving "Lead Plaintiffs' retention of additional counsel"); *Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *6 (S.D.N.Y. Dec. 5, 2019) (same).

at least four prior actions." *Id.* at 5. Yet the PSLRA states that "a person may be lead plaintiff . . . in *no more than 5* securities class actions . . . during any 3-year period." 15 U.S.C. § 78u–4(a)(3)(B)(vi). As Christiansen acknowledges, Xu has only been appointed to serve as a Lead Plaintiff in *one* previous PSLRA action, *Crass v. Yalla Group Ltd.*, No. 1:21-cv-06854-PAE (S.D.N.Y.) ("*Yalla*"). Appointing Xu as a Lead Plaintiff in this litigation plainly would *not* violate the PSLRA, making Christiansen's assertion that the statute was "designed to thwart" this outcome demonstrably wrong. Christiansen also accuses Xu of "inexplicably failing to litigate the claims" in the *Yalla* action, citing his supposed "default[] on his obligation to timely file an amended complaint" and subsequent voluntary dismissal of the action. Dkt. No. 58 at 4. Xu's dismissal of the *Yalla* action was the result of the determination by Xu and his counsel, in advance of the deadline to file an Amended Complaint, that the claims in *Yalla* were unlikely to survive a motion to dismiss. The Stipulation of Voluntary Dismissal of the *Yalla* action (*Yalla* Dkt. No. 49) required time to negotiate with the defendants and was thus filed after the deadline on which the Amended Complaint would otherwise have been due. Xu did not "default" on any deadlines. With respect to Zhen, Christiansen claims that his attestation to having graduated from "Beijing Party College" "rais[es] questions of errors or carelessness" simply because Christiansen's counsel "has been unable to identify any institution with such a name". Dkt. No. 58 at 7. Yet Christiansen's counsel's supposed failure to identify on an English-language website the school that Zhen attended hardly demonstrates any "errors or carelessness" on Zhen's part. Zhen respectfully submits that a better English translation for the name of this institution would be the Beijing Administration Institute, also known as the CPC Beijing Municipal Party Committee School.[3]

---

[3] Christiansen reiterates his baseless opposition to the appointment of a China-based Class representative, which the Spectrum Investor Group has addressed *supra* at pp. 1-2.

Dated:  March 8, 2023

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for the Spectrum Investor Group and
Proposed Lead Counsel for the Class*

4