**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E BRENNAN,<br><br>Defendants. | Case No. 1:22-cv-10292 (VEC)<br><br>Consolidated with Case No. 1:22-cv-10677 (VEC); Case No. 1:23-cv-00767 (VEC)<br><br>**ORAL ARGUMENT REQUESTED** |

**MOVANT STEVEN B. CHRISTIANSEN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

Steven B. Christiansen ("Mr. Christiansen") is the only movant for appointment as lead plaintiff in the consolidated action (the "Action") who "has the largest financial interest in the relief sought by the class" **and** "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure", as required under the Private Securities Litigation Reform Act of 1995.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  No movant has opposed Mr. Christiansen's typicality or adequacy under Rule 23.  *See* ECF Nos. 40-41.[1]

### A. The Spectrum Investor Group is Inadequate and Should Not Be Appointed Lead Plaintiff

While the Spectrum Investor Group (the "Group") asserts that it is the presumptive "most adequate plaintiff", it ignores that the presumption arises only upon a showing that it has the greatest financial interest **and** is otherwise adequate and typical under Rule 23.  As set forth in Mr. Christiansen's opposition brief (ECF No. 58), the Group fails to demonstrate that it is adequate, and the presumption does not apply to the Group.  The Group of so-called friends has failed to show the Court or members of the proposed class in the Action ("Class") why it is in the best interests of the Class to appoint three unrelated investors, none of whom reside in the U.S., to be represented by two law firms, including one based in China.  Assuming, *arguendo*, the Court finds the Group is entitled to the presumption (which it is not), Mr. Christiansen has put forth evidence from court records, as well as the Group's own joint declaration (including unusual typographical errors that suggest the same person executed the declaration on the "31th day of January" and a vague and ambiguous reference by Zhen to having attended the "Beijing Party College"), rebutting the presumption that the Group and certain of its members (Xu and Zhen) are adequate. ECF No.

---

[1] Citations to ECF No.__ are to filings in the Action, unless otherwise noted.  All emphasis is added, and footnotes and quotations omitted, unless otherwise noted.

58, at 1-7.[2]

A request on reply for any member of the Group to be considered individually for appointment should be rejected.  The Group's motion did not seek appointment of any individual Group member as lead plaintiff.  ECF No. 31.  Any attempt on reply to recast its motion after the statutory motion deadline (February 3, 2023) is improper.  *See Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *4, n.3 (S.D.N.Y. Mar. 27, 2019) (denying group's motion for appointment and declining to consider individual group members as "no separate motions" to appoint an individual from the group had been filed).[3]  A request on reply for the Court to cherry pick one plaintiff and abandon the Group structure is further evidence of how loosely it was cobbled together by its two law firms, and an additional reason to deny the Group's motion.

The Group ignores this Court's holding that "[t]he prevailing position [in the Southern District of New York] is unrelated investors may join together . . . **only** 'if such a grouping would best serve the class.'"  *See Feierstein v. Correvio Pharma Corp.*, No. 19-cv-11361 (VEC), 2020 WL 946230, at *1 (S.D.N.Y. Feb. 25, 2020).  In *Feierstein*, this Court noted that the prevailing rule in this District disfavors the aggregation of unrelated plaintiffs, unless there is a compelling need for multiple plaintiffs, such as to preserve standing or "safeguard against any unique defenses." *Id.*; *see also Gross v. AT&T Inc.*, No. 19-cv-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. Jun. 24, 2019) (Caproni, J.).

The Group's motion falls short and fails to show why three unrelated plaintiffs from China

---

[2] Mr. Christiansen has a greater financial interest than Wang and his adequacy is not separately addressed.

[3] *See also In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622-24, n. 4 (S.D.N.Y. 2015) (appointing one institutional investor as lead plaintiff instead of groups of institutions with larger aggregate losses, and noting that although one of the group members had the largest individual financial interest, "it at no time sought to serve as individual lead plaintiff" and further noting that members of rejected group "hail from three different countries").

2

and Canada, represented by two law firms would serve the best interests of the Class. ECF No. 58, at 1-7; *see Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392-94 (S.D.N.Y. 2008) (declining to appoint group of unrelated plaintiffs that provided no information about how group aggregation would benefit the class).   No justification exists to impose on the Class the duplication, unnecessary expense and burdens from such a bloated and inefficient structure.  ECF No. 58 at 1-7.  The Group's reliance on a purported "friendship" does not satisfy the required showing in this District to justify appointment of a group of unrelated plaintiffs. ECF No. 40, at 3, 5-7.  Any attempt by the Group to make the required showing on reply or raise new arguments on reply would be untimely and improper, and such arguments or evidence should be disregarded by the Court. *Caliko, SA v. Finn & Emma, LLC,* 21-CV-3849 (VEC), 2022 WL 596072, at *7, n.7 (S.D.N.Y. Feb. 28, 2022) (declining to consider arguments raised for first time on reply) (Caproni, J.).

