**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENRIQUE OSORIO-FRANCO, on behalf of himself and a class of similarly situated investors,<br><br>    Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>    Defendants. | Case No.: 1:22-cv-10292-VEC<br><br>Hon. Valerie E. Caproni |

<u>**CHI HOON HA'S REPLY IN OPPOSITION TO COMPETING**</u>
<u>**MOTIONS FOR LEAD PLAINTIFF**</u>

## I.    INTRODUCTION

Lead plaintiff movant Chi Hoon Ha ("Mr. Ha") respectfully submits this reply memorandum of law in response to the opposition filed by competing lead plaintiff movant Steven B. Christiansen ("Mr. Christiansen"). See ECF Nos. 43 and 44. Mr. Ha does not oppose the competing motion for appointment as lead plaintiff and approval of selection of lead counsel made by Peifa Xu, Shulan Zhen, and Ran Wang (collectively, the "Spectrum Investor Group") in the above-captioned action (the "Action"). Mr. Ha, however, does oppose Mr. Christiansen's motion in the scenario that the Court does not grant the Spectrum Investor Group's motion[1].

Mr. Christiansen attempts to attack Mr. Ha's adequacy by sensationalizing his past infractions and convictions.  Mr. Christiansen continues to remind the Court of Mr. Ha's nearly 27-year-old conviction of selling counterfeit goods/services, a fact that was already voluntarily disclosed by Mr. Ha in his original motion. See ECF No. 21-4. Mr. Christiansen also provides a misleading depiction of Mr. Ha's past by stating, "A search of the State of Hawaii's criminal and civil dockets for 'Chi Ha' reveals 75 criminal or civil actions against or concerning Chi Hoon Ha." ECF. No. 43, p. 13. There are many issues with the aforementioned statement. Several of the cases that appear on the search are duplicates/re-filings of older cases. Mr. Christiansen fails to mention that the majority of the cases brought against Mr. Ha were either traffic infractions and/or dismissed. In addition, Mr. Christiansen vaguely mentions in his opposing brief, a "criminal citation [issued] just days after [Mr. Ha] filed his motion in the Action." *Id.* Mr. Christiansen again fails to divulge the reality of the citation, which is for having a structure on a sidewalk.

---

[1] Movant Luis Carneiro filed a notice of non-opposition on February 14, 2023. See ECF No. 36. Thus leaving the lead plaintiff motions of Mr. Ha, the Spectrum Investor Group, and Mr. Christiansen. See ECF Nos. 19, 24, and 31.

Furthermore, no case relied upon by Mr. Christiansen supports Mr. Ha's disqualification. The convictions and infractions do not relate to his trades in Spectrum Pharmaceuticals, Inc. common stock or the alleged securities fraud in this Action.

As noted in his opposition brief, Mr. Ha acknowledges that the Spectrum Investor Group has the "largest financial interest" out of all the movants, and believes that it satisfies the adequacy and typicality requirements under Federal Rule of Civil Procedure 23. Therefore, Mr. Ha supports the Spectrum Investor Group as the presumptive lead plaintiff and its motion should be granted. However, if the Court should deny the Spectrum Investor Group's motion, then Mr. Ha would be the next "most adequate plaintiff" to serve as lead plaintiff and his motion should be granted in its entirety.

## II.    ARGUMENT

### A.  Unrelated, Outdated Traffic Violations and Other Unrelated Conduct Does Not Render a Movant Inadequate.

Mr. Christiansen argues that Mr. Ha's past conduct renders him inadequate. He is incorrect. The vast majority of Mr. Ha's past misconduct consists of traffic violations dating back to the late 1990s. Of the 75 criminal or civil actions listed on the State of Hawaii's criminal and civil dockets against or concerning Mr. Ha, 36 of the cases involve traffic infractions and 23 involve traffic crimes (the majority of which were dismissed). The remaining cases are well over 10 years old. Mr. Christiansen vaguely mentions in his opposing brief, a "criminal citation [issued] just days after [Mr. Ha] filed his motion in the Action." ECF. No. 43, p. 13. Mr. Christiansen fails to reveal the details of the citation, which is for having a structure on a sidewalk. In addition, the family court criminal cases from 1993, 1996, and 2009 were all dismissed without prejudice. Mr. Christiansen also incorrectly attacks Mr. Ha's adequacy due to his 27-year-old conviction of selling counterfeit goods/services, which Mr. Ha already disclosed in his opening motion. "Most

2

courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 Newberg on Class Actions § 3:68 (5th ed.) (collecting cases); *Stinson v. City of New York,* 282 F.R.D. 360, 373 (S.D.N.Y. 2012) (same); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. 395, 417 (S.D.N.Y. 2004) ("[E]ven if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that would require [Mr. Ha's] candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here") (citing cases); *Velez v. Novartis Pharm. Corp.,* 244 F.R.D. 243, 270 (S.D.N.Y. 2007) ("[A]ny allegations concerning the representative's adequacy must be relevant to the claims in the litigation."); *In re NYSE Specialists Sec. Litig.,* 240 F.R.D. 128, 144 (S.D.N.Y. 2007) (same).

