```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/21/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ENRIQUE OSORIO-FRANCO, on behalf of           :
himself and a class of similarly situated investors,   :
                                                                             :
                                                      Plaintiff,       :       22-CV-10292 (VEC)
                                                                             :
                       -against-                                   :       OPINION & ORDER
                                                                             :
SPECTRUM PHARMACEUTICALS, INC.,        :
THOMAS J. RIGA, FRANCOIS J. LEBEL, and  :
NORA E. BRENNAN,                                       :
                                                    Defendants.  :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On December 5, 2022, Enrique Osorio-Franco filed this putative class action, alleging that Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5.  Compl., Dkt. 1 ¶ 1.[1]  Pursuant to 15 U.S.C. § 78u-4a(3)(B), the Court is required to determine the "most adequate plaintiff" in this action by reference to which applicant for appointment as lead plaintiff "has the largest financial interest in the relief sought by the class," *id.* at § 78u-4a(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23," *id.* at § 78u-4a(3)(B)(iii)(I)(cc).

The Court received applications for lead plaintiff and for approval of applicants' selection of lead counsel from four parties: Chi Hoon Ha, Luis Carneiro, Steven Christiansen, and the Spectrum Investor Group.  Dkts. 19, 23, 24, and 31.  Mr. Carneiro subsequently submitted a notice of non-opposition to the competing lead plaintiff motions.  Carneiro Notice, Dkt. 36.  Mr.

---

[1] Plaintiffs William Cummings and Luis Carneiro filed putative class actions against the same defendants in the cases respectively numbered 22-CV-10677 and 23-CV-767, alleging substantially similar violations of securities laws; those cases have been consolidated with *Osorio-Franco v. Spectrum Pharmaceuticals, Inc. et al.*, 22-CV-10292.  *See* Dkts. 18, 39.

Ha submitted a statement of non-opposition to the Spectrum Investor Group's motion only and opposes Steven Christiansen's motion. Ha Opp., Dkt. 41 at 1.

The Spectrum Investor Group alleges approximately $626,863 in cumulative losses, the largest of any lead plaintiff movant. Spectrum Inv. Mem., Dkt. 33 at 2. Mr. Christiansen alleges approximately $88,752 in losses, and Mr. Ha alleges approximately $466,659 in losses. Christiansen Mem., Dkt. 26 at 1; Ha Opp. at 1.

For the reasons explained below, the Court appoints Steven Christiansen as lead plaintiff.

I.  **The Spectrum Investor Group**

Because the Spectrum Investor Group has the largest financial interest, the Court adopts the presumption that the Spectrum Investor Group is the most adequate plaintiff. *See* 15 U.S.C. § 78u-4a(3)(B)(iii)(I)(bb). This presumption is rebutted, however, because the Spectrum Investor Group has not demonstrated that it is a "cohesive group" that would be able effectively to manage complex litigation taking place in, and concerning events that occurred in, a country where no group member resides. *Freudenberg v. E*Trade Fin. Corp.*, No. 07-CV-8538, 2008 WL 2876373, at *4 (S.D.N.Y. July 16, 2008).

In evaluating the competency of a group to serve as lead plaintiff, courts consider "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (collecting cases). Peifa Xu, Shulan Zhen, and Ran Wang, who comprise the Spectrum Investor Group, allege that they knew each other before this case was filed and are friends, but they do not provide further details regarding how the group came together. Lieberman Decl. Ex. 4

("Spectrum Inv. Grp. Decl."), Dkt. 34 ¶¶ 2–4.  This lack of detail raises the concern that "the proposed group has been assembled as a makeshift [collective] for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action;" that concern is particularly acute because the members of the group reside in two different countries (Canada and China) that are separated by thousands of miles and many time zones.  *Berdeaux v. Onecoin Ltd.*, No. 19-CV-4074, 2019 WL 3815147, at *1 (S.D.N.Y. July 11, 2019) (cleaned up); Spectrum Inv. Grp. Decl. ¶¶ 2–4.

The members of the Spectrum Investor Group also appear to be fairly unsophisticated individual investors with careers unrelated to the securities market; Mr. Wang, for example, states that he owns a catering company and that his relevant experience consists solely of "investing in the securities markets for approximately 3 years."  Spectrum Inv. Grp. Decl. ¶ 4; *see also Feirstein v. Correvio Pharma Corp.*, No. 19-CV-11361, 2020 WL 946230, at *1 n.2 (S.D.N.Y. Feb. 25, 2020) (noting that a group of three individuals, two of whom had less than ten years of investing experience, was "at the lower end of what constitutes an adequate representative").

