UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>        Defendants. | Case No. 1:22-cv-10292 (VEC)<br>(Consolidated) |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Spectrum Pharmaceuticals, Inc., Thomas J. Riga, Francoise J. Lebel, and Nora E. Brennan submit this Notice of Supplemental Authority to provide the Court with the Second Circuit's recent decision in *In re Philip Morris International Inc. Securities Litigation*, No. 21-2546 (2d Cir. Dec. 26, 2023) ("*In re PMI*") (attached as Exhibit A), which is relevant to the Court's decision on the Defendants' pending motion to dismiss (ECF No. 69).

Like the Plaintiff here, the *In re PMI* plaintiffs asserted securities fraud claims under Section 10(b) of the Exchange Act based on the defendant corporation's statements about clinical studies conducted in connection with an ongoing FDA application process. And, like the Plaintiff here, the *In re PMI* plaintiffs argued that the defendants' statements were misleading because the company was allegedly aware of criticisms of its study and because an FDA advisory panel later disagreed with the company's conclusions. In *In re PMI*, a unanimous Second Circuit panel affirmed the district court's order dismissing the complaint. The Second Circuit's reasoning in *In re PMI* supports dismissal of the Complaint here, too.

In *In re PMI*, Philip Morris International ("PMI") investors asserted securities fraud claims based on PMI's statements about its application for FDA authorization of IQOS—an electronic "heat-not-burn" tobacco product. The *PMI* plaintiffs alleged that PMI made misleading statements about "the results and methodology of scientific studies that PMI conducted in support of its application to the FDA." Ex. A at 13.

The *PMI* plaintiffs alleged two corrective disclosures: (1) a *Reuters* news article "reporting on a former PMI scientist's criticisms of—and allegations of serious 'irregularities' in—the IQOS clinical studies" and (2) the decision of the FDA's Tobacco Products Scientific Advisory Committee (TPSAC) to issue a "non-binding recommendations that the FDA . . . deny [PMI's] application for a reduced-risk order" permitting PMI to market IQOS as a "reduced-risk" alternative to cigarettes. *Id.* at 8. The district court dismissed. The Second Circuit affirmed.

First, the court explained that both PMI's positive statements about its study methodology and negative statements by others—including those reported by *Reuters*—were statements of *opinion*, not statements of *fact*. "And while 'a statement of opinion' is actionable 'when [it] implies . . . the absence of contrary *facts*[ ] and the speaker knows or reasonably should know of different material *facts* that were omitted," the Second Circuit has 'never held that a statement of opinion can be rendered actionable by the speaker's failure to mention the *possibility* of contrary *opinions*." *Id.* at 20 (citations omitted; emphasis and alterations in original). As the court explained, holding otherwise would "violate the fundamental principle that the securities laws do not 'require[ ]' the [p]eople in charge of an enterprise . . . to take a gloomy, fearful[,] or defeatist view of the future.'" *Id.* (citations omitted; emphasis in original).

Second, the Second Circuit concluded that the TPSAC's disagreement with PMI's view of the study results was insufficient to establish that PMI's statements were false, noting that the Second Circuit has "'rejected' the proposition that a mere 'dispute about the proper interpretation of data' can form 'a basis for liability' under section 10(b) and Rule 10b-5." *Id* at 22 (citation omitted). As the Second Circuit explained, "'[d]efendants' statements about the [implications of their data] cannot be misleading merely because [a regulatory body] disagreed with the [defendants'] conclusion.'" *Id.* (alterations in original; citation omitted).

The Second Circuit's reasoning in *In re PMI* likewise mandates dismissal here. The claims here mirror those in *In re PMI*. Like the *PMI* plaintiffs, the Plaintiff here argues that a company's positive statements about clinical studies for an FDA application were fraudulent because of alleged undisclosed disagreements about the studies' merits and because an FDA advisory panel later disagreed with the company's position. The Second Circuit's decision in *In re PMI* confirms that these allegations do not suffice to plead a securities fraud claim.

For example, Plaintiff argues that Spectrum's statements were "false and misleading" because "the FDA review team" allegedly expressed "concerns" that "Spectrum did not have adequate study data." (ECF No. 75 [Pls. Op. Br.] at 5.) But *In re PMI* confirmed that an FDA applicant discussing its clinical studies is not required to disclose "contrary *opinions*." Ex. A at 22. Similarly, Plaintiff argues here that "negativity expressed at the [FDA advisory committee] meeting" supports an inference that Spectrum's statements were fraudulent. (ECF No. 75 [Pls. Op. Br.] at 23-24.) But *In re PMI* confirms that statements about clinical study results "cannot be misleading merely because [an FDA advisory committee] disagreed." Ex. A at 19.

For the same reasons that the Second Circuit affirmed dismissal of the complaint in *In re PMI* and for the reasons set forth in the Defendants' memoranda of law in support of their

3

motion to dismiss, the Court should dismiss the Complaint for failure to state a claim.  *See* ECF

Nos. 70 & 84.

Dated: January 12, 2024                                      **BAKER BOTTS L.L.P.**
New York, New York

/s/ James J. Beha II
James J. Beha II

Kevin M. Sadler (*pro hac vice*)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
(650) 739-7500

Scott D. Powers (*pro hac vice*)
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
(512) 322-2500

James J. Beha II
John B. Lawrence
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

Counsel for Defendants Spectrum
Pharmaceuticals, Inc., Thomas J. Riga,
Francois J. Lebel, and Nora E. Brennan

4