**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN, <br><br> Defendants. | Case No. 1:22-cv-10292 (VEC) <br><br> Consolidated with <br> Case No. 1:22-cv- 10677 (VEC); <br> Case No. 1:23-cv-00767 (VEC) |

**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 89)**

Lead Plaintiff Steven B. Christiansen ("Plaintiff") submits this response to Defendants' Notice of Supplemental Authority, *In Re Philip Morris Int'l Inc. Sec. Litig.*, No. 21-2546, 2023 WL 8883457 (2d Cir. Dec. 26, 2023), which Defendants assert is relevant to the Court's decision on their pending motion to dismiss the above-captioned action ("Action"). ECF No. 89 (the "Notice").[1]

The *Philip Morris* decision does not support Defendants' arguments. The Complaint in this case alleges that U.S. Food and Drug Administration ("FDA") scientists specifically informed Defendants Riga and Lebel that dose optimization for pozi was not demonstrated and that more studies and data were needed, and later rejected Defendant Spectrum's Accelerated Approval application. In sharp contrast, in *Philip Morris*, while contrary opinions were offered by outside scientists with no say over the regulatory process, FDA scientists agreed with and endorsed the

---

[1] Unless otherwise noted, capitalized terms shall have the same meaning as alleged in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). ECF No. 67.

company's assessment of its study data and the FDA approved the company's application for a marketing order. Defendants ignore these key differences.

While Defendants assert that *Philip Morris* "mandates" dismissal of the Complaint, the *Philip Morris* decision does not touch on the other misrepresentations alleged in the Complaint— that Defendants represented that Spectrum had enrolled patients in the PINNACLE Study, which was false because no patients had enrolled, and that the FDA and Spectrum were "aligned" on the design of Spectrum's proposed Phase 3 study, which was not true because the FDA expressly warned Defendants Riga and Lebel that there was no agreement and that Spectrum proceeded at its own risk. ¶¶125-26, 138, 140, 142 (misrepresentations concerning patient enrollment); ¶128 (misrepresentation that Spectrum and FDA were aligned on clinical study design).

For these reasons and the reasons set forth in Plaintiff's opposition brief (ECF No. 75), Defendants' motion to dismiss should be denied in its entirety.

Dated: January 16, 2024

**KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jeffrey P. Campisi*
Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com

*Lead Counsel for Lead Plaintiff Steven B. Christiansen and the Proposed Class*