USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/15/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,

Defendants.

---

Case No. 1:22-cv-10292 (VEC)

Consolidated with
Case No. 1:22-cv- 10677 (VEC);
Case No. 1:23-cv-00767 (VEC)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.

2. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Lead Plaintiff does not presently intend to amend the complaint, but reserves all rights to move to amend as appropriate under Fed. R. Civ. P. 15(a)(2).

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than March 29, 2024.

4. [*Not Applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than.

5. Discovery

   a. All fact discovery shall be completed no later than **January 23, 2025**, which is 12 months from entry of the Court's Opinion & Order denying in part Defendants' motion to dismiss. ECF No. 91.

   The parties are aware of the Court's general rule for fact discovery to be completed within 120 days, however, the parties propose an extended fact discovery period because this case is a complex, proposed class action brought under the Securities Exchange Act of 1934. The parties contemplate serving requests for production of documents on parties and subpoenae on non-parties, which will involve meeting and conferring in an effort to resolve any objections, negotiating search terms and

        custodians, preparing a confidentiality order and ESI protocol, and the review and production of a substantial number of documents. The parties will have to review such documents in order to prepare for and take deposition testimony from witnesses. Furthermore, by the end of the 12 month period, plaintiff anticipates filing a motion to certify the class, which will involve additional briefing and depositions.

    b.    All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than ~~120 days~~ from the date in paragraph 5(a). **March 24, 2025**

    c.    Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

    d.    In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith w**ith the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6.    At this time, counsel for the parties do not believe alternative dispute resolution mechanisms would be helpful in resolving this case.

7.    This case is to be tried to a jury.

8.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
At this time, the Parties do not believe an initial pretrial conference would be helpful given the Parties have agreed upon a Case Management Plan and Scheduling Order.

9.    This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10.    The next pretrial conference is scheduled for **January 31, 2025** (the first Friday after the deadline for the completion of all fact discovery as set forth in paragraph 5(a)). By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

  a. a statement of all existing deadlines, due dates, and/or cut-off dates;

  b. a brief description of any outstanding motions;

  c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

  d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

  e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

  f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

  g. any other issue that the parties would like to address at the pretrial conference; and

  h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

**KAPLAN FOX & KILSHEIMER LLP**
*/s/ Jeffrey P. Campisi*

Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com

*Lead Counsel for Lead Plaintiff Steven B. Christiansen and the Proposed Class*

**BAKER BOTTS LLP**
*/s/ James J. Beha II*

James J. Beha II
Eric R. DuPont
30 Rockefeller Plaza
New York, NY 10112
T: (212) 408-2500
F: (212) 259-2510
jim.beha@bakerbotts.com
eric.dupont@bakerbotts.com

*Attorneys for Defendants Spectrum Pharmaceuticals, Inc., Nora E. Brennan, Francois J. Lebel, and Thomas J. Riga*

**SO ORDERED.**

Date: 02/15/2024
  **New York, New York**

              **VALERIE CAPRONI**
               **United States District Judge**

3