UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN, <br><br> Defendants. | Case No. 1:22-cv-10292 (VEC) (Consolidated) <br><br> <u>ANSWER TO COMPLAINT</u> |

Spectrum Pharmaceuticals, Inc., Thomas J. Riga, Francois J. Lebel, and Nora E. Brennan (collectively, "Defendants") answer the Consolidated Class Action Complaint ("Complaint," ECF No. 67) of Lead Plaintiff Steven B. Christiansen ("Plaintiff") as follows:

Except as otherwise expressly admitted, all allegations in the Complaint are denied. Defendants specifically deny any allegations in the introductory matter preceding Paragraph 1 of the Complaint, including Plaintiff's Table of Contents and Introduction, as well as headings, footnotes, and unnumbered paragraphs.

1.      Defendants deny the allegations in Paragraph 1, except admit that Plaintiff purports to bring this action as a class action against Spectrum, Thomas J. Riga, Francois J. Lebel, and Nora E. Brennan and purports to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

2.     Defendants deny the allegations in Paragraph 2, except admit that, before and during the alleged Class Period, Spectrum was a biopharmaceutical company that developed targeted oncology therapies, including poziotinib, or "pozi," a treatment for certain patients with non-small cell lung cancer.

3.     Defendants deny the allegations in Paragraph 3, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer the Court to relevant federal laws and regulations for a complete explanation of the process.

4.     Defendants deny the allegations in Paragraph 4, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations. Defendants refer the Court to relevant federal laws and regulations for a complete explanation of the process.

5.     Defendants deny the allegations in Paragraph 5, except admit that Spectrum commenced a Phase 2 clinical trial of pozi, referred to as Cohort 2, and that Spectrum issued a press release on July 27, 2020 entitled "Spectrum Pharmaceuticals Announces Positive Topline Results in HER2 Exon20 Insertion Mutations from Cohort 2 of the Poziotinib ZENITH20 Trial." Defendants refer to Spectrum's July 27, 2020 press release for its complete contents.

6.     Defendants deny the allegations in Paragraph 6, except admit that on or around November 24, 2021, Spectrum completed its submission of the NDA for pozi and refer to Spectrum's submission for its complete contents.

7.     Defendants deny the allegations in Paragraph 7, except admit that Spectrum held an earnings call in November 2021 in connection with the announcement of its third quarter 2021 financial results during which Lebel spoke and answered various questions from equity research

analysts.  Defendants refer to the transcript of its November 2021 earnings call for its complete contents.

8.      Defendants deny the allegations in Paragraph 8, except admit Spectrum issued a press release on February 11, 2022, titled "Spectrum Pharmaceuticals Announces Acceptance of New Drug Application Filing for Poziotinib" and refer to that press release for its complete contents.

9.      Defendants deny the allegations in Paragraph 9, except admit that Spectrum held a conference call with investors and analysts on March 17, 2022 to discuss Spectrum's fourth quarter 2021 and full-year 2021 financial results, and that Riga spoke during that call.  Defendants refer to the transcript of its March 17, 2022 investor call for its complete contents.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12, except admit that Spectrum held a conference call with investors and analysts on March 17, 2022 to discuss Spectrum's fourth quarter 2021 and full-year 2021 financial results, and that Lebel spoke during that call.  Defendants refer to the transcript of its March 17, 2022 investor call for its complete contents.

13.     Defendants deny the allegations in Paragraph 13, except to admit that Riga and Lebel participated in Spectrum's conference call with investors on May 12, 2022 and refer to the transcript of that call for its complete contents.

14.     Defendants deny the allegations in Paragraph 14, except to admit that Riga and Lebel participated in Spectrum's conference call with investors on May 12, 2022 and refer to the transcript of that call for its complete contents.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16, except admit that the ODAC is an independent panel that reviews and evaluates data concerning the efficacy and safety of investigational products for use in the treatment of cancer and makes nonbinding recommendations to the FDA, and that the ODAC met to discuss pozi on September 22, 2022. Defendants refer to the transcript of the September 22, 2022 ODAC meeting for its complete contents.

