USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/16/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN, <br><br> Defendants. | Case No. 1:22-cv-10292 (VEC) <br><br> Consolidated with <br> Case No. 1:22-cv- 10677 (VEC); <br> Case No. 1:23-cv-00767 (VEC) <br><br> **CONFIDENTIALITY** <br> **AGREEMENT AND** <br> **~~[PROPOSED]~~ STIPULATED** <br> **PROTECTIVE ORDER** |

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and among Lead Plaintiff Steven Christiansen ("Plaintiff"); Defendants Spectrum Pharmaceuticals, Inc., Thomas Riga, Francois Lebel, and Nora Brennan (collectively, "Defendants") (Plaintiff and Defendants together defined as the "Parties"); and any other persons or entities who become bound by this Order by signifying their assent through execution of the Declaration attached as Exhibit A to this Order ("Declaration") for the purpose of expediting production of documents, testimony, and other information by the Parties ("Production") in this action ("Action"). The Parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this Action and request that the Court enter the Order setting forth the conditions for treating, obtaining, and using such information. Accordingly, the Parties agree:

1.       The Parties shall submit this Order to the Court for approval.

2.       The provisions of this Order shall become effective upon entry by the Court;

1

however, all Discovery Material produced and designated as "Confidential" before the Court enters this Order shall be subject to this Order as though it had been entered by the Court at that time.

3.      All deadlines in this Order shall be computed according to Federal Rule of Civil Procedure 6.

## SCOPE OF ORDER

4.      <u>Discovery Material</u>: This Order applies to all items, information, documents, and things exchanged in discovery in the Action, including but not limited to documents, information, data, electronically stored information, responses to interrogatories or admissions, testimony, and transcripts, and any copy, abstract, digest, note, summary, and excerpt of anything exchanged in discovery, regardless of the medium or manner in which it is generated, stored, or maintained ("Discovery Material").

## DESIGNATING DISCOVERY MATERIAL

5.      <u>Generally</u>: Any Party producing, disclosing, or otherwise exchanging Discovery Material (a "Producing Party") may designate such Discovery Material as "Confidential Material" if the Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by that person) that the Discovery Material constitutes or includes information that is not generally available to the public and that contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information, or that contains any individual Producing Party's personal information, including social security numbers, tax returns, personnel evaluations, and medical, credit, and banking information; current commercially sensitive information; compensation information about the Producing Party's employees unless otherwise publicly disclosed; information related to the Producing Party's

contractual relationships; information that is subject by law or by contract to a legally protected right of privacy; information that the Producing Party is under a preexisting obligation to a third-party to treat as confidential; information that the Producing Party has in good faith been requested by another person to so designate on the grounds that the other person considers the material to contain confidential or proprietary information; or information that is of such a nature that disclosure to persons other than those listed in Paragraph 9 would create a substantial risk of economic injury.

      6.      <u>Manner of Designation</u>: Confidential Material may be designated by marking each page of the Confidential Information as "Confidential." The markings should not obscure the content of the Discovery Material. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" by informing any person who receives the material ("Receiving Person"), in writing in a clear and conspicuous manner that such material is designated as "Confidential." Information disclosed through testimony at a deposition taken in connection with the Action may be designated as Confidential Material either by stating on the record at the deposition that the information disclosed shall be designated as Confidential Information or by designating the confidential portions of the transcript in a writing to the court reporter and opposing counsel. Confidential designations of transcripts will apply also to any audio, video, or other recordings of the testimony.

      7.      <u>Inadvertent Failure to Designate</u>: A Party's failure to designate any Discovery Material as "Confidential" or "Attorneys' Eyes Only" shall not be deemed a waiver of that Party's later claim that such Discovery Material should be treated as Confidential Material or is entitled to another designation pursuant to this Order ("Mis-designated Material"). Upon the

Producing Party's identification of such Mis-designated Material to the Receiving Person, arrangement will be made for the immediate destruction of the Mis-designated Material or for the return to the Producing Party of all copies of the Mis-designated Material and for the substitution within ten days of properly designated copies of such Discovery Material. If requested by the Producing Party, a Receiving Person shall verify in writing that it has returned or destroyed such Mis-designated Material.

