UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL<br><br>Defendants. | Case No. 1:22-cv-10292 (VEC)<br><br>Consolidated with<br>Case No. 1:22-cv-10677 (VEC)<br>Case No. 1:23-cv-00767 (VEC) |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY LEAD PLAINTIFF STEVEN B. CHRISTIANSEN AND FOR A STAY OF PROCEEDINGS PENDING APPOINTMENT OF A SUBSTITUTE LEAD PLAINTIFF**

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
Chang Hahn
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kalpanfox.com
chahn@kaplanfox.com

*Lead Counsel for Lead Plaintiff Steven B. Christiansen and the Proposed Class*

Dated: November 18, 2024

Lead Plaintiff Steven B. Christiansen ("Mr. Christiansen" or "Plaintiff") respectfully submits this memorandum of law in opposition to Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), Thomas Riga, and Francois Lebel's (together, "Defendants") motion to disqualify Lead Plaintiff Steven B. Christiansen and for a stay of proceedings pending appointment of a substitute lead plaintiff. ECF No. 123.[1] For the reasons set forth below, Defendants' motion should be denied and the stay of proceedings should be lifted.[2]

## A.     Mr. Christiansen's Conduct is Not Disqualifying

Defendants' motion to disqualify Mr. Christiansen as lead plaintiff hinges on his alleged "misconduct" after the parties' unsuccessful mediation. Defs. Br. at 2 ("Mr. Christiansen's conduct – disclosing (or purporting to disclose) confidential information from a mediation to a third-party and seeking to negotiate a personal settlement directly with the management of Spectrum's parent company behind the backs of both his counsel and Spectrum's [counsel]– plainly renders him unfit to serve as a representative plaintiff"). While misguided in hindsight, Mr. Christiansen's conduct is not disqualifying.

By way of background, on October 16, 2024, the parties engaged in a private mediation that did not resolve the claims asserted in the Action. As explained in his accompanying declaration, on October 18, 2024, Mr. Christiansen attempted to contact management of Assertio Holdings, Inc. ("Assertio").[3] Assertio is now the parent company of Defendant Spectrum through

---

[1] Citations to "Defs. Br. at _" refer to Defendants' Memorandum of Law in Support of Their Motion to Disqualify Lead Plaintiff Steven B. Christiansen and for a Stay of Proceedings Pending Appointment of a Substitute Lead Plaintiff, ECF No. 124.

[2] On November 6, 2024, the Court stayed the above-captioned action (the "Action") pending resolution of Defendants' motion to disqualify Mr. Christiansen. ECF No. 129.

[3] *See* Declaration of Steven B. Christiansen, dated November 18, 2024 ("Christiansen Decl."), ¶¶ 7-8. The Christiansen Declaration is Exhibit A to the accompanying Declaration of Jeffrey P.

a merger in 2023. Christiansen Decl., ¶ 5. In an effort to advance settlement discussions on behalf of all Spectrum investors, not a personal settlement as Defendants assert, Mr. Christiansen communicated his views to Darrow Associates ("Darrow"), Assertio's investor relations firm, mistakenly believing that he was communicating directly with Assertio management. *Id*. ¶¶ 6-8.

Tellingly, Defendants do not cite any statute, rule, order or any other authority that prohibited Mr. Christiansen's communications. Indeed, there is no prohibition that "prevent[s] a party to a litigation from reaching out to another party to the litigation to discuss the litigation." *Rektor Sys., Inc. v. Loughlin*, No. 19-cv-7767 (LJL), 2021 WL 2186439, at *1 (S.D.N.Y. May 28, 2021); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-8585 (LJL), 2021 WL 2201388, at *4 (S.D.N.Y. June 1, 2021) (stating that rules of professional conduct do "not prohibit a represented party from reaching out directly to another represented party about ongoing business the two have—so long as the communication is not done at the behest or direction of counsel"). Indeed, under Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), one of the key roles of a lead plaintiff is to evaluate settlement opportunities. *See Plumlee v. Pfizer, Inc.*, No. 5:13-cv-0414-LHK-PSG, 2014 WL 4275553, at *3 (N.D. Cal. Aug. 29, 2014) (stating that class representative's duties include "evaluating settlement opportunities").

