# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>   v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA and FRANCOIS J. LEBEL,<br><br>     Defendants. | Case No. 1:22-cv-10292 (VEC)<br>Consolidated with:<br>Case No. 1:22-cv- 10677 (VEC);<br>Case No. 1:23-cv-00767 (VEC) |

## DECLARATION OF STEVEN B. CHRISTIANSEN

I, Steven B. Christiansen, declare the following:

1.  Since March 2023, I have served as lead plaintiff in the above-captioned action (the "Action").

2.  I understand that as lead plaintiff I am required to oversee counsel and direct the litigation on behalf of the proposed class, stay apprised of developments in the Action, and that I have a duty to act in the best interest of the proposed class.

3.  I have faithfully carried out my duty to oversee the prosecution of the Action on behalf of the proposed class. I am familiar with the facts at issue, and the claims and defenses alleged in the Action. I authorized the filing of the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, I participated in discovery, reviewed and responded to Defendants' requests for documents and interrogatories, produced my records concerning my investment in Spectrum common stock, and authorized the filing of the motion to certify the class.

4.      I have read: 1) Defendants' Memorandum of Law in Support of Defendants' Motion to Disqualify Lead Plaintiff Steven B. Christiansen and for a Stay of Proceedings Pending Appointment of a Substitute Lead Plaintiff, and 2) the Declaration of James J. Beha II In Support of Defendants' motion, including its exhibits.

5.      I understand that in 2023 Spectrum was acquired by Assertio Holdings, Inc. ("Assertio").  I held shares of Spectrum Pharmaceuticals, Inc. ("Spectrum") common stock at the time Assertio's acquisition of Spectrum closed, and my Spectrum shares were then converted to Assertio common stock.  Accordingly, at the time the merger closed, I became a shareholder of Assertio common stock.

6.      I understand that on October 16, 2024, counsel for the parties in the Action engaged in a mediation.  While I did not attend the mediation, I was apprised by my counsel of the proceedings. I understand that the mediation did not resolve the claims asserted in the Action. Because Assertio owns Spectrum, it was my understanding that Assertio management was involved in the parties' settlement discussions.

7.      After the mediation, I desired to communicate my views concerning the parties' settlement discussion with Assertio management and to advocate for a resolution on terms that were in the best interest of the proposed class.  I was not seeking a personal settlement.

8.      On October 18, 2024, I communicated with individuals affiliated with Darrow Associates ("Darrow") concerning the Action.  I communicated with Darrow because Assertio's investor relations website indicated that investors could contact Assertio management through Darrow.  At the time, I did not appreciate that Darrow is Assertio's outside investor relations firm.

9.      I now understand that I should have expressed my views regarding the parties' settlement discussions confidentially through my counsel and the mediator. I also now understand that Darrow is Assertio's outside investor relations firm.

10.      On October 26, 2024, I signed the attached letter addressed to lead counsel, in which I have agreed to not contact Assertio, Darrow or any representative of Assertio or Spectrum, including its attorneys, and to not discuss the Action with anyone other than my attorneys, except in a deposition or court proceedings in response to questions from an attorney or the Court. I will communicate my views regarding the parties' settlement discussions through lead counsel and the mediator.

11.      Defendants have submitted a copy of an affidavit that I signed in 2016 and posted on a website that I maintain. Defendants quote from my affidavit and allege that my statements indicate that I am "delusional."

12.      I reject this assertion. I am of sound mind and body.

13.      My personal view and beliefs about the Columbine school shooting have nothing to do with the claims alleged in the Action or my ability to serve as lead plaintiff. I view myself as a whistleblower and I have furnished information set forth on my website (www.columbinecoverup.com) to various governmental bodies, including the Inspector General of the U.S. Department of Justice ("DOJ"). I note that Defendants fail to dispute any information on my website or in my DOJ Affidavit (https://columbinecoverup.com/us-doj-affidavit).

14.      I am willing to appear before the Court to address any questions or concerns the Court may have concerning my conduct and ability to continue serving as lead plaintiff.

15.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2024.

Steven B. Christiansen

Mr. Steven B. Christiansen



October 26, 2024



Jeffrey P. Campisi
800 Third Avenue
38th Floor
New York, NY 10022

      **Re:**    *Christiansen v. Spectrum Pharmaceuticals Inc. et al.*

Dear Mr. Campisi:

     I will not contact Assertio, Darrow or any representative of Assertio or Spectrum, including its attorneys, and I will not discuss this case with anyone other than my attorneys, except in a deposition or court proceedings in response to questions from an attorney or the court.

                        Sincerely,

                        Steven B. Christiansen