**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA and FRANCOIS J. LEBEL,<br><br>Defendants. | Case No. 1:22-cv-10292 (VEC)<br><br>Consolidated with<br>Case No. 1:22-cv- 10677 (VEC);<br>Case No. 1:23-cv-00767 (VEC) |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION TO VACATE THE STAY OF ALL PROCEEDINGS**

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
Jennifer Ligansky
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com
jligansky@kaplanfox.com

*Lead Counsel for Lead Plaintiff Steven B.*
*Christiansen and the Proposed Class*

Dated: April 17, 2025

The above-captioned consolidated action (the "Action") has been stayed for over five months. Respectfully, Mr. Christiansen (the "Lead Plaintiff") now moves the Court to vacate the stay of all proceedings.

On November 4, 2024, Defendants filed a motion to disqualify the Lead Plaintiff and for a stay of proceedings pending the appointment of a substitute lead plaintiff. ECF No. 123 (the "Motion to Disqualify"). On November 6, 2024, the Court granted Defendants' motion to stay all proceedings, including discovery and plaintiffs' motion to certify the Class. ECF No. 129 ("Nov. 6 Stay Order"). On November 18, 2024, Lead Plaintiff filed his opposition to the Motion to Disqualify, which argued against disqualification of Mr. Christiansen. ECF No. 130.

Imposition of a stay is an extraordinary remedy that should be granted only in rare circumstances. *See Aurora Distr. Solar v. AKTOR, S.A.*, 17-CV-2009 (VEC), 2017 WL 11708413, at *2 (S.D.N.Y. June 8, 2017) (stating court's inherent power to stay proceedings should be exercised "only in rare circumstances.") (Caproni, J.) (citation omitted). As explained below, all relevant factors that courts consider in determining whether to impose a stay weigh against it and the stay prejudices Lead Plaintiff and the proposed class. Therefore, Lead Plaintiff respectfully requests that the Court vacate the Nov. 6 Stay Order and permit the case to proceed.

## I.    The Court Should Vacate the Nov. 6 Stay Order.

In determining whether to issue a stay, courts consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Pozo v. BlueMercury, Inc.*, 22-CV-7382 (VEC), 2023 WL 4980217, at *6 (S.D.N.Y. Aug. 3, 2023) (Caproni, J.). All of these factors weigh in favor of vacating the stay.

**A.      The Stay Prejudices Lead Plaintiff and the Interests of the Proposed Class.**

Lead Plaintiff and members of the proposed Class have a strong interest in proceeding expeditiously. *See Pozo*, 2023 WL 4980217, at *6 (finding plaintiff's interest in proceeding expeditiously weighs against staying proceedings); *Poppel v. Rockefeller Univ. Hosp.*, No. 19-CV-1403 (ALC), 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019) (same); *Export-Import Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09 Civ. 3573 (PCG), 2010 WL 3743826, at *12 (S.D.N.Y. Sept. 24, 2010) (same). The Action was filed in 2022. Before the Court stayed the Action in November 2024, fact discovery was scheduled to close in January 2025 and Lead Plaintiff had scheduled or was scheduling several depositions. Additionally, just days before the Nov. 6 Stay Order, Lead Plaintiff and additional plaintiff Nizar Sami Ayoub filed a motion to certify the Class. ECF Nos. 116-20.

Moreover, a continued stay will create further risk that "with the continued passage of time, memories fade, evidence becomes stale, and the effort to identify and include potential class plaintiffs becomes more difficult." *Bachayeva v. Americare Certified Special Services, Inc.*, No. 12–CV–1466 (RRM)(SMG), 2013 WL 4495672, at *6 (E.D.N.Y. Aug. 20, 2013); *see Kirschner v. J.P. Morgan Chase Bank, N.A.*, 17 Civ. 6334 (PGG) (SLC), 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020); *Mirra v. Jordan*, 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *1, 3 (S.D.N.Y. Feb. 29, 2016) (finding prejudice to plaintiff where events occurred "many years ago" and witnesses "'are less likely to remember already distant events as time wears on.'"). As noted above, at least one deposition had been scheduled in November 2024 and several depositions were being scheduled when the Court stayed the Action.

