**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-10292 (VEC) |
| Plaintiff, | Consolidated with Case No. 1:22-cv- 10677 (VEC); Case No. 1:23-cv-00767 (VEC) |
| v. | |
| SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA and FRANCOIS J. LEBEL, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF KAPLAN FOX & KILSHEIMER LLP'S
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF
STEVEN B. CHRISTIANSEN**

This memorandum of law is submitted in support of the Motion of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to Withdraw as Counsel for Plaintiff Steven B. Christiansen ("Mr. Christiansen") in the above-captioned action. All attorneys from Kaplan Fox, including Robert N. Kaplan, Jeffrey P. Campisi, Brandon Fox, and Jennifer Ligansky request withdrawal as counsel of record for Mr. Christiansen.

The grounds for this motion are set forth in the Declaration of Jeffrey P. Campisi in Support of the Motion of Kaplan Fox & Kilsheimer LLP to Withdraw as Counsel for Plaintiff Steven B. Christiansen, dated August 20, 2025 submitted herewith ("Campisi Decl.").

On August 4, 2025, the Court disqualified Mr. Christiansen as lead plaintiff and the Court reopened the lead plaintiff appointment process to members of the proposed Class. ECF No. 143. Accordingly, the Court will select a substitute lead plaintiff to oversee and direct the litigation under the Private Securities Litigation Reform Act of 1995. 15 U.S.C. § 78u-4(a)(3)(B). While Mr. Christiansen is no longer the Court-appointed lead plaintiff, he remains a member of the proposed Class and he may continue to participate and recover as a member of the proposed class in this litigation. Accordingly, Kaplan Fox and its attorneys' withdrawal as counsel for Mr. Christiansen will not cause any material adverse effect on the interests of Mr. Christiansen. Campisi Decl. ¶3.

Furthermore, withdrawal as counsel for Mr. Christiansen will not cause any undue delay to the proceedings, as the Court has set September 24, 2025 as the deadline for members of the putative class to move the Court to serve as substitute lead plaintiff. *Id*. ¶4. This case has been stayed since November 2024 and no trial date has been set. *Id*.

Finally, good cause for withdrawal exists because Mr. Christiansen's *pro se* letter to the Court (ECF No. 144) has created a conflict between Mr. Christiansen and his counsel that has rendered the representation unreasonably difficult for Kaplan Fox to continue. *Id*. ¶5.

For these reasons, good and sufficient cause exists to grant Kaplan Fox's Motion to Withdraw as Counsel for Plaintiff Steven B. Christiansen. *Id*. ¶6.

## I.    LEGAL STANDARDS

Rule 1.16(c) of the New York Rules of Professional Conduct, "Declining or Terminating Representation," outlines circumstances under which a lawyer must or may withdraw from representing a client:

> **(c)** Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:
>
> *(1)* withdrawal can be accomplished without material adverse effect on the interests of the client; . . .
>
> *(4)* the client insists upon taking action with which the lawyer has a fundamental disagreement; . . .
>
> *(7)* the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; . . .
>
> *(12)* the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal . . . .

N.Y. Rules of Prof. Conduct 1.16(c) (2025).

The New York Rules of Professional Conduct further provide that "**(d)** If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." N.Y. Rules of Prof. Conduct 1.16(d) (2025).

Rule 1.4(b) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to

withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. . . . All motions to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Local Rule 1.4(b).

## II.    ARGUMENT

In determining a motion to withdraw, courts considers both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Thekkek v. LaserSculpt, Inc.,* No. 11 Civ. 4426(HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (quoting *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)) (internal quotation marks omitted). "It is well-settled that a lawyer may seek to withdraw when the client 'renders it unreasonably difficult for the lawyer to carry out [such] employment effectively.'" *U.S. v. Lawrence Aviation Indus.,* No. CV 06–4818(JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include the existence of irreconcilable conflict between attorney and client. *Munoz v. City of New York,* No. 04 Civ. 1105(JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw where "acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444-45 (S.D.N.Y. 2014).

As outlined above and in the accompanying Campisi Declaration, good and sufficient cause exists to grant Kaplan Fox's motion to withdraw as counsel for Plaintiff Steven B. Christiansen. Although Mr. Christiansen opposes the motion to withdraw, Mr. Christiansen's *pro se* letter demonstrates that the attorney-client relationship has broken down, and under these conditions courts have found that a termination of the relationship would be in the best interest of both. *See Benvenisti v. City of New York*, No. 04CIV3166JGK/RLE, 2006 WL 44039, at *1 (S.D.N.Y. Jan.

6, 2006); *see also Farmer*, 60 F. Supp. 3d at 444-45; *Naguib v. Public Health Solutions*, No. 12 CV 2561(ENV)(LB), 2014 WL 2002824, *1 (E.D.N.Y. May 15, 2014).

### III.    CONCLUSION

For the foregoing reasons, Kaplan Fox respectfully requests that the Court grant its motion to withdraw as counsel for plaintiff Steven B. Christiansen.

Dated: August 20, 2025                  **KAPLAN FOX & KILSHEIMER LLP**

                                        */s/ Jeffrey P. Campisi*
                                        Robert N. Kaplan
                                        Jeffrey P. Campisi
                                        Brandon Fox
                                        Jennifer Ligansky
                                        800 Third Avenue, 38th Floor
                                        New York, NY 10022
                                        T: (212) 687-1980
                                        F: (212) 687-7714
                                        rkaplan@kaplanfox.com
                                        jcampisi@kaplanfox.com
                                        bfox@kaplanfox.com
                                        jligansky@kaplanfox.com

                                        *Counsel for Plaintiff Steven B. Christiansen*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief contains 1,018 words and complies with the type-volume limitation of Local Civil Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern District of New York, dated January 2, 2025, and Rule 4.B.i. of the Individual Practices in Civil Cases of Judge Valerie Caproni dated March 17, 2025. I also certify that this brief complies with the typeface and type style requirements of Local Civil Rule 7.1(b)(1)(2)(3).

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi
