**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA and FRANCOIS J. LEBEL,<br><br>Defendants. | Case No. 1:22-cv-10292 (VEC)<br><br>Consolidated with<br>Case No. 1:22-cv- 10677 (VEC);<br>Case No. 1:23-cv-00767 (VEC) |

<u>**DECLARATION OF JEFFREY P. CAMPISI IN SUPPORT OF THE MOTION OF KAPLAN FOX & KILSHEIMER LLP TO WITHDRAW AS COUNSEL FOR PLAINTIFF STEVEN B. CHRISTIANSEN**</u>

Under 28 U.S.C. § 1746 and under penalty of perjury, I, Jeffrey P. Campisi, declare as follows:

1.    I am a partner at the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), 800 Third Avenue, 38th Floor, New York, NY 10022. I am counsel of record for Plaintiff, Steven B. Christiansen ("Mr. Christiansen") in the above-captioned matter. I am a member of good standing of the Bar of the State of New York and am admitted to practice before this Court. I have knowledge of the matters set forth herein and submit this declaration in support of Kaplan Fox's Motion to Withdraw as Counsel for Plaintiff Steven B. Christiansen.

2.    Rule 1.4(b) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the

attorney is asserting a retaining or charging lien. . . . All motions to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Local Rule 1.4(b).

3.　On August 4, 2025, the Court disqualified Mr. Christiansen as the Court-appointed lead plaintiff and the Court reopened the lead plaintiff appointment process to members of the proposed Class. ECF No. 143. Kaplan Fox and its attorneys' withdrawal as counsel for Mr. Christiansen will not cause any material adverse effect to the interests of Mr. Christiansen as he may continue to participate and recover as a member of the proposed class in this litigation.

4.　Withdrawal as counsel for Mr. Christiansen will not cause any undue delay to the proceedings, as the Court has set September 24, 2025 as the deadline for members of the putative class to move the Court to serve as substitute lead plaintiff. ECF No. 143. This case has been stayed since November 2024 and no trial date has been set. ECF No. 129.

5.　Furthermore, good cause for withdrawal exists because Mr. Christiansen's *pro se* letter to the Court (ECF No. 144) has created a conflict between Mr. Christiansen and his counsel that has rendered the representation unreasonably difficult for Kaplan Fox to continue.

6.　All attorneys from Kaplan Fox, including Robert N. Kaplan, Jeffrey P. Campisi, Brandon Fox, and Jennifer Ligansky request withdrawal as counsel of record for Mr. Christiansen.

7.　Kaplan Fox is not asserting a retaining or charging lien.

8.　Therefore, I believe that good and sufficient cause exists to grant Kaplan Fox's Motion to Withdraw as Counsel for Plaintiff Steven B. Christiansen.

9.　Mr. Christiansen has informed Kaplan Fox that he does not consent to the termination of the representation.

I declare under penalty of perjury that the foregoing is true and correct.

2

Executed this 20th day of August, 2025, at New York, New York.

_/s/ Jeffrey P. Campisi_