**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN B. CHRISTIANSEN, on behalf of himself and a class of similarly situated investors,

    Plaintiff,

v.

SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,

    Defendants.

Case No.1:22-cv-10292-VEC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2025

---

## MOTION OF STEVEN B CHRISTIANSEN

## FORMER LEAD PLAINTIFF

I submit this declaration in support of my Motion to remain represented by Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") in the above-captioned related securities actions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

- SPECIAL NOTE *

a) As communicated to Robert Kaplan via email the time frame to obtain a new law firm or retain counsel is far too great now for any firm to be interested. I had discussed this with several other law firms in June 2024 when I was unable to get Jeff Campisi to engage James Beha by phone conference to determine his willingness to settle.

b) As communicated to Robert Kaplan I had requested that Jeff Campisi be removed as attorney working on the litigation against Spectrum Pharmaceutical inc.

c) The biggest concern and reason for law firms not to be interested is the lien that would surely be placed against the action of Steven B Christiansen by Kaplan Fox & Kilsheimer LLP. That fees due the law firm would be part of the end settlement. Not a

    separate settlement for the representation of Steven B Christiansen during his time as Lead Plaintiff.

d) As of this writing, this still remains true. Obtaining counsel this late into the case is an impossibility.

e) The founding principles of the American Judicial System is to be represented by competent legal counsel in matters of litigation.

1: Let's not lose focus that the origin of this and all filings to the case originate from Jeff Campisi, who refused from May of 2024 to October 2024 to set a Phone Settlement Conference to determine the willingness of the defendants and their attorneys to settle this case for the proper amount.

2: Let's not lose focus of the fact that Jeff Campisi refused the requests of Steven B Christiansen who represented and was spokes person for the Class of Investors who make up the Plaintiffs in this case.

3: Let's not lose focus of the fact that in May of 2024 Jeff Campisi could have set a phone conference with the defendants counsel attorney James Beha. For June as requested by Steven B Christiansen. Jeff Campisi instead set a conference date in October of 2024, six months in advance to discuss settlement.

4: Let' not lose focus of the fact that Jeff Campisi seemingly has no concept of the added damage done financially to an investor every month an year that goes by without the use of their investment money. Lost earnings from the loss of money tied up in litigation.

5: Let's not lose focus of the fact that after six months (6) of waiting on an empty promise that in October 2025, Assertio Holdings LLC would be in a position and be willing to settle the matter equitably.

6: Let's not lose focus on the fact that after six months (6) of this foolishness, Steven B Christiansen was out of patience for the "TOM FOOLERY" of Jeff Campisi and;

a) As a dual share holder in both Assertio Holdings Inc & Spectrum Pharmaceutical Inc chose to contact management of Assertio Holdings Inc.

    b) That like a coin with two sides, Steven B Christiansen has two sides of interest in this litigation as (1) Shareholder in Spectrum Pharmaceutical Inc (2) Shareholder in Assertio Holding Inc. Chose to exercise his 1st Amendment Right to Free Speech to contact Assertio Holdings Inc and attempt to discuss the negative effect the litigation was having on the share price of Assertio ASRT and that it would be best to settle before anymore suits would be filed.

    c) Recent History proves Steven B Christiansen was 100% correct in his concerns.

- JEFF CAMPISI ASERTS *

While Mr. Christiansen is no longer the Court-appointed lead plaintiff, he remains a member of the proposed Class and he may continue to participate and recover as a member of the proposed class in this litigation. Accordingly, Kaplan Fox and its attorneys' withdrawal as Counsel for Mr. Christiansen will not cause any material adverse effect on the interests of Mr. Christiansen. Campisi Decl. ¶3.

- RESPONSE *
  This is patently false.

    The biggest concern and reason for law firms not to be interested is the lien that would surely be placed against the action of Steven B Christiansen by Kaplan Fox & Kilsheimer LLP. That fees due the law firm would be part of the end settlement. Not a separate settlement for the representation of Steven B Christiansen during his time as Lead Plaintiff.

- Jeff Campisi Asserts *

This memorandum of law is submitted in support of the Motion of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to Withdraw as Counsel for Plaintiff Steven B. Christiansen ("Mr. Christiansen") in the above-captioned action. All attorneys from Kaplan Fox, including Robert N. Kaplan, Jeffrey P. Campisi, Brandon Fox, and Jennifer Ligansky request Withdrawal as counsel of record for Mr. Christiansen.

- RESPONSE *
  Steven B Christiansen had requested that Jeff Campisi be removed. That Jeff Campisi was the origin of the problem by representing the requests of the defendants counsel James Beha over the requests of the Lead Plaintiff Steven B Christiansen.

  There has been no conflict with any of the other attorneys.

2

- JEFF CAMPISI ASSERTS *

Finally, good cause for withdrawal exists because Mr. Christiansen's *pro se* letter to the Court (ECF No. 144) has created a conflict between Mr. Christiansen and his counsel that has rendered the representation unreasonably difficult for Kaplan Fox to continue. *Id*. ¶5.

- RESPONSE*

    <u>Silenced by the circumstances controlling Steven B Christiansen. The Pro Se Letter was a last resort to communicate to the court what Jeff Campisi refused to communicate on behalf of the Lead Plaintiff.</u>

    <u>The Pro Se Letter was 100% necessary.</u>

I. **LEGAL STANDARDS**

- **JEFF CAMPISI CHERRY PICKS BUT OMITTS THE REST ***

Rule 1.16(c) of the New York Rules of Professional Conduct, "Declining or Terminating Representation," outlines circumstances under which a lawyer must or may withdraw from representing a client:

**(c)** Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:

*(1)* withdrawal can be accomplished without material adverse effect on the interests of the client; . . .
 * FALSE… The biggest concern and reason for law firms not to be interested is the lien that would surely be placed against the action of Steven B Christiansen by Kaplan Fox & Kilsheimer LLP. That fees due the law firm would be part of the end settlement. Not a separate settlement for the representation of Steven B Christiansen during his time as Lead Plaintiff.

*(4)* The client insists upon taking action with which the lawyer has a fundamental disagreement; . . .
- FALSE. Jeff Campisi represented the requests of James Beha of the interests of the Lead Plaintiff, Steven B Christiansen whom represents the best interests of the Class of that makes up the Plaintiffs.

*(7)* The client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; . . .
- FALSE. Since the inception of the case Jeff Campisi has had a diligent and engaged client as lead plaintiff. Who usually responded within twenty four (24) hours to any request made by Jeff Campisi
- Jeff Campisi deliberately refused to call James Beha for six (6) months to discuss the possibility of settling.

3

- Had Jeff Campisi called James Beha in June 2024 as requested by Steven B Christiansen he would have found out that James Beha was only playing him like a fiddle and could have moved forward with taking depositions and set a trial date.
- Steven B Christiansen was ready to move forward, Jeff Campisi did nothing for six (6) months at the request of Jams Beha.

*(12)* The lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal . . . .

- Jeff Campisi fails to state what other good cause is ?

When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." N.Y. Rules of Prof. Conduct 1.16(d) (2025).

- As stated before: …
  The biggest concern and reason for law firms not to be interested is the lien that would surely be placed against the action of Steven B Christiansen by Kaplan Fox & Kilsheimer LLP. That fees due the law firm would be part of the end settlement. Not a separate settlement for the representation of Steven B Christiansen during his time as Lead Plaintiff.

## II. ARGUMENT

In determining a motion to withdraw, courts considers both "the reasons for withdrawal

and the impact of the withdrawal on the timing of the proceeding

- RESPONSE*
  It all could have been avoided if Jeff Campisi had responded to the clients request in May & June of 2024

  The timing of the proceeding could have been un-affected.

- JEFF CAMPISI PICKS ONLY WHAT HE THINKS WILL WORK BEST FOR HIMSELF* ( below)

." *Thekkek v. LaserSculpt, Inc.,* No. 11 Civ. 4426(HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (quoting *Karimianv. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)) (internal quotation marks omitted).

"It is well-settled that a lawyer may seek to withdraw when the client'renders it unreasonably difficult for the lawyer to carry out [such]employment effectively.'" *U.S. v. Lawrence Aviation Indus.,* No. CV 06–4818(JFB)(ARL), 2011WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted)

.Satisfactory reasons for withdrawal include the existence of irreconcilable conflict between attorney and client. *Munoz v. City of New York,* No. 04 Civ. 1105(JGK), 2008 WL 2843804, at *1(S.D.N.Y. July 15, 2008)

4

(plaintiff's law firm demonstrated satisfactory reasons to withdraw where "acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); *Farmerv. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444-45 (S.D.N.Y. 2014).

As outlined above and in the accompanying Campisi Declaration, good and sufficient cause exists to grant Kaplan Fox's motion to withdraw as counsel for Plaintiff Steven B. Christiansen.

- RESPONSE
- As outlined above and in the accompanying Campisi Declaration,
- Good and Sufficient cause Does Not Exists ….
- .to grant Kaplan Fox's motion to withdraw as counsel for Plaintiff Steven B. Christiansen.

Although Mr. Christiansen opposes the motion to withdraw, Mr. Christiansen's *pro se* letter demonstrates that the attorney-client relationship has broken down, and under these conditions courts have found that a termination of the relationship would be in the best interest of both.

- RESPONSE *
  It would only be in the best interest of Jeff Campisi, Not The Client.

### III. CONCLUSION

**For the foregoing reasons, Steven B Christiansen respectfully requests the Court;**

**Not to grant the motion of by Kaplan Fox & Kilsheimer LLP to withdraw as counsel for plaintiff Steven B. Christiansen.**

a) As communicated to Robert Kaplan via email the time frame to obtain a new law firm or retain counsel is far too great now for any firm to be interested. I had discussed this with several other law firms in June 2024 when I was unable to get Jeff Campisi to engage James Beha by phone conference to determine his willingness to settle.

b) **As communicated to Robert Kaplan I had requested that Jeff Campisi be removed as attorney working on the litigation against Spectrum Pharmaceutical inc.**

c) The biggest concern and reason for law firms not to be interested is the lien that would surely be placed against the action of Steven B Christiansen by Kaplan Fox & Kilsheimer LLP. That fees due the law firm would be part of the end settlement. Not a separate settlement for the representation of Steven B Christiansen during his time as Lead Plaintiff.

d) As of this writing, this still remains true. Obtaining counsel this late into the case is an impossibility.

e) The founding principles of the American Judicial System is to be represented by competent legal counsel in matters of litigation.

Executed on August 22, 2025

STEVEN B CHRISTIANSEN

Mr. Christiansen's submission further supports Kaplan Fox's representation that the attorney-client relationship has deteriorated.  Mr. Christiansen's argument that no other law firm would agree to represent him because of Kaplan Fox's anticipated charging lien is unfounded; Mr. Campisi represented in his August 20, 2025, Declaration that Kaplan Fox is not asserting a retaining or charging lien.  Dkt. 147 ¶ 7.

Accordingly, the motion to withdraw is GRANTED.  The Clerk of the Court is respectfully directed to terminate the open motion at Dkt. 145 and to terminate appearances of Robert N. Kaplan, and Jeffrey P. Campisi, and Brandon Fox. Jennifer Ligansky, who is also referenced in the motion to withdraw, never appeared in the case.

Not later than **30 days** after the Court appoints a new Lead Plaintiff, Mr. Christiansen must either secure new counsel, file a Notice of *Pro Se* Appearance, or withdraw as a named Plaintiff.  The form for a Notice of *Pro Se* Appearance is available at https://nysd.uscourts.gov/node/826.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Christiansen at P.O. Box 980202, Park City, UT 84090.

SO ORDERED.

8/26/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

6