UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, on behalf of himself and a class of similarly situated investors, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL, <br><br> Defendants | Case No. 1:22-cv-10292 (VEC) <br><br> Consolidated with <br> Case No. 1:22-cv- 10677 (VEC); <br> Case No. 1:23-cv-00767 (VEC) |
| NIZAR SAMI AYOUB, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL, <br><br> Defendants. | Case No. 1:24-cv-08138-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF NIZAR SAMI AYOUB'S MOTION FOR CONSOLIDATION, APPOINTMENT AS SUBSTITUTE LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    PROCEDURAL BACKGROUND ............................................................................ 2

II.   ARGUMENT .......................................................................................................... 3

      A.    The *Ayoub* Action Should Be Consolidated into the Consolidated Action ............. 3

      B.    The PSLRA Standard for Appointing Lead Plaintiff ............................................... 4

      C.    Mr. Ayoub Is the "Most Adequate Plaintiff" under the Exchange Act ................... 5

           1.    Mr. Ayoub Has Satisfied the PSLRA's Procedural Requirements ............. 5

           2.    Mr. Ayoub Has the Largest Financial Interest in the Relief Sought
               by the Class ......................................................................................... 6

      D.    Mr. Ayoub Is Qualified Under Rule 23 ................................................................... 6

           1.    Mr. Ayoub's Claims Are Typical of the Claims of the Class ..................... 7

           2.    Mr. Ayoub Will Fairly and Adequately Represent the Class's
               Interests ............................................................................................. 7

           3.    This Court Should Approve Mr. Ayoub's Choice of Counsel .................... 8

III.  CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Born v. Quad/Graphics, Inc.*,
No. 19-CV-10376, 2020 WL 994427 (S.D.N.Y. Mar. 2, 2020) ........................................... 7, 8

*Faig v. Bioscrip, Inc.*,
No. 13-cv-6922, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ........................................... 3, 4

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16 CIV. 03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ........................................... 7

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)........................................................................................... 4

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................. 3, 4, 8, 9

*KuxKardos v. Vimpelcom, LTD.*,
151 F. Supp. 3d 471 (S.D.N.Y 2016)................................................................................. 3, 4

*Logan v. QRx Pharma Ltd.*,
No. 15 CIV. 4868, 2015 WL 5334024 (S.D.N.Y. Sept. 14, 2015)........................................... 7

*Macquarie Infrastructure Corp. v. Moab Partners, L.P.*,
601 U.S. 257 (2024)........................................................................................................... 2

*Samit v. CBS Corp.*,
No. 18 CIV. 7796 (VEC), 2018 WL 11224303 (S.D.N.Y. Nov. 30, 2018) .............................. 6

**Statutes**

15 U.S.C. § 78u-4 ......................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23............................................................................................................ 2, 5, 6, 7

Fed. R. Civ. P. 42............................................................................................................ 1, 3

Plaintiff Nizar Sami Ayoub ("Mr. Ayoub"), by his counsel, respectfully submits this Memorandum of Law under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the action captioned *Ayoub v. Spectrum Pharmaceuticals, Inc., et al.*, Case No. 1:24-cv-08138 (VEC) into the above-captioned consolidated action, 1:22-cv-10292-VEC (the "Consolidated Action") under Rule 42 of the Federal Rules of Civil Procedure; (ii) appointing Mr. Ayoub as substitute lead plaintiff for the Consolidated Action; (iii) approving his selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to continue to serve as lead counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

Mr. Ayoub has a substantial financial interest in the Consolidated Action and is willing and able to take an active role overseeing counsel and serving the best interest of the Class.[1] He believes that with losses of approximately $60,571.62 he has the largest financial interest in the outcome of this litigation, and thus he is presumptively entitled to be appointed as substitute lead plaintiff and that his choice of counsel should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Moreover, Mr. Ayoub is 64 years old and is a retired engineer. During his career of over 30 years he worked as a Licensed Professional Engineer and Certified Professional Project Manager for several government agencies relating to transportation and public works. Campisi Decl. Ex. B, ¶ 3. He has experience coordinating with lawyers and participating in negotiations. *Id*. Moreover, he understands that a lead plaintiff is required to oversee counsel and direct the litigation on behalf of

---

[1] *See* Declaration of Jeffrey P. Campisi in Support of Nizar Sami Ayoub's Motion for Consolidation, Appointment as Substitute Lead Plaintiff and Approval Of Lead Counsel, dated September 24, 2025 ("Campisi Decl."), Ex. A (Chart of Nizar Sami Ayoub's losses); Ex. B (Declaration of Nizar Sami Ayoub, dated September 8, 2025); *Ayoub* Action, ECF No. 1 (Mr. Ayoub's complaint with certification attached).

the Class, stay apprised of all material developments of the litigation, and owes duties to the Class to act in its best interest. *Id.* ¶¶ 4-7. For these reasons, Mr. Ayoub respectfully submits that his motion should be approved by the Court.[2]

## I.    PROCEDURAL BACKGROUND

The Consolidated Action has been pending since 2022. In March 2023, the court appointed Steven Christiansen as lead plaintiff and appointed Kaplan Fox to serve as lead counsel. ECF No. 63. In May 2023, the operative complaint was filed, alleging claims against Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), Thomas J. Riga, Francois J. Lebel, and Nora E. Brennan. ECF No. 67. The Consolidated Action survived Defendants' motion to dismiss and proceeded to discovery. ECF No. 91.[3]

While the operative complaint alleged a class period of March 17, 2022 through September 22, 2022 (ECF No. 67), through motion practice and the Court's order denying in part Defendants' motion to dismiss, the class period effectively is May 12, 2022 through September 22, 2022. Specifically, the Court found that Defendants first actionable statement was made on May 12, 2022. ECF No. 91.

On November 6, 2024, the Court stayed the Consolidated Action. ECF No. 129. Pending at that time was plaintiffs' motion for certification of a class under Rules 23(a) and 23(b)(3) that consists of all purchasers of Spectrum common stock during the period from May 12, 2022,

---

[2] Mr. Ayoub has selected Kaplan Fox as his counsel and moves for Kaplan Fox to continue to serve as the court-appointed lead counsel for the proposed class. If the Court appoints Mr. Ayoub as lead plaintiff, the class would benefit from Kaplan Fox's experience and work in the Consolidated Action since 2022.

[3] The parties stipulated to dismissal of claims alleged against Nora E. Brennan due to a change in the law. ECF No. 110; *see also Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 265 (2024).

through September 22, 2022, inclusive.

On August 4, 2025, the Court disqualified Mr. Christiansen as lead plaintiff and reopened the lead plaintiff appointment process. ECF No. 143. Mr. Ayoub now moves this Court to be appointed as substitute lead plaintiff for the Consolidated Action.

## II.   ARGUMENT

### A.   The *Ayoub* Action Should Be Consolidated into the Consolidated Action

The Court should consolidate the *Ayoub* Action into the Consolidated Action because the actions involve common questions of law and fact. The Consolidated Action and the *Ayoub* Action concern the same parties, arise out of the same misconduct during substantially similar class periods, concern the same or similar materially false or misleading statements and omissions, and involve substantially similar alleged issues of fact and law. *Compare* complaint filed in the Consolidated Action (at ECF No. 67), *with* Complaint filed in *Ayoub* Action, at ECF No 1.[4]

"Court[s] must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff." *Faig v. Bioscrip, Inc.*, No. 13-cv-6922, 2013 WL 6705045, at *1 (S.D.N.Y. Dec. 19, 2013) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(ii)) ("[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed . . . the court shall not make the determination [on the lead plaintiff] until after the decision on the motion to consolidate is rendered.").

Consolidation is appropriate when two actions "involve common question[s] of law or fact." Fed. R. Civ. P. 42(a); *see Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *KuxKardos*

---

[4] Moreover, a Statement of Relatedness has been filed in the *Ayoub* Action stating "[t]he two actions allege the same claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, involve identical defendants, allege similar facts, and involve substantially similar issues of fact and law." ECF No. 11.

*v. Vimpelcom, LTD.*, 151 F. Supp. 3d 471, 474 (S.D.N.Y 2016). The Court has "broad discretion to determine whether consolidation is appropriate." *Bioscrip*, 2013 WL 6705045, at *1 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *KuxKardos*, 151 F. Supp. 3d at 475 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See, e.g.*, *Kaplan*, 240 F.R.D. at 92 (consolidating securities class actions with common allegations noting "'the well[-]recognized' principle that the 'consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs'") (internal citation omitted).

Accordingly, consolidation of the *Ayoub* Action with the Consolidated Action is warranted.

## B. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Specifically, the PSLRA requires that plaintiffs cause notice of the pendency of the action to be published in a widely-circulated national business-oriented publication or wire service within 20 days of the filing of the complaint, and that putative class members be given 60 days after the publication of such notice to move the court to serve as lead plaintiff. 15 U.S.C. §78u-4(a)(3). However, the Court's August 4, 2025 Order shortened the time for prospective lead plaintiffs to move for appointment to September 24, 2025. ECF No. 143.

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

4

(aa)    has either filed the complaint or made a motion in response to a notice . . . ;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.    Mr. Ayoub Is the "Most Adequate Plaintiff" under the Exchange Act

Mr. Ayoub is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements and the Court's August 4, 2025 Order, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. Additionally, he has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class and has losses as a result of his purchase of Spectrum common stock of approximately $60,571.62. *See* Campisi Decl., Ex. A; *Ayoub* Action, ECF No. 1 (Mr. Ayoub's complaint with certification attached). Finally, Mr. Ayoub has selected and retained counsel experienced in the prosecution of securities class actions to represent the Class. *See* Campisi Decl., Ex. C (Firm resume of Kaplan Fox & Kilsheimer LLP). Accordingly, Mr. Ayoub satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and should be appointed substitute lead plaintiff.

### 1.    Mr. Ayoub Has Satisfied the PSLRA's Procedural Requirements

On August 14, 2025, notice of the pendency of the Consolidated Action and of the reopening of the lead plaintiff appointment process was published over the *NewMediaWire* national wire service. *See id.*, Ex. D. The time period in which class members may move to be appointed substitute lead plaintiff in this case expires on September 24, 2025. ECF No. 143. Mr. Ayoub timely moves this Court to be appointed substitute lead plaintiff on behalf of all members of the class.

5

**2.    Mr. Ayoub Has the Largest Financial Interest in the Relief Sought by the Class**

Under the PSLRA, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Mr. Ayoub suffered substantial losses as a result of purchasing shares of Spectrum common stock at artificially inflated prices. *See* Campisi Decl., Ex. A. Mr. Ayoub is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant. Therefore, he believes he is presumptively entitled to appointment as substitute lead plaintiff.

**D.    Mr. Ayoub Is Qualified Under Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;
(2)    there are questions of law or fact common to the class;
(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representatives. *Samit v. CBS Corp.*, No. 18 CIV. 7796 (VEC), 2018 WL 11224303, at *1 (S.D.N.Y. Nov. 30, 2018) (Caproni, J.) ("[A] would-be lead plaintiff must make 'only a prima facie showing that the requirements of Rule 23

6

are met,' and the Court need only consider Rule 23's typicality and adequacy-of-representation requirements"); *Born v. Quad/Graphics, Inc.*, No. 19-CV-10376, 2020 WL 994427, at *1 (S.D.N.Y. Mar. 2, 2020) (same); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16 CIV. 03495, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. As detailed below, Mr. Ayoub satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as substitute lead plaintiff.

### 1.    Mr. Ayoub's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Born*, 2020 WL 994427, at *2.

The claims asserted by Mr. Ayoub are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. He purchased Spectrum common stock during the period May 12 through September 22, 2022, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. *Logan v. QRx Pharma Ltd.*, No. 15 CIV. 4868, 2015 WL 5334024, at *3 (S.D.N.Y. Sept. 14, 2015) (finding the typicality requirement met where movants' claims and injuries arose from the same conduct from which the other class members' claims and injuries arose). Thus, Mr. Ayoub satisfies the typicality requirement of Rule 23(a).

### 2.    Mr. Ayoub Will Fairly and Adequately Represent the Class's Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A lead plaintiff is adequate when: "(1) class counsel is qualified, experienced, and generally able to conduct the

litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Born*, 2020 WL 994427, at *2 (citing *Kaplan*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)). First, Mr. Ayoub has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent him and the proposed class. *See id.*, Ex. C. Second, Mr. Ayoub's interests are aligned with the members of the proposed class, and there is no evidence of any antagonism between Mr. Ayoub's interests and those of the class. As detailed above, Mr. Ayoub's claims raise similar questions of law and fact as claims of the members of the class, and his claims are typical of the members of the class.

Third, Mr. Ayoub has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff. *See* Campisi Decl., Ex. B (Declaration of Nizar Sami Ayoub, dated September 8, 2025). Mr. Ayoub filed an action and sought to be appointed a class representative before the Court stayed the Consolidated Action. He understands that a lead plaintiff is required to oversee counsel and direct litigation on behalf of the Class, stay apprised of all material developments in the litigation, and that as lead plaintiff, he would owe duties to the Class to act in its best interest. *Id*. Having suffered substantial losses, Mr. Ayoub will be a zealous advocate on behalf of the class.

Thus, the close alignment of interests between Mr. Ayoub and other class members, and his strong desire to prosecute the Consolidated Action on behalf of the class, demonstrate his adequacy to serve as lead plaintiff in the Consolidated Action. Accordingly, Mr. Ayoub satisfies the prerequisites for appointment as substitute lead plaintiff pursuant to the Exchange Act.

### 3.    This Court Should Approve Mr. Ayoub's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Born,* 2020 WL 994427,

at *3 ("[T]he PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval.") (citing *Kaplan,* 240 F.R.D at 96). Mr. Ayoub has retained Kaplan Fox to file moving papers on his behalf seeking appointment as substitute lead plaintiff and to continue to serve as lead counsel to pursue this litigation on behalf of himself and the Class.

As outlined above, Kaplan Fox has been litigating this case since 2022 and has engaged in substantial motion practice and discovery on behalf of the proposed class. Moreover, Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, including in this District. *See* Campisi Decl., Ex. C. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## III.    CONCLUSION

For all of the foregoing reasons, Mr. Ayoub respectfully requests that the Court: (1) consolidate the *Ayoub* Action into the Consolidated Action; (2) appoint him as substitute lead plaintiff for the Consolidated Action in accordance with the PSLRA; (3) approve Mr. Ayoub's selection of Kaplan Fox to continue to serve as lead counsel; and (4) grant any such further relief that the Court may deem just and proper.

Dated: September 24, 2025                          **KAPLAN FOX & KILSHEIMER LLP**

                                                  */s/ Jeffrey P. Campisi*
                                                  Robert N. Kaplan
                                                  Jeffrey P. Campisi
                                                  Brandon Fox
                                                  Jennifer Ligansky
                                                  800 Third Avenue, 38th Floor
                                                  New York, NY 10022
                                                  T: (212) 687-1980
                                                  F: (212) 687-7714
                                                  rkaplan@kaplanfox.com
                                                  jcampisi@kaplanfox.com
                                                  bfox@kaplanfox.com
                                                  jligansky@kaplanfox.com

9

*Counsel for Proposed Lead Plaintiff Nizar Sami Ayoub*

10

**CERTIFICATE OF COMPLIANCE**

I certify that this brief contains 2,831 words and complies with the type-volume limitation of Local Civil Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern District of New York. I also certify that this brief complies with the typeface and type style requirements of Local Civil Rule 7.1(b)(1)(2)(3).

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 24, 2025, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi

11