Indeed, none of the authorities cited by the Group relied upon a so-called friendship as a basis to find a group was appropriate or served the best interests of a class.  Rather, the groups approved were small and cohesive groups of family members or sophisticated institutional investors with experience as fiduciaries.  *See In re McDermott Int'l Sec. Litig.*, Case No. 08 Civ. 9943 (DC), 2009 WL 579502, at *1 (S.D.N.Y. 2009) (appointing group comprised of married couple and their son); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) (appointing group of pension funds each with a good track record in litigation and represented by one law firm, but emphasizing that a "group is not entitled to presumptive lead plaintiff status unless it otherwise satisfies Rule 23, which in turn requires that it be able to 'fairly and adequately protect the interests of the class.'"); *Beckman v. Ener1 Inc.*, Case No. 11 Civ. 5794 (PAC), 2012 WL 512651, at *2, *5 (S.D.N.Y. Feb. 15, 2012) (appointing group comprised of husband and wife); *La. Mut. Police*

*Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 WL 12985571, at *1 (D. Vt. Apr. 27, 2012) (appointing group of institutional investors); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, Civ. Action No. 13-6731, 2014 WL 1395059, at *7-*8, *12 (E.D. Pa. Apr. 9, 2014) (same). None of the Group members are family members and none are institutional investors.

Ignoring this Court's rulings and the prevailing rule in the Southern District, the Group relies on distorted interpretations of inapplicable or outdated authorities to justify appointment of unrelated individuals, none of whom reside in the U.S. Citing *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Group asserts that the Supreme Court recently "affirmed the propriety of appointing such groups as lead plaintiff, finding that '[d]istrict courts often permit aggregation of plaintiffs into groups.'" ECF No. 40, at 3. However, *China Agritech* had nothing to do with the issue before the Court—whether a group of unrelated individuals would serve the best interests of the Class and is adequate under Rule 23. The issue before the Supreme Court in *China Agritech* involved tolling and statute of limitations. *China Agritech*, 138 S. Ct. at 1803-05. In *dicta*, the Supreme Court noted the unremarkable proposition that district courts sometimes permit aggregation of plaintiffs into groups. *Id*. at 1807 n.3. *China Agritech* did not "affirm" that groups are of unrelated plaintiffs are proper or adequate.

Similarly misguided is the Group's reliance on the out-of-District decision in *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-cv-4846 (WFK)(PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017). The decision in *Blue Apron* is unpersuasive because in *Blue Apron* the Court was essentially left with only two competing group movants for appointment. *Blue Apron*, 2017 WL 6403513, at *1-*2; *see also Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 339, 346 (E.D.N.Y. 2018) (only two competing groups). Unlike in *Blue Apron* or *Top Ships*, the Court is not presented

4

with a choice between two groups, as Mr. Christiansen is a sole movant represented by one law firm, and his adequacy is not challenged.[4]

Accordingly, the Group and its members are inadequate and neither it, nor any of its constituent members, should be appointed lead plaintiff for the Action.

### B. Chi Hoon Ha's Extensive History of Crimes and Misconduct Render Him Inadequate

Unlike the authorities relied upon by Chi Hoon Ha ("Ha") in his opposition brief where courts excused isolated or ancient bad acts (ECF No. 41, at 3-4), Ha has over 70 criminal and civil cases over a thirty-year period, including being convicted or charged with, or sued for, acts of deception (counterfeiting conviction), criminal contempt of court, assaults on a police officer and family members, and allegations of fraud.  *See* ECF No. 58, at 7-10.  Ha's admitted counterfeiting conviction coupled with his undisclosed conduct over a 30-year period raises serious questions about his credibility, candor, and ability to adequately represent the Class.  Ha is not an adequate lead plaintiff, and his motion should be denied.

### CONCLUSION

For the foregoing reasons and the reasons set forth in Mr. Christiansen's opposition brief (ECF No. 58), Mr. Christiansen respectfully requests that the Court grant his motion (ECF No. 24) and deny all competing motions (ECF Nos. 23, 19, 31).

Dated:  March 8, 2023                                 Respectfully submitted,

                                                                    */s/   Jeffrey P. Campisi*
                                                                      Jeffrey P. Campisi
                                                                    **KAPLAN FOX & KILSHEIMER LLP**
                                                                    800 Third Avenue, 38th Floor

---

[4] The Group's other cases are similarly distinguishable and, notably were issued long before the Court's *Feierstein* and *Gross* decisions that note this District's current "prevailing" position is that groups of unrelated plaintiffs are disfavored absent some compelling need that serves the best interests of a class.  *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162-63 (S.D.N.Y. 2005) (appointment of group where no movant asserted the group lacked adequacy or otherwise rebutted the presumption); *Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001).

New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
jcampisi@kaplanfox.com

Kathleen A. Herkenhoff (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
kherkenhoff@kaplanfox.com

*Attorneys for Plaintiff Enrique Osorio-Franco,
Movant Steven B. Christiansen, and the Proposed
Class*

6

## CERTIFICATE OF SERVICE

I, Jeffrey P. Campisi, hereby certify that, on March 8, 2023, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

/s/      *Jeffrey P. Campisi*

Jeffrey P. Campisi