Moreover, Mr Ha's violations from the 1990's and early 2010's are inadmissible under Federal Rule of Evidence 609(b), which provides that evidence of a crime for which more than ten years have passed since a witness's conviction or release from confinement, whichever is later, cannot be used to impeach a witness. This is significant as it shows that courts recognize that people change and that crimes from over a decade ago should not be held against them any longer. In fact, many courts throughout the country have appointed lead plaintiffs in securities class actions with past criminal convictions that were far more serious than that of Mr. Ha's violations. *See Chupa v. Armstrong Flooring, Inc.,* No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *7-*8 (C.D. Cal. Mar. 2, 2020) (Court appointed a movant with a nearly 20-year-old armed robbery felony conviction despite arguments of inadequacy from competing lead plaintiff movant, finding the argument "unavailing"); *Scuderi v. Mammoth Energy Servs., Inc.,* No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725, at *10-11 (W.D. Okla. Sept. 13, 2019) (appointing

3

movant with 27-year-old felony drug conviction as part of lead plaintiff group); *In re Facebook Privacy Litig.,* No. 10-cv-02389-RMW, 2016 U.S. Dist. LEXIS 119293, at *18 (N.D. Cal. June 28, 2016) ((holding a "single felony embezzlement conviction" was insufficient to disqualify a class representative); *Delgado v. New Albertson's, Inc.,* No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797, at *11 (C.D. Cal. Mar. 15, 2010) (certifying a class where the class representative had prior felony convictions); *McCall v. Drive Fin. Servs., L.P.,* 236 F.R.D. 246, 252 (E.D. Pa. 2006) (holding that a fifteen year old conviction for robbery did not give rise to a conflict between the proposed class representative and class members).

*Chupa v. Armstrong Flooring, Inc.*, is particularly instructive. There, a competing movant argued that the movant claiming the largest financial interest should be disqualified because he was convicted of using an explosive device to rob a bank and served 96 months in federal prison. *Chupa*, 2020 U.S. Dist. LEXIS 36506, at *7-*8. Ultimately, the Court found the argument "unavailing" as "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct. Exceptions have been made for unrelated criminal convictions only in a few instances where issues of credibility were raised by confirmed examples of past dishonesty such as fraud or a criminal conviction for an offense that requires proof of dishonesty." *Id*. at *8-*9 (emphasis in original, internal citations omitted). See also *Scuderi*, 2019 U.S. Dist. LEXIS 156725, at *10-11 (appointing movant with 27-year-old felony conviction as part of lead plaintiff group); *In re Facebook Privacy Litig.*, No. 10-cv-02389-RMW, 2016 U.S. Dist. LEXIS 119293, at *18 (N.D. Cal. June 28, 2016) (holding a "single felony embezzlement conviction" was insufficient to disqualify a class representative); *Delgado*, 2010 U.S. Dist. LEXIS 157797, at *11 (finding that the defendants "fail to cite a single case where unrelated criminal convictions served as a basis for finding that a class

representative was not adequate," and agreeing that a plaintiff's unrelated "past felony criminal conviction," standing alone, is "irrelevant to [a] plaintiff's ability to represent the class vigorously and responsibly") (emphasis added, internal citations omitted); *McCall v. Drive Fin. Servs., L.P.,* 236 F.R.D. 246, 252 (E.D. Pa. 2006) (holding that a fifteen year old conviction did not give rise to a conflict between the proposed class representative and class members).

In sum, Mr. Ha's violations are unrelated to securities fraud and therefore, have no bearing on his ability to adequately represent the Class in alleging a securities fraud claim. *See* Ha Decl, ECF No. 21-4.

## III.   CONCLUSION

Mr. Ha does not oppose the competing motion for appointment as lead plaintiff and approval of selection of lead counsel made by Spectrum Investor Group. Mr. Ha reserves all rights to participate in the class action and in no way waives his right to share in any recovery obtained for the benefit of the class. Mr. Ha expressly reserves his ability to serve as lead plaintiff should the need arise if the Spectrum Investor Group's motion is denied.

Dated: March 8, 2023                                        Respectfully Submitted,


**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Chi Hoon Ha and*
*[Proposed] Lead Counsel for the Class*

5