Moreover, the fact that all members of the Spectrum Investor Group reside in Canada or China raises the concern that the course of litigation would be impacted by "unique defenses based on geography or nationality."  *Feirstein*, 2020 WL 946230, at *1.  Spectrum Pharmaceuticals, Inc. is an American entity, the shares of which are traded on a U.S. exchange.  *See* Compl. ¶ 28.  Accordingly, the Court finds that a lead plaintiff based in the United States would more adequately represent the proposed class.  *See Feirstein*, 2020 WL 946230, at *1.

For the same reasons, the Court does not appoint any individual member of the Spectrum Investor Group as lead plaintiff.  *See Varghese*, 589 F. Supp. 2d at 394 (holding that courts may

consider the individuals comprising the movant-group as individual movants in appointing lead plaintiff) (collecting cases).

**II.     Chi Hoon Ha**

Mr. Ha's alleged loss of approximately $466,659 is significantly larger than the remaining lead plaintiff movant, Mr. Christiansen.  Ha Opp. at 1.  Mr. Ha, however, has a long track record of misconduct, including a criminal conviction for trafficking counterfeit goods or services in violation of 18 U.S.C. § 2320, which is a "form of commercial fraud." *United States v. Infurnari*, 647 F. Supp. 57, 59 (W.D.N.Y. 1986) (discussing the legislative history of 18 U.S.C. § 2320); *see also United States v. Ha*, No. 96-CR-237 (D. Haw. Apr. 15, 1996).

Given the unique position of trust that a lead plaintiff occupies as the fiduciary for the putative class, Mr. Ha's history of criminal activity, particularly fraud, "suggests that [he] lacks the honesty, conscientiousness, and other affirmative personal qualities required of a class representative" even though his conviction was a long time ago; it also subjects him to "unique defenses that could jeopardize the certification of a class in this matter." *Batter v. Hecla Mining Co.*, No. 19-CV-4883, 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020) (holding that movant's history of misconduct, including fraud dating back to the early 1980s, disqualified him as lead plaintiff) (cleaned up) (collecting cases).  Accordingly, the Court declines to appoint Mr. Ha as lead plaintiff.

**III.    Steven Christiansen**

The remaining lead plaintiff movant is Mr. Christiansen, who allegedly suffered a loss of approximately $88,752.  Christiansen Mem. at 7.  The Court finds that Mr. Christiansen has carried his burden to "make a preliminary showing that [he] satisfies the typicality and adequacy requirements." *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (internal

quotation omitted). Mr. Christiansen has actively traded in the securities market for more than twenty years and is based in the United States. *See* Campisi Decl. Ex. 5, Dkt. 28 ¶ 3. His injuries stem from the same events and alleged misconduct by Defendants and are premised on the same legal theory. *See Logan v. QRx Pharma Ltd.*, No. 15-CV-4868, 2015 WL 5334024, at *2–3 (S.D.N.Y. Sept. 14, 2015). Mr. Christiansen's alleged losses are sufficiently substantial to ensure that he will be appropriately invested in the outcome of the litigation and will vigorously advocate on behalf of the putative case. Furthermore, Mr. Christiansen has selected experienced and qualified counsel, Kaplan Fox & Kilsheimer LLP.

**IV.     Conclusion**

For all of these reasons, the Court appoints Steven Christiansen as lead plaintiff for the putative class in this action. The Court approves lead plaintiff's selection of Kaplan Fox & Kilsheimer LLP as lead counsel for the putative class.

As of the date of this Order, Defendants' time to answer or otherwise respond to the Complaint is no longer stayed. Order, Dkt. 56. No later than **March 31, 2023**, the parties must submit a joint proposed schedule for filing a consolidated amended complaint, for Defendants' time to move or answer, and for briefing any motion to dismiss that may be made.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 19, 23, 24, and 31, and to update the docket to reflect Steven Christiansen's appointment as lead plaintiff, the firm Kaplan Fox & Kilsheimer LLP as lead counsel, and the caption of the case as:

STEVEN CHRISTIANSEN, on behalf of
himself and a class of similarly situated investors,

                        Plaintiff,

                        -against-

SPECTRUM PHARMACEUTICALS, INC.,
THOMAS J. RIGA, FRANCOIS J. LEBEL.,
and NORA E. BRENNAN,

                        Defendants.

**SO ORDERED.**

                                                          _____

**Date:  March 21, 2023**                                   **VALERIE CAPRONI**
      **New York, New York**                      **United States District Judge**