17.     Defendants deny the allegations in Paragraph 17, except admit that JMP Securities, Jeffries, and H.C. Wainwright published reports about Spectrum on May 16, 2022; May 13, 2022; and May 13, 2022, respectively, and refer to those reports for their complete contents.

18.     Defendants deny the allegations in Paragraph 18, except admit that Spectrum reported cash, cash equivalents and marketable securities of approximately $100 million as of December 31, 2021.

19.     Defendants deny the allegations in Paragraph 19, except admit that Spectrum sold shares of its common stock pursuant to an at-the-market sales agreement with Cantor Fitzgerald & Co., H.C. Wainwright, and B. Riley FBR, Inc., dated April 5, 2019 (the "April 2019 ATM Agreement") and aver that Brennan was not employed at Spectrum during the period April 2022 through May 12, 2022.

20.     Defendants deny the allegations in Paragraph 20, except admit that Lebel met with the FDA on May 18, 2022, and that no patients had been enrolled in the PINNACLE Study as of May 18, 2022, and state that they lack knowledge or information sufficient to answer with respect to investors' knowledge as of May 18, 2022.

21.     Defendants deny the allegations in Paragraph 21, except admit that Spectrum sold 4,219,827 shares of Spectrum common stock under the April 2019 ATM Agreement during the period May 13 through June 30, 2022.

22.     Defendants deny the allegations in Paragraph 22, except admit that Lebel met with the FDA on July 28, 2022, and that matters related to pozi were discussed at that meeting. Defendants further state that they lack knowledge or information sufficient to answer with respect to investors' state of mind as of July 28, 2022.

23.     Defendants deny the allegations in Paragraph 23, except admit that Spectrum sold 5.1 million shares under the April 2019 ATM Agreement during the period July 2022 through August 12, 2022.

24.     Defendants deny the allegations in Paragraph 24, except admit that Spectrum issued a press release on or about August 11, 2022 entitled "Spectrum Pharmaceuticals Reports Second Quarter 2022 Financial Results and Provides Corporate Update" and refer to that press release for its complete contents.

25.     Defendants deny the allegations in Paragraph 25, except admit that Spectrum held a conference call with investors on August 11, 2022 and refer to the transcript of the call for its complete contents.

26.     Defendants deny the allegations in Paragraph 26, except admit that Spectrum held a conference call with investors on August 11, 2022, and that Lebel spoke during that call. Defendants refer to the transcript of the call for its complete contents.

27.     Defendants deny the allegations in Paragraph 27, except admit that H.C. Wainwright published an analyst report on August 12, 2022, refer to the report for its complete contents, and state that they lack knowledge or information sufficient to answer with respect to investors' state of mind.

28.     Defendants deny the allegations in Paragraph 28, except admit that Spectrum sold 13,794,118 shares under the April 2019 ATM Agreement during the period August 13 through September 30, 2022.

29.     Defendants deny the allegations in Paragraph 29, except admit that Riga and Lebel met with the FDA on September 8, 2022, and that matters related to pozi were discussed at that meeting.

30.     Defendants deny the allegations in Paragraph 30, except admit that the FDA published its Briefing Document on September 22, 2022 and refer to that document for its complete contents.

31.     Defendants deny the allegations in Paragraph 31, except to admit that the FDA published its Briefing Document on September 22, 2022, refer to that document for its complete contents, and state that they lack knowledge or information sufficient to answer with respect to investors' state of mind.

32.     Defendants deny the allegations in Paragraph 32, except that historical information regarding the prices at which Spectrum common stock was traded is publicly available and refer to that information. Defendants further state that they lack knowledge or information sufficient to answer with respect to investors' state of mind.

33.     Defendants deny the allegations in Paragraph 33, except admit Cantor Fitzgerald and H.C. Wainwright issued reports about Spectrum on September 20, 2022 and refer to those reports for their complete contents.

34.     Defendants deny the allegations in Paragraph 34, except that admit that trading in Spectrum stock was halted on September 22, 2022, state that historical information regarding the

prices at which Spectrum common stock was traded is publicly available, and refer to that information.

35.    Defendants deny the allegations in Paragraph 35, except admit that the FDA's ODAC conducted its meetings concerning pozi on September 22, 2022 and refer to the publicly available transcript of that meeting for its complete contents.

36.    Defendants deny the allegations in Paragraph 36, except to state that historical information regarding the prices at which Spectrum common stock was traded is publicly available and refer to that information.

37.    Defendants deny the allegations in Paragraph 37, except admit that on September 23, 2022, H.C. Wainwright and Jeffries issued reports on Spectrum and refer to those reports for their complete contents.

38.    Defendants deny the allegations in Paragraph 38, except admit that Spectrum issued a press release on November 25, 2022 and refer to that release for its complete contents.

39.    Defendants deny the allegations in Paragraph 39, except admit that, on January 4, 2023, Spectrum issued a press release entitled "Spectrum Pharmaceuticals Announces Management Changes," which it filed it with the SEC on Form 8-K, and refer to the publicly filed press release for its complete contents.

40.    Defendants deny the allegations in Paragraph 40, except admit that historical information regarding the prices at which Spectrum common stock was traded is publicly available and refer to that information.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants admit that this Court has subject matter jurisdiction over this action under the Exchange Act.

43.     Defendants deny the allegations in Paragraph 43, except admit that venue is proper in this district. Defendants further admit Spectrum's common stock was traded on the NASDAQ in this district under the symbol SPPI, and that Lebel and Riga participated in the JMP Securities Life Sciences Conference on or around June 16, 2022 and the Jefferies Healthcare Conference on or around June 9, 2022. Defendants lack knowledge or information sufficient to answer the allegations in Paragraph 43 related to institutional investors.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants lack knowledge or information sufficient to answer the allegations in Paragraph 45 concerning Plaintiff's purchases of Spectrum common stock. Defendants deny that Defendants violated the federal securities laws, and that Plaintiff suffered any damages.

46.     Defendants deny the allegations in Paragraph 46, except admit that, during the alleged Class Period, Spectrum was a biopharmaceutical company incorporated in Delaware with headquarters in Boston, Massachusetts; that, during the alleged Class Period, Spectrum's common stock traded on the NASDAQ under the symbol SPPI; and that Spectrum filed a Form 10-K for the year ended December 31, 2021 with the SEC on March 18, 2022.  Defendants refer to Spectrum's March 18, 2022 Form 10-K for its complete contents.

47.     Defendants deny the allegations in Paragraph 47, except admit Riga served as the Company's President and CEO and a member of the Company's board of directors during the Class Period; that, during the period March 18, 2022 through May 25, 2022, Riga served as Interim Principal Financial Officer of Spectrum; that Riga served as Spectrum's CCO from August 2014 through May 25, 2022, and as Spectrum's COO from December 2017 through May 25, 2022; and that Riga joined Spectrum in July 2013 as Vice President of Corporate Accounts.

48.     Defendants deny the allegations in Paragraph 48, except admit Lebel was appointed Spectrum's CMO on November 18, 2018, was Spectrum's EVP and CMO throughout the alleged Class Period; resigned from the Company on December 31, 2022; and sold 15,335 shares of Spectrum common stock during the alleged Class Period pursuant to pre-arranged 10b5-1 trading plans in order to pay taxes on stock compensation.

49.     Defendants deny the allegations in Paragraph 49, except admit Brennan was appointed as the Company's CFO and EVP on May 11, 2022, effective May 25, 2022; that Ms. Brennan served on Spectrum's Board of Directors and as Chairperson of the Audit Committee from December 2020 through the end of the alleged class period; and that she sold 3,569 shares of Spectrum common stock during the alleged Class Period pursuant to a pre-arranged 10b5-1 trading plan in order to pay taxes on stock-based compensation.

50.     Defendants deny the allegations in Paragraph 50, except admit Riga, Lebel, and Brennan were senior executives of Spectrum during the alleged Class Period.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

53.     Defendants deny the allegations in Paragraph 53, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

54.     Defendants deny the allegations in Paragraph 54, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

55.     Defendants deny the allegations in Paragraph 55, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

56.     Defendants deny the allegations in Paragraph 56, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

57.     Defendants deny the allegations in Paragraph 57, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

58.     Defendants deny the allegations in Paragraph 58, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

59.     Defendants deny the allegations in Paragraph 59, except admit that the FDA published *Guidance for Industry, Expedited Programs for Serious Conditions – Drugs and Biologics* in May 2014 and refer to that document for its complete contents.

60.     Defendants deny the allegations in Paragraph 60, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

61.     Defendants lack sufficient knowledge and information to answer as to the accuracy of Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62, except admit that the FDA follows a multi-phase approval process for new drugs as provided under various federal laws and regulations.  Defendants refer to relevant federal laws and regulations for a complete explanation of the process.

63.     To the extent that the allegations in Paragraph 63 represent an incomplete statement on the subject of NSCLC, Defendants deny on that basis.

64.     To the extent that the allegations in Paragraph 64 represent an incomplete statement on the subject of NSCLC, Defendants deny on that basis.

65.     To the extent that the allegations in Paragraph 65 represent an incomplete statement on the subject of NSCLC, Defendants deny on that basis.

66.     Defendants deny the allegations in Paragraph 66, except admit that, during the alleged Class Period, pozi was a novel, oral inhibitor of TKI, including HER2 exon 20 insertion mutations.

67.     Defendants deny the allegations in Paragraph 67, except admit that Spectrum submitted an IND for pozi and began a clinical development program for pozi that ultimately comprised of 7 cohorts.

68.     Defendants deny the allegations in Paragraph 68, except admit that Cohort 2 was a Phase 2 study of pozi's efficacy and safety.

69.     Defendants deny the allegations in Paragraph 69, except admit that Spectrum selected the dose used in the Cohort 2 study based on information available to the company at the time, including results of earlier studies.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72, except admit that on or around February 27, 2020, Spectrum issued a press release entitled "Spectrum Pharmaceuticals Reports Fourth Quarter 2019 and Full Year 2019 Financial Results and Pipeline Update" and refer to that press release for its complete contents.

73.     Defendants deny the allegations in Paragraph 73, except admit that, on May 7, 2020, Spectrum issued a press release entitled "Spectrum Pharmaceuticals Reports First Quarter 2020 Financial Results and Pipeline Update" and refer to that press release for its complete contents.

74.     Defendants deny the allegations in Paragraph 74, except admit that on July 27, 2020, Spectrum issued a press release entitled "Spectrum Pharmaceuticals Announces Positive Topline Results in HER2 Exon20 Insertion Mutations from Cohort 2 of the Poziotinib ZENITH20 Trial" and refer to that press release for its complete contents.

75.     Defendants deny the allegations in Paragraph 75, except admit that Lebel met with the FDA on November 9, 2020, and that matters related to pozi were discussed at that meeting.

76.     Defendants deny the allegations in Paragraph 76, except admit that Lebel met with the FDA on July 16, 2021, and that matters related to pozi were discussed at that meeting.

77.     Defendants deny the allegations in Paragraph 77, except admit that Lebel met with the FDA on July 16, 2021, and that matters related to pozi were discussed at that meeting.

78.     Defendants admit the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79, except admit that Spectrum held an earnings call on November 10, 2021, in which Lebel participated, and refer to the transcript of that call for its complete contents.

80.     Defendants deny the allegations in Paragraph 80, except admit that on November 24, 2021, Spectrum submitted the final components of the Pozi New Drug Application and refer to the document for its contents.

81.     Defendants deny the allegations in Paragraph 81, except admit that on November 24, 2021, Spectrum submitted the final components of the Pozi New Drug Application and refer to the document for its contents.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83, except admit that Lebel participated in a Type B Pre-phase 3 meeting with the FDA to discuss the proposed design of the PINNACLE Study on December 13, 2021.

84.     Defendants deny the allegations in Paragraph 84, except admit that Lebel participated in a Type B Pre-phase 3 meeting with the FDA on December 13, 2021.

85.     Defendants deny the allegations in Paragraph 85, except admit Lebel participated in a Type B End of Phase 2 meeting with the FDA on February 7, 2022 to discuss Spectrum's design for PINNACLE to treat patients with an 8 mg BID dosage.

86.     Defendants deny the allegations in Paragraph 86, except admit that Spectrum issued a press release on February 11, 2022 entitled, "Spectrum Pharmaceuticals Announces Acceptance

of New Drug Application Filing for Poziotinib," and refer to that press release for its complete contents.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88, except admit Spectrum sold 1.4 million shares of common stock under the April 2019 ATM Agreement during the period April 2022 through May 12, 2022, and Lebel sold Spectrum common stock during the period April 2022 through May 12, 2022, pursuant to a pre-arranged 10b5-1 trading plan, and aver that Brennan was not employed at Spectrum during the period April 2022 through May 12, 2022.

89.     Defendants deny the allegations in Paragraph 89, except admit Spectrum held a conference call with investors on May 12, 2022, and refer to the transcript of that call for its complete contents.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92, except admit that Jeffries published an analyst report on May 13, 2022 and refer to that report for its complete contents.

93.     Defendants deny the allegations in Paragraph 93, except admit that H.C. Wainwright published an analyst report on May 13, 2022 and refer to that report for its complete contents.

94.     Defendants admit that JMP published a report about Spectrum on May 16, 2022, and refer to that report for its complete contents.

95.     Defendants deny the allegations in Paragraph 95, except admit that Spectrum sold 4,219,827 shares of common stock pursuant to the April 2019 ATM Agreement during the period May 13 through June 30, 2022.

96.     Defendants deny the allegations in Paragraph 96, except admit that Lebel participated in a Midcycle Communication meeting with the FDA on May 18, 2022.

97.     Defendants deny the allegations in Paragraph 97, except admit that Spectrum sold 5.1 million shares of common stock pursuant to the April 2019 ATM Agreement during the period from July 2022 to August 12, 2022, and that Lebel traded Spectrum common stock on June 21 and June 22, 2022, pursuant to a pre-arranged Rule 10b5-1 trading plan.

98.     Defendants deny the allegations in Paragraph 98, except admit that Lebel participated in a Type B Guidance meeting with the FDA on July 28, 2022.

99.     Defendants deny the allegations in Paragraph 99, except to admit that, on August 11, 2022, Spectrum disclosed financial results for the quarter ended June 30, 2022, and held a conference call with investors to discuss the results.  Defendants refer to the transcript of that call for its complete contents.

100.     Defendants deny the allegations in Paragraph 100, except admit that Lebel participated in a conference call with investors on August 11, 2022, and refer to the transcript of that call for its complete contents.

101.     Defendants deny the allegations in Paragraph 101, except admit that, on August 12, 2022, H.C. Wainwright published a report concerning Spectrum and refer to that report for its complete contents.

102.     Defendants deny the allegations in Paragraph 102, except to admit that Defendants participated in a conference call with investors on August 11, 2022, and refer to the transcript of that call for its complete contents.

103.    Defendants deny the allegations in Paragraph 103, except admit that Spectrum sold 13,794,118 shares of common stock pursuant to the April 2019 ATM Agreement during the period August 13 through September 30, 2022.

104.    Defendants deny the allegations in Paragraph 104, except admit that Riga and Lebel participated in a Late Cycle Communication meeting with the FDA on September 8, 2022.

105.    Defendants deny the allegations in Paragraph 105, except admit that, on September 20, 2022, the FDA released the FDA briefing document ahead of the September 22, 2022 ODAC meeting regarding pozi, and refer to the FDA briefing document for its complete contents.

106.    Defendants deny the allegations in Paragraph 106, except admit that historical information regarding the prices at which Spectrum common stock was traded is publicly available and refer to that data.

107.    Defendants deny the allegations in Paragraph 107, except admit that trading in Spectrum stock was halted on September 22, 2022.

108.    Defendants deny the allegations in Paragraph 108, except admit that Spectrum executives had communications with members of the FDA review team and that Dr. Pazdur and Dr. Beaver participated in the ODAC meeting.

109.    Defendants refer to Dr. Drezner's full statement in the ODAC transcript for its complete contents.

110.    Defendants refer to Dr. Drezner's full statement in the ODAC transcript for its complete contents.

111.    Defendants refer to Dr. Zirkelbach's full statement in the ODAC transcript for its complete contents.

112.    Defendants refer to Dr. Singh's full statement in the ODAC transcript for its complete contents.

113.    Defendants refer to Dr. Pazdur's full statement in the ODAC transcript for its complete contents.

114.    Defendants deny the allegations in Paragraph 114, except admit that Lebel participated in the ODAC meeting and refer to the transcript of the meeting for its complete contents.

115.    Defendants deny the allegations in Paragraph 115, except admit that Lebel participated in the ODAC meeting and refer to the transcript of the meeting for its complete contents.

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants refer to Dr. Pazdur's full statement in the ODAC meeting transcript for its complete contents.

118.    Defendants deny the allegations in Paragraph 118, except admit that, on September 22, 2022, the ODAC voted 9-4 against recommending approval of Pozi's NDA, and that Spectrum issued a press release concerning the FDA ODAC meeting.  Defendants refer to the full press release and ODAC transcript for their complete contents.

119.    Defendants deny the allegations in Paragraph 119, except admit that historical information regarding the prices at which Spectrum common stock was traded is publicly available and refer to that information.

120.    Defendants deny the allegations in Paragraph 120, except admit that on November 25, 2022, Spectrum issued a press release, and refer to that release for its complete contents.

121.     Defendants admit that Lebel resigned as EVP and CMO of Spectrum effective December 31, 2022.

122.     Defendants deny the allegations in Paragraph 122.

123.     Defendants deny the allegations in Paragraph 123, except admit that Spectrum issued a press release entitled "Spectrum Pharmaceuticals Reports Fourth Quarter 2021 and Full Year 2021 Financial Results and Corporate Update" and held an earnings call on March 17, 2022, and refer to the full press release and earnings call transcript for their complete contents.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125, except admit Spectrum issued a press release on May 12, 2022 entitled "Spectrum Pharmaceuticals Reports First Quarter 2022 Financial Results and Provides Corporate Update," and refer to Spectrum's full May 12, 2022 press release for its complete contents.

126.     Defendants deny the allegations in Paragraph 126, except admit Spectrum held an earnings call with investors on May 12, 2022, and refer to the May 12, 2022 earnings call transcript for its complete contents.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants deny the allegations in Paragraph 128, except admit Spectrum held an earnings call with investors on May 12, 2022 and refer to the May 12, 2022 earnings call transcript for its complete contents.

129.     Defendants deny the allegations in Paragraph 129.

130.     Defendants deny the allegations in Paragraph 130, except admit Spectrum held an earnings call with investors on May 12, 2022, and refer to the transcript of the call for its complete contents.

131.     Defendants deny the allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in Paragraph 133, except admit that Spectrum filed a quarterly report for the quarter ended March 31, 2022 with the SEC on Form 10-Q and refer to Spectrum's March 31, 2022 Form 10-Q for its complete contents.

134.     Defendants deny the allegations in Paragraph 134.

135.     Defendants deny the allegations in Paragraph 135, except refer to Item 303 for its full and accurate requirements.

136.     Defendants deny the allegations in Paragraph 136, except admit that Riga and Lebel participated in the JMP Securities Life Sciences Conference in New York City on June 16, 2022, and refer to the transcript of the conference for its complete contents.

137.     Defendants deny the allegations in Paragraph 137.

138.     Defendants deny the allegations in Paragraph 138, except admit that Spectrum issued a press release on August 11, 2022 entitled "Spectrum Pharmaceuticals Reports Second Quarter 2022 Financial Results and Provides Corporate Update," and refer to the press release for its complete contents.

139.     Defendants deny the allegations in Paragraph 139.

140.     Defendants deny the allegations in Paragraph 140, except admit that Spectrum held an earnings call on August 11, 2022 and refer to the full transcript of the earnings call for its complete contents.

141.     Defendants deny the allegations in Paragraph 141.

142.     Defendants deny the allegations in Paragraph 142, except admit that Spectrum held an earnings call on August 11, 2022 and to the full transcript of the earnings call for its complete contents.

143.     Defendants deny the allegations in Paragraph 143.

144.     Defendants deny the allegations in Paragraph 144, except admit that on August 12, 2022, H.C. Wainwright published an analyst report and refer to the full report for its complete contents.

145.     Defendants deny the allegations in Paragraph 145, except admit that Spectrum filed its quarterly report for the quarter ending on June 30, 2022 with SEC on Form 10-Q on August 12, 2022, and refer to that document for its complete contents.

146.     Defendants deny the allegations in Paragraph 146.

147.     Defendants deny the allegations in Paragraph 147, except refer to Item 303 for its full and accurate requirements.

148.     Defendants deny the allegations in Paragraph 148.

149.     Defendants deny the allegations in Paragraph 149.

150.     Defendants deny the allegations in Paragraph 150.

151.     Defendants deny the allegations in Paragraph 151.

152.     Defendants deny the allegations in Paragraph 152.

153.     Defendants deny the allegations in Paragraph 153.

154.     Defendants deny the allegations in Paragraph 154, except admit that Spectrum sold approximately 10.7 million shares of common stock during the alleged Class Period under the April 2019 ATM Agreement.

155.     Defendants deny the allegations in Paragraph 155. To the extent that Paragraph 155 refers to information publicly available in Spectrum's SEC filings, Defendants refer to the full filings.

156.     Defendants deny the allegations in Paragraph 156.

157.     Defendants deny the allegations in Paragraph 157, except to admit that Lebel and Brennan sold Spectrum common stock during the alleged class period pursuant to pre-arranged 10b5-1 trading plans.

158.     Defendants deny the allegations in Paragraph 158.

159.     Defendants deny the allegations in Paragraph 159.

160.     Defendants deny the allegations in Paragraph 160.

161.     Defendants deny the allegations in Paragraph 161.

162.     Defendants deny the allegations in Paragraph 162.

163.     Defendants deny the allegations in Paragraph 163, except admit that Lead Plaintiff purports to rely on the presumption of reliance under the fraud-on-the-market doctrine.

164.     Defendants deny the allegations in Paragraph 164.

165.     Defendants deny the allegations in Paragraph 165, except admit that, during the alleged Class Period, Spectrum was registered with the SEC and filed periodic financial statements with the SEC; that Spectrum's common stock traded on the NASDAQ; that Spectrum communicated with investors through various means; that research analysts, including Jeffries, Cantor Fitzgerald, H.C. Wainwright, JMP, and B. Riley, covered Spectrum's stock; and that Spectrum was eligible to file a Form S-3 Registration Statement under the Securities Act and filed a Registration Statement on Form S-3 on July 13, 2021.

166.    Defendants deny the allegations in Paragraph 166, except admit that Plaintiff purports to bring this action as a class action pursuant to Rule 23 and that Plaintiff's alleged class excludes Defendants, current and former officers and directors of Spectrum, and their families and affiliates.

167.    Defendants deny the allegations in Paragraph 167, except admit that Spectrum had approximately 177 million shares of common stock outstanding as of March 10, 2022 and approximately 188 million shares outstanding as of August 8, 2022.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants incorporate their responses to Paragraphs 1-171 by reference.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176.

177.    Defendants incorporate their responses to Paragraphs 1-171 by reference.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

### **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendants raise the following affirmative and/or other defenses. To the extent that a defense asserted here is an ordinary defense, Defendants do not intend to, and do not, assume any burden of proof, production or persuasion that would not apply if such defense were not asserted

herein. Defendants reserve the right to raise any additional defenses not asserted herein of which they may become aware through discovery or other investigation.

### First Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff knew of any alleged untruth or omission at the time he acquired the Company's stock, or had constructive knowledge of the same, because the allegedly omitted information was disclosed, otherwise publicly available, or was widely known to the market and to the investing community.

### Second Defense

Defendants are not liable because the alleged misstatements were inactionable puffery or otherwise immaterial.

### Third Defense

Defendants are not liable because the alleged misstatements were forward-looking statements protected from liability by the Private Securities Litigation Reform Act's safe harbor provision.

### Fourth Defense

Defendants are not liable because the alleged misstatements were statements of opinion, not statements of material fact.

### Fifth Defense

Defendants' statements are protected by the bespeaks caution doctrine because their alleged misstatements were forward-looking and accompanied by extensive risk factors and cautionary language.

### Sixth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff purchased Spectrum securities with actual or constructive knowledge of the risks involved in an investment in Spectrum securities and thus voluntarily assumed the risk of the losses alleged in the Complaint.

### Seventh Defense

Plaintiff's claims and all the claims on behalf of the alleged putative class are barred, in whole or in part, because Defendants were entitled to act, and did act, in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others.

### Eighth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Defendants at all times, acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Complaint, and did not knowingly commit a violation of the federal securities laws. *See, e.g.,* 15 U.S.C. §78t.

### Ninth Defense

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

### Tenth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of Spectrum securities.

### Eleventh Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because any depreciation in the market price of Spectrum stock resulted from factors other than the purported misrepresentations and omissions alleged in the Complaint.

### Twelfth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff was not entitled to, and did not reasonably and/or justifiably rely, or did not in fact rely, on any of the statements or omissions alleged in the Complaint in deciding to purchase Spectrum's securities.

### Thirteenth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff will be unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Plaintiff's decisions to purchase Spectrum's securities on the terms of his investments.

### Fourteenth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff's losses, if any, were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Complaint.

### Fifteenth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants,

by the conduct of third parties for whom Defendants were not responsible, or through forces in the marketplace over which Defendants have no control.

## Sixteenth Defense

Defendants are not liable because, to the extent that Plaintiff has been damaged, if at all, his failure to mitigate damages bars recovery.

## Seventeenth Defense

Any damage, loss or liability sustained by Plaintiff must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

## Eighteenth Defense

To the extent Plaintiff suffered damages, if at all, such damages must be offset by Plaintiff's gains, including subsequent gains in Spectrum's stock price, including gains arising after the putative class periods.

## Nineteenth Defense

To the extent Plaintiff suffered damages, if at all, such damages must be capped pursuant to the PSLRA, 15 U.S.C. § 78u-4(e)(1), and the damages limitations of the Securities Act of 1933 and Securities and Exchange Act of 1934.

## Twentieth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Defendants did not have control, or have the ability to control, Spectrum and/or any other Defendant.

### Twenty-First Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff lacks standing to maintain this action under Article III or other applicable statute or common law.

### Twenty-Second Defense

Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misrepresentations, omissions, and conduct alleged in the claims against them.

### Twenty-Third Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, under the doctrines of acquiescence, unclean hands, estoppel, res judicata, waiver, ratification, laches and other related doctrines and principles, or any one of them.

### Twenty-Fourth Defense

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff would have acquired Spectrum common stock even if, when acquired, Plaintiff had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

### Twenty-Fifth Defense

Defendants cannot be jointly and severally liable for any damages because, pursuant to Section 21D(f) of the Securities Exchange Act of 1934, Defendants are covered persons who did not knowingly commit a violation of the securities laws.

**Twenty-Sixth Defense**

Plaintiff's claims and all claims on behalf of the alleged putative class are barred, in whole or in part, because Plaintiff relied exclusively upon his own independent investigations, his own decisions, and the advice of professional investment advisors.

**Twenty-Seventh Defense**

Other parties not named in the Complaint may be indispensable parties in this action. Defendants adopt and incorporate by reference herein any applicable affirmative defense or other defenses asserted or to be asserted by any of the other defendants to the extent that defendants may share in such defense.

WHEREFORE, Defendants respectfully seek judgment as follows:

1. Enter judgment in Defendants' favor.

2. Award Defendants' their reasonable costs and fees, including attorneys' fees.

3. Grant Defendants such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all issues triable by a jury.

Dated: March 8, 2024
      New York, New York

Respectfully submitted,

**BAKER BOTTS L.L.P.**

/s/ James J. Beha II
James J. Beha II
John B. Lawrence
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

Kevin M. Sadler (*pro hac vice*)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
(650) 739-7500

Scott D. Powers (*pro hac vice*)
401 South 1st Street
Suite 1300
Austin, Texas 78704-1296
(512) 322-2500

*Counsel for Defendants Spectrum Pharmaceuticals, Inc., Thomas J. Riga, Francois J. Lebel, and Nora E. Brennan*