## USE AND DISCLOSURE OF DISCOVERY MATERIAL

8.      General Limitations on Use and Disclosure of Discovery Material: All Discovery Material, whether or not designated as Confidential Material or as "Attorneys' Eyes Only," shall be used by the Receiving Persons solely for the purpose of prosecuting or defending this Action and shall not be used for any other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

9.      Persons Who May Have Access to Confidential Material: Any Confidential Material, and any and all information contained therein, may be given, shown, made available, or communicated only to the following:

> a.      the Parties;
>
> b.      current officers, directors, and employees of the Parties to whom disclosure is reasonably necessary for the purpose of prosecuting or defending this Action;
>
> c.      the Parties' in-house and outside legal counsel and staff working under the express direction of a Party's counsel in connection with this Action;
>
> d.      outside experts and consultants (and their respective staff) in connection

with the prosecution or defense of this Action, and who have signed the Declaration;

e.  any person who is the author, addressee or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who has previously had access to or reviewed the document;

f.  trial witnesses during the course of their trial testimony;

g.  deposition witnesses during the course of their deposition testimony;

h.  for purposes of witness preparation, any anticipated deponent or witness, in preparation for his or her deposition, hearing, or trial testimony, provided that Confidential Material can only be shared with an anticipated deponent or witness in connection with preparation for anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Material and shall be required to sign the Declaration;

i.  other than persons who satisfy subparagraph (e) above, any witnesses or potential witnesses for the purpose of prosecuting or defending this Action, and who have signed the Declaration;

j.  outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action and who have signed the Declaration;

k.  mediators, arbitrators, or discovery masters (and their respective staff) retained by the Parties or assigned by this Court, provided such person first signs the Declaration;

l.  court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

m.      the Court and its employees in any judicial proceeding that may result

from this Action;

n.      any liability insurance companies from which any Defendant has sought

or may seek insurance coverage to provide or reimburse for the defense of this Action or

related matters and/or to satisfy any part of any liability in this Action or related matters;

and

o.      any other person or entity to whom the Producing Party agrees, in

writing, to allow access.

10.     <u>Confidential Material to Be Disclosed Only in Accordance with Paragraph 9</u>:

Except as otherwise expressly provided in this Order, Confidential Material and the substantive

information contained therein shall not be given, shown, made available to, disclosed, or

communicated in any way except to those people set forth in Paragraph 9 of this Order.

11.     <u>Attorneys' Eyes Only</u>: A Producing Party may designate Confidential Discovery

Material as "Attorneys' Eyes Only" if, in the Producing Party's good faith belief, production or

disclosure of such Discovery Material (a) would create a substantial risk of competitive,

commercial, or personal harm; (b) would create a substantial risk of revealing trade secrets,

current or future business strategies, or other strategic planning information; (c) would create a

substantial risk of revealing confidential research or development, or commercial information; or

(d) would violate a privacy or other common law, statutory, contractual, or Constitutional

protection or right of a Person who is the subject of the Discovery Material. "Attorneys' Eyes

Only" Discovery Material may be reviewed only by outside counsel for a Party; employees of

outside counsel for a Party; experts retained by the Receiving Person to whom disclosure is

reasonably necessary for the Action and who have signed the Declaration; stenographic reporters,

videographers and their respective staff who have signed the Declaration; the Court; and the Magistrate Judge assigned to this Action or other designee of the Court. "Attorneys' Eyes Only" Discovery Material may only be used by counsel for the Parties to prepare for trial and may be used at an interview, deposition, or trial examination of a person who satisfies subparagraph (e) of paragraph 9 or who is the subject of the "Attorneys' Eyes Only" Discovery Material, at an interview, deposition, or trial examination of the author of the "Attorney's Eyes Only" Discovery Material. The provisions of this Order related to the designation and use of Confidential Material shall otherwise govern the "Attorneys' Eyes Only" Discovery Material.

12.     Non-Party Productions: The Parties agree that any non-Party may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of discovery is subject to the Order. The subpoenaing or requesting party shall advise non-Parties from whom they seek documents of the existence of this Order and their right to obtain its protections. To the extent that any non-Party produces Discovery Material in this Action that contains Confidential Discovery Material of a Party to this Action, that Party may designate such Discovery Material as "Confidential" or "Attorneys' Eyes Only" for purposes of this Order by delivering written notice of the designation to the Parties.

13.     Non-Waiver of Rights: Nothing contained in this Order shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any objection concerning the confidential or proprietary nature of any documents, information, or data produced by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by

application on notice on any grounds.

14.     Unauthorized Disclosure of Confidential Material: In the event of a disclosure by a Receiving Person of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure: (i) promptly notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) promptly make reasonable efforts to recover the disclosed Confidential Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) promptly notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof. In the event of the above-described unauthorized disclosure by a Receiving Person who is not a Party to the Action, the Party recipients who provided the non-Party Receiving Person the Confidential Material shall, upon learning of the disclosure, immediately notify the Producing Party of the unauthorized disclosure of Confidential Material. The Party recipients of Confidential Material shall hold primary responsibility for unauthorized disclosures by Receiving Persons who are under their control, including but not limited to Receiving Persons who are employees, agents, and contractors of the Party recipients.

15.     Inadvertent Production of Privileged Discovery Material: If a Producing Party inadvertently produces documents or material that is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege ("Protected Materials"), such inadvertent production shall not constitute a

waiver of any claim of privilege or other protection from disclosure. If a Producing Party discovers that it has inadvertently produced Protected Materials, it shall promptly notify the Receiving Party. If a Producing Party promptly notifies the Receiving Party upon discovery of any inadvertent production of Protected Material, the Receiving Party shall not argue that Producing Party failed to take reasonable efforts to prevent the inadvertent production or that inadvertent production constitutes a waiver of privilege or protection from disclosure. If a Receiving Party discovers that it has received Protected Materials, it shall promptly notify the Producing Party. Upon either discovery that it has received Protected Materials or notice from a Producing Party of the inadvertent production of Protected Materials, the Parties shall follow the provisions set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

16.    <u>Confidential Material Filed with the Court</u>: To the extent that any Party seeks to file a document, pleading, motion, or brief with the Court that contains information that has been designated as Confidential, that Party shall file the document as a restricted document pursuant to the Court's rules.

17.    <u>Obligations Following Conclusion of Proceedings</u>: The provisions of this Order shall survive the conclusion of the Action. Within sixty days of the later of (i) entry of a final order or judgment in this Action, or (ii) following any appeal of a final order and judgment, determination by the highest court to consider such appeal to affirm such final order and judgment, all Parties and non-Parties shall return to counsel for the respective Producing Party, or destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: (i) counsel may retain for its records its work product and a copy of court filings and (ii) a Receiving Person may retain Discovery Material that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for

regulatory recordkeeping purposes; provided, however, that such retained documents shall continue to be treated as provided in this Order. If a Receiving Person chooses to destroy, rather than return, documents in accordance with this paragraph, that Receiving Person shall verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Confidential Material remains confidential, the terms of this Order shall remain binding.

18.      Amendment of Stipulated Protective Order: This Order may be altered or modified only by written agreement of all Parties to the Action and So Ordered by the Court.

19.      Request for Disclosure of Confidential Material in Other Proceedings: Any Receiving Person may disclose Confidential Material if such disclosure is pursuant to legal compulsion or required by a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, rule, regulation, or court order, and notice is given by the Receiving Person to the Producing Party of any such requirement (except in connection with any regulatory examination) within five business days of learning of any such requirement so that the Producing Party may seek a protective order or other appropriate remedy. Such notification shall include a copy of the subpoena or court order. The Receiving Person must promptly notify in writing the entity that caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Order. If the Producing Party timely seeks a protective order, the Receiving Person served with the subpoena or court order shall not produce any information designated in this Action as "Confidential" or "Attorneys' Eyes Only" before a determination by the body from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of

seeking protection in that court of its Confidential Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Person in this Action to disobey a lawful directive from another duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction. In the event that such protective order or other remedy is not obtained, or the Producing Party waives compliance with the provisions of this Order, the Receiving Person shall furnish only that portion of the Confidential Material that, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that confidential treatment will be accorded that Confidential Material. Notwithstanding the foregoing, no Receiving Person shall be obligated to provide the Producing Party any notice of any anticipated disclosure if such notice is prohibited by law.

20.      Storage of Confidential Materials: All information that has been designated as "Confidential" by the Producing Party, and any and all reproductions of that information, must be retained in the custody of the counsel for the Producing Party, except that independent experts or consultants who execute the Declaration, are authorized to view such information under the terms described in paragraph 9 of this Order and may retain custody of the copies for the pendency of this Action such as are necessary for their participation in this litigation.

21.      Use of Confidential Materials by Producing Party: Nothing in this Order: (i) affects the right of any Producing Party to use or disclose its own Confidential Material in any way; or (ii) prevents the disclosure of Confidential Material by any Party with the express written consent of the Producing Party that designated the material as "Confidential" or "Attorneys' Eyes Only."

22.      Prior Agreements: The Parties agree that the provisions and requirements set forth in this Order supersede all prior confidentiality agreements with respect to Discovery

Material.

23.     Severability: To the extent any provision of this Order is determined to be illegal

or otherwise unenforceable, such determination shall not affect the enforceability of the remaining

terms of this Order.

24.     Enforcement: Once entered by the Court, the provisions of this Order constitute

an Order of this Court, and violation of the provisions of this Order are subject to enforcement

and the imposition of legal sanctions in the same manner as any other order of the Court. This

Court will retain jurisdiction over all persons subject to this Order to the extent necessary to

enforce any obligations arising hereunder or to impose sanctions for any contempt or disregard

on this Order.

25.     Authority: By signing below, the signatory represents that he or she has the

authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this

Order.

> Notwithstanding anything in the foregoing to the contrary, the parties must comply with the Undersigned's Individual Practices in the filing of any redacted or sealed document.

Dated: March 15, 2024

**KAPLAN FOX & KILSHEIMER LLP**
*/s/ Jeffrey P. Campisi*

Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com


*Lead Counsel for Lead Plaintiff Steven B.*
*Christiansen and the Proposed Class*

**BAKER BOTTS LLP**
*/s/ James J. Beha II*

James J. Beha II
John B. Lawrence
30 Rockefeller Plaza
New York, NY 10112
T: (212) 408-2500
F: (212) 259-2510
jim.beha@bakerbotts.com
john.lawrence@bakerbotts.com

*Counsel for Defendants Spectrum*
*Pharmaceuticals, Inc., Nora E. Brennan,*
*Francois J. Lebel, and Thomas J. Riga*

**SO ORDERED.**

**Date:** _____03/16/2024_____
      **New York, New York**

                                   **VALERIE CAPRONI**
                                   **United States District Judge**

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE
BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, _____, declare under

penalty of perjury (this "Declaration") that:

1.  My address is

    _____

2.  My present employer is

    _____

3.  My present occupation or job description is

    _____

4.  I hereby certify and agree that I have read and understand the terms of the

Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to this Action,

*Christiansen v. Spectrum Pharmaceuticals, Inc., et al.*, No. 22-cv-10292-VEC (the "Action").

All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to

such terms in the Order. I further certify that I will not use Confidential Material for any purpose

other than this Action, and will not disclose or cause Confidential Material to be disclosed to

anyone not expressly permitted by the Order to receive Confidential Material. I agree to be

bound by the terms and conditions of the Order.

5.  I understand that I am to retain in confidence from all individuals not expressly

permitted to receive Confidential Material, whether at home or at work, all copies of any

Confidential Material, and that I will carefully maintain such materials in a manner consistent

with the Order. I acknowledge that the return or destruction of Confidential Material shall not

relieve me from any other continuing obligations imposed upon me by the Order.

14

6.      I acknowledge and agree that I am aware that, by receiving Confidential Material, (a) I may be receiving material non-public information about companies that issue securities and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I understand that my failure to abide by the terms of the Order entered in the Action will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.


Date:_____


                          Signature:

                          _____


                          Print Name and Title if any:

                          _____

                          _____


15

March 15, 2024

**_VIA ECF_**
Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

>      **Re:**   **_Christiansen v. Spectrum Pharmaceuticals, Inc._**,
>              **1:22-cv-10292-VEC (S.D.N.Y.)**

Dear Judge Caproni:

   We represent the parties in the above-captioned matter.  Subject to the Court's approval, the parties have agreed on the terms of the attached *Confidentiality Agreement and [Proposed] Stipulated Protective Order*.  Pursuant to Federal Rule of Civil Procedure 26(c) and Rules 2.A and 2.D of Your Honor's Individual Practices in Civil Cases, we hereby submit this stipulation and proposed order for the Court's approval and entry.

         Respectfully,

*/s/ Jeffrey P. Campisi*        */s/ James J. Beha II*

Jeffrey P. Campisi         James J. Beha II
Kaplan Fox & Kilsheimer LLP    Baker Botts LLP

*Counsel for Lead Plaintiff Steven B.*  *Counsel for Spectrum Pharmaceuticals, Inc.,*
*Christiansen*          *Nora E. Brennan, Francois J. Lebel, and Thomas*
             *J. Riga*

Enclosed: Confidentiality Agreement and [Proposed] Stipulated Protective Order

cc: All counsel of record (by ECF)