To be clear and to reassure the Court, as explained in his declaration, although the case law set forth above would permit him to contact Assertio or its representatives, Mr. Christiansen has now agreed that he will communicate his views regarding the parties' settlement discussions only through lead counsel and the mediator. Christiansen Decl., ¶ 10. He has agreed that he will "not

---

Campisi in Support of Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Disqualify Lead Plaintiff Steven B. Christiansen and for a Stay of Proceedings Pending Appointment of a Substitute Lead Plaintiff, dated November 18, 2024.

2

contact Assertio, Darrow or any representative of Assertio or Spectrum, including its attorneys" and that he will "not discuss the Action with anyone other than my attorneys, except in a deposition or court proceedings in response to questions from an attorney or the Court." *Id*. If desired, Mr. Christiansen is willing to appear before the Court to address any concerns the Court may have. *Id*., ¶ 14.

### B.     Mr. Christiansen Has Been an Exemplary Lead Plaintiff

While Defendants have not identified any harm or prejudice caused as a result of Mr. Christiansen's conduct, the disqualification of Mr. Christiansen at this stage would be disruptive and not in the best interests of the proposed class. The Action has been pending since 2022. In appointing Mr. Christiansen as lead plaintiff, the Court found that "Mr. Christiansen has carried his burden to 'make a preliminary showing that [he] satisfies the typicality and adequacy requirements'" of Rule 23 of the Federal Rules of Civil Procedure. ECF No. 63, at 5-6. Nothing in Defendants' motion rebuts this showing.

In fact, since the Court appointed him lead plaintiff, Mr. Christiansen has taken his duties as lead plaintiff seriously. He has been a zealous advocate for the class, and he has been diligently discharging his duty to oversee the prosecution of the Action on behalf of the proposed class. Christiansen Decl. ¶ 3; ECF Nos. 67, 105-06, 113, 116. He authorized the filing of the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, participated in discovery, reviewed and responded to Defendants' requests for documents and interrogatories, and has produced records concerning his investment in Spectrum common stock. Furthermore, he has filed a motion to certify the class, underscoring Mr. Christiansen's continued desire to prosecute the Action on behalf of the class. Courts routinely approve of a lead plaintiff where he/she demonstrates familiarity "with the facts and legal theories underlying the case, is in regular contact with his lawyers, has met with them, has reviewed the complaint and other case documents,

3

and understands that he is responsible for making decisions that impact the class and representing the class's best interests." *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 176-77 (S.D.N.Y. 2008). Mr. Christiansen meets this standard and has vigorously prosecuted the claims of the proposed class and will continue to do so.

While the Court under the PSLRA has "a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members," a motion to disqualify requires evidence "that is sufficient to meet the 'high bar' for altering a lead plaintiff's status." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 20-cv-08585 (LJL), 2022 WL 17884165, at *6-7 (S.D.N.Y. Dec. 23, 2022); *In re Herley Indus. Inc. Sec. Litig.*, No. 06-2596, 2009 WL 3169888, at *9 (E.D. Pa. Sept. 30, 2009). The adequacy requirement is satisfied where: 1) class counsel is qualified, experienced, and generally able to conduct the litigation; 2) the class members' interests are not antagonistic to one another; and 3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy. *See In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08-MDL-1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009). Defendants' motion does not address the Rule 23 requirements and fails to show how or why Mr. Christiansen's conduct causes him to be unfit under Rule 23's requirements. Where defendants have "not identified any reason for [the court] to doubt that [the lead plaintiff is] capable of fairly and adequately representing the class[, the court] will deny defendants' motion to disqualify [the lead plaintiff.]" *Bitar v. REV Grp., Inc.*, No. 18-CV-1268, 2019 WL 3297468, at *2 (E.D. Wis. July 10, 2019).

C.  **Mr. Christiansen's Interests Are Neither Antagonistic to, Nor in Conflict with, the Interests of Absent Class Members.**

Defendants' arguments suggest that Mr. Christiansen lacks credibility and trustworthiness. However, as set forth in his declaration, Mr. Christiansen believed he was acting in the best interest of the class in seeking to break what he understood to be a logjam in the parties' settlement

4

discussions, and was advocating on behalf of Spectrum investors and not seeking a "personal" settlement. Christiansen Decl. ¶¶ 2, 7. A lead plaintiff's active role in settlement discussions is not unusual, and in fact, as stated in *Plumlee*, cited by Defendants, a representative plaintiff's duties include "evaluating settlement opportunities." 2014 WL 4275553, at *3.

Moreover, Defendants fail to explain how Mr. Christiansen's conduct could become the focus of cross-examination and unique defenses at trial. *German v. Fed. Home Loan Mortgage Corp.*, 168 F.R.D. 145, 154 (S.D.N.Y. 1996) (finding plaintiff's "testimony or credibility that is subject to attack must be 'on an issue critical to one of their . . . causes of action'"). Only when attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members should such attacks render a putative class representative inadequate. *Sanchez v. Arrival S.A.*, No. 22-cv-172 (DG), 2022 WL 20539729, at *8 (E.D.N.Y. Apr. 15, 2022) (quoting *Diaz v. Res. Credit Sols., Inc.*, 299 F.R.D. 16, 21 (E.D.N.Y. 2014)). It is hard to see how information that Defendants assert is confidential and is not admissible at trial under Rule 408 of the Federal Rules of Evidence can or would be introduced at trial and be the subject of cross examination.

**D.     Mr. Christiansen's Personal Beliefs Are Irrelevant to the Action**

In an effort to bolster their threadbare argument that Mr. Christiansen's conduct is disqualifying, Defendants argue that Mr. Christiansen's "paranoid, conspiracy theories" relating to the Columbine school shooting in 1999 provide an additional reason to disqualify him. Defs. Br. at 6. While Defendants cherry-pick from Mr. Christiansen's website posting from 2016, they do not dispute or challenge his veracity and credibility. Indeed, mainstream media outlets and

5

authors have published stories articulating similar theories.[4]  Defendants fail to cite any authority for the proposition that Mr. Christiansen's personal beliefs that have nothing to do with the claims or defenses asserted in the Action are a basis for disqualification.  Indeed, Defendants' efforts to disqualify Mr. Christiansen may raise concerns under the First Amendment and could have a chilling effect on free speech.

Finally, Defendants' conjecture that Mr. Christiansen is "delusional" is unsupported and not based on any evidence (medical or otherwise).  *Id.* at 2.  Defendants have adduced no evidence that Mr. Christiansen's beliefs indicate a "chronic mental health condition," as was the case in *Plumlee*.  2014 WL 4275553, at *3.  In fact, instead of seeking to take Mr. Christiansen's deposition or seeking other discovery to support their argument, they sought and obtained a stay of discovery.  Likewise, *Roundtree v. Cincinnati Bell, Inc.* is distinguishable because the court found plaintiff's "physical and mental factors may affect plaintiff's ability to vigorously participate in the prosecution of a class action, and may also burden his financial resources."  90 F.R.D. 7, 10 (S.D. Ohio 1979).  Defendants do not identify any evidence that physical or mental factors, or financial burden have impaired Mr. Christiansen's ability to vigorously participate in the prosecution of the Action.

For these reasons, Defendants' motion to disqualify Mr. Christiansen should be denied.

### E. Proposed Class Representative and Plaintiff Nizar Sami Ayoub is Willing to Serve as Lead Plaintiff

Assuming, *arguendo*, the Court disqualifies Mr. Christiansen, proposed class representative and plaintiff, Mr. Ayoub is willing to serve as lead plaintiff.  Mr. Ayoub, who has

---

[4]  *Families Allege Columbine Cover-Up*, ABC News (Apr. 17, 2001), https://abcnews.go.com/US/story?id=93550&page=1 (last visited November 14, 2024); Randy, Brown, The Inside Story of Columbine: Lies. Coverups. Ballistics. Lesson. (June 14, 2020), https://www.amazon.com/Inside-Story-Columbine-Coverups-Ballistics/dp/B08B386SXP.

losses of approximately $60,000 as a result of his purchase of Spectrum common stock during the Class Period, has a substantial financial interest in the Action, and has made a showing that he satisfies Rule 23's adequacy and typicality requirements. Mr. Ayoub has filed an action (which the Court has stayed), he has signed a certification under the PSLRA, and he has sought to serve as class representative.[5] If Mr. Christiansen were to be disqualified, Mr. Ayoub's substitution as lead plaintiff would be in the best interest of the class.

The PSLRA is "entirely silent" on the proper procedure for substituting a new lead plaintiff when the previously certified one is disqualified, *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007), and Defendants take no position on the question. Defs. Br. at 7. Where a new lead plaintiff, such as Mr. Ayoub, is willing to step forward, there is no need to start the process anew when all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by means of the statutorily required published notice. *In re Initial*

---

[5] Defendants suggest that the procedure employed to propose Mr. Ayoub as a class representative—the filing of a complaint and seeking to have it consolidated with the Action—was improper and violated the Court's scheduling order. Defs. Br. at 2. Mr. Ayoub's complaint did not reassert previously dismissed claims, alter the class period, or add defendants or new claims. Rather, his complaint demonstrated compliance with the PSLRA's certification requirements and set forth his financial interest in the Action. Courts routinely allow lead plaintiffs to add class representatives at the class certification stage of a litigation. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 125 (S.D.N.Y. 2001) ("A lead plaintiff is not synonymous with a class representative, and in the ordinary course of litigation the class representative will not appear on the scene until long after the lead plaintiff."); *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 140 (S.D.N.Y. 2007) (stating lead plaintiff is able to add class representatives "as needed."). While we apologize to the Court if it believes that we should have moved for Mr. Ayoub to intervene rather than filing a complaint, Plaintiff's class certification motion was due on October 30, 2024 and with Defendants creating a storm over Mr. Christiansen, Plaintiff wanted to add a second class representative. Defendants have not identified any undue prejudice that would result from adding Mr. Ayoub as a class representative or a substitute lead plaintiff through this procedural process.

7

*Public Offering Sec. Litig.*, 214 F.R.D 117, n.5 (S.D.N.Y. 2002).[6]  In selecting substitute lead plaintiffs, courts have considered appointing class members who filed complaints or whose motions were denied at the lead plaintiff appointment stage.  *See also In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2011 WL 1487090, at *2 (S.D.N.Y. Apr. 15, 2011) (considering substitution with movants from the lead plaintiff application process).  However, the Court previously determined that the competing lead plaintiff movants were inadequate.  ECF No. 63, at 2-3.  Moreover, a new lead plaintiff process would further delay the case, and potentially require duplication of proceedings, attorney time, expenses, and waste judicial resources, none of which would be efficient or in the best interests of the proposed class.

**F.      The Court Should Lift the Stay of All Proceedings**

Any continuing stay of all proceedings in the Action will only serve to prejudice the putative class.  Before the Court stayed the Action on November 5, 2024, fact discovery was scheduled to close in January 2025 and lead plaintiff was scheduling several non-party depositions, one of which was scheduled for November 19, 2024 and has since been cancelled.  Any further stay of all proceedings will create further risk of witnesses' memories "fading with time."  *See Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334 (PSG) (SLC), 2020 WL 230183, at

---

[6] *See also In re NYSE Specialists*, 240 F.R.D. at 143 ("since all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by the original motion, there is no need for the Court to re-open the process by ordering a new notice and motion period"); *Endress v. Gentiva Health Servs., Inc.*, 278 F.R.D 78, 83-84 (E.D.N.Y. 2011) ("In addition, the Court concludes that requiring additional publication of a notice is not necessary… Although other putative class members may not specifically receive notice of this present motion, they have had the opportunity to make an informed decision as to whether to apply for the lead plaintiff position. There is no dispute that Endress issued a proper initial notice."); *Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, 2021 WL 2551403, at *6 (D. Colo. Mar. 17, 2021) ("'where a new lead plaintiff is willing to step forward, there is no need to start the process anew when all putative class members were given notice'") (quoting *In re Herley Indust. Inc.*, No. 06-2596, 2010 WL 176869, at *3 (E.D. Pa. Jan. 15, 2010)).

8

*3 (S.D.N.Y. Jan. 15, 2020); *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016).  Accordingly, this Court should lift the stay of all proceedings upon the resolution of this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion and lift the stay of proceedings.

Dated:  November 18, 2024

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jeffrey P. Campisi*
Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
Chang Hahn
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com
chahn@kaplanfox.com

*Lead Counsel for Lead Plaintiff Steven B. Christiansen, and the proposed Class*

9

## CERTIFICATE OF SERVICE

    I, Jeffrey P. Campisi, hereby certify that, on November 18, 2024, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

    */s/ Jeffrey P. Campisi*
    Jeffrey P. Campisi