Finally, while the Action has been stayed, ongoing settlement discussions in this case have ended and other litigants with claims against Defendants have settled. On April 10, 2025, the

parties in *Luo v. Spectrum Pharmaceuticals, Inc.*, 21-cv-1612 (D. Nev.), disclosed that they have reached a classwide settlement of claims brought under the Securities Exchange Act of 1934 against Defendants Spectrum Pharmaceuticals, Inc., Thomas Riga and Francois Lebel, among others. *See* Docket Entry ECF No. 129 in *Luo.* To the extent Defendants may have limited resources to contribute to resolving litigation claims, Lead Plaintiff and the proposed Class have already been prejudiced because they face the prospect of being left with defendants who have diminished resources with which to pay a judgment. *See Galati v. Pharmacia & Upjohn Co.*, *No.* 10–CV–3899 (JS)(ARL), 2011 WL 2470047, at *2 (E.D.N.Y. June 17, 2011) (finding stay imprudent when defendants, who faced similar suits, may not have been able to pay damages once case finally resolved); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) (same). Factors 1 and 4 weigh in favor of vacating the Nov. 6 Stay Order.

**B.      Vacating the Nov. 6 Stay Order Presents No Undue Burden on Defendants.**

To justify a stay, the burden is on the Defendants to show clear hardship or inequity. *See Jock v. Sterling Jewelers, Inc.*, 677 F. Supp. 2d 661, 667 (S.D.N.Y. 2009); *U.S. v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014); *Export-Import Bank*, 2010 WL 3743826, at *12. None exists here. At best, Defendants' hardship is the time and expense of continued litigation. However, courts routinely deny a request to stay when the only hardship is the intrinsic inconvenience of proceeding with litigation. *See e.g., Pellegrino v. Procter & Gamble Co.*, No. 23-CV-10631 (KMK), 2025 WL 240762, at *8 (S.D.N.Y. Jan. 17, 2025) (denying stay when defendant's only justification was to avoid expense and burden of briefing motions to dismiss); *Town of Oyster Bay*, 66 F. Supp. 3d at 292 (denying stay when any expense and time involved with proceeding with litigation "would not be a waste" because plaintiff's claim may still be viable

following contemplated intervening change in law); *Export-Import Bank*, 2010 WL 3743826, at *13 (finding defendant's limited financial resources to litigate insufficient to justify stay).

The Action is well past the motion to dismiss and it cannot be credibly argued that Defendants have made a showing that Lead Plaintiff's claims are meritless. The Court has already denied in part Defendants' motion to dismiss and resolution of the Motion to Disqualify is not dispositive of the claims asserted in the Action. Even assuming, *arguendo*, that the Court were to disqualify Mr. Christiansen—which it should not—Defendants concede that the Action, including discovery, would continue with a substitute lead plaintiff. ECF Nos. 124, 132 (Defendants taking no position on process to replace Plaintiff if the Court were to disqualify him). This factor weighs in favor of vacating the Nov. 6 Stay Order.

**C.      Vacating the Nov. 6 Stay Order Serves the Court's and the Public's Interests.**

Vacating the stay would serve the Court's interests in promoting judicial economy and expeditiously resolving the Action. *See Hicks v. City of New York*, 268 F. Supp. 2d 238, 243 (E.D.N.Y. 2003) (holding that "a court's interest is usually best served by discouraging motions to stay"); *Jock*, 677 F. Supp. 2d at 667-68 ("Delay is the bane of the American legal system, and this Court is loath to contribute to further delay."). Vacating the stay would encourage an expeditious resolution of the Action by allowing the parties to continue fact and expert discovery, to complete the briefing on the motion to certify the Class, to continue settlement discussions, and to set a trial date. Furthermore, the continuation of an indefinite stay undermines the "speedy" determination of civil actions, to which the Federal Rules are committed. *See* Fed. R. Civ. Pro. 1; *Pellegrino*, 2025 WL 240762, at *8 (denying stay that risked "indefinitely clogging" court's docket). Factors 3 and 5 weigh in favor of vacating the Nov. 6 Stay Order.

4

For the reasons set forth above, the Court should vacate the Nov. 6 Stay Order and order the parties to submit an amended Civil Case Management Plan and Scheduling Order.

Respectfully submitted,

Dated: April 17, 2025                                    **KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jeffrey P. Campisi*
Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
Jennifer Ligansky
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com
jligansky@kaplanfox.com

*Lead Counsel for Lead Plaintiff Steven B.*
*Christiansen and the Proposed Class*

5

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,327 words and complies with the type-volume limitation of Local Civil Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern District of New York. I also certify that this brief complies with the typeface and type style requirements of Local Civil Rule 7.1(b)(1)(2)(3).

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 17, 2025, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi