**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL, <br><br> Defendants. | **CASE No.: 1:22-CV-10292-VEC** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AMANDA BORCK TO: (1) CONSOLIDATE ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> <u>CLASS ACTION</u> |
| NIZAR SAMI AYOUB, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL, <br><br> Defendants. | **Case No.: 1:24-cv-08138-VEC** |

Movant Amanda Borck ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    that the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)    appointing Movant as Lead Plaintiff for the class of: (i) all persons or entities who purchased ("Spectrum" or the "Company") common stock between May 12, 2022 and September 22, 2022[1], inclusive (the "Class Period"). Movant seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act"); and

(c)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

According to the amended complaint, during the Class Period, "Spectrum purported to be a biopharmaceutical company focused on acquiring, developing, and commercializing novel and targeted oncology therapies." Dkt. No. 67 at 1. Spectrum Pharmaceuticals common stock formerly traded on Nasdaq under the ticker symbol SPPI. Spectrum was later acquired by Assertio Holdings, Inc., and thus it is no longer publicly traded.

---

[1] In the Memorandum of Law in Support of Plaintiff's motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel, counsel for the prior lead plaintiff sought to certify a class under this definition. Dkt. No. 117 at 1. This definition is consistent with the Court's order granting in part and denying in part Defendant's Motion to Dismiss, as discussed below. Dkt. No. 91. As such, counsel submits that, at least for purposes of the renewed lead plaintiff motion, any losses should be calculated using the above class definition.

The first related action was commenced on December 5, 2022 against the Company and certain of its current and former executives and directors ("Defendants") for violations under the Exchange Act covering the Class Period.

On January 12, 2023 and February 15, 2023, respectively, the Court consolidated related actions. Dkt Nos. 19 and 38. On March 21, 2023, the Court appointed Steven Christiansen as lead plaintiff and approved his selection of counsel. Dkt. No. 63 at 5.

On May 30, 2023, a consolidated class action complaint was filed alleging claims under the Exchange Act on behalf of purchasers of Spectrum common stock with a Class Period of March 17, 2022 through September 22, 2022, inclusive. Dkt. No. 61, at 1.

On July 25, 2023, Defendants filed their Motion to Dismiss (the "MTD") and related briefing and exhibits. Dkt. Nos. 69-71. On January 23, 2024, the Court issued its ruling on the MTD, granting and denying it in part. Preliminarily and as the Court noted, the prior lead plaintiff alleged that, during the Class Period, Defendants made false or misleading representations "primarily to the effect that (1) Spectrum had optimized pozi's dosage; (2) Spectrum and the FDA were aligned on the Pinnacle Study's dosage regimen; (3) patients had enrolled in the Pinnacle Study; and (4) the FDA would likely approve Pozi." Dkt. No. 91 at 4 (internal citations omitted). According to the plaintiff, the Court noted, "Defendants were motivated to rush the Pinnacle Study and mislead investors about their progress and interactions with the FDA because Spectrum was financially distressed and needed cash and because Spectrum's executives wanted to sell their Company shares at artificially inflated prices." *Id.*

As the Court noted, before market open on September 20, 2022, the FDA released a briefing report in advance of its meeting with Spectrum to review pozi. *Id.* at 8. This disclosed that FDA officials had repeatedly expressed concerns to Defendants about pozi's safety profile, delayed enrollment in the Pinnacle Study, and Spectrum's inadequate dosing data. *Id.*

On that news, Spectrum's share price declined on September 20, 2022, by over 37%.

As the Court ruled on the MTD, the former lead plaintiff alleged actionable false statements made between May 12, 2022 and August 11, 2022. *Id.* at 16-19. By contrast, the Court held nonactionable a statement made on March 17, 2022, as well as a statement made on June 16, 2022. *Id.* at 20, 25-26.

On August 4, 2025, based on actions taken by the former lead plaintiff, the Court granted a motion to disqualify him from serving as lead plaintiff. *See* Dkt. No. 143. Further, the Court set a deadline of September 24, 2025 for members of the putative class to serve as substitute lead plaintiff. *Id.* The Court also ordered that counsel for the former lead plaintiff publish notice. *Id.*

On October 25, 2024, after the Court's ruling on the MTD, counsel for the former lead plaintiff filed a related action on behalf of Nizar Ayoub, *Ayoub v. Spectrum Pharmaceuticals, Inc.*, No. 24-CV-8138 (S.D.N.Y.). As the Court has noted, the complaint in *Ayoub* is "materially identical to the one in this action." *Christiansen*, 1:22-cv-10292, Dkt. No. 143 at 3. The Court ordered the parties in this action and *Ayoub* to show cause as to why the two cases should not be consolidated, and then subsequently stayed the Ayoub case pending the motion to disqualify Christiansen as lead plaintiff. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in

adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 1 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Movant lost approximately $9,124.07 in connection with her purchases of Spectrum common stock. *See* Ex. 2 hereto. Movant is not aware of any other Movant that has suffered greater losses in Spectrum common stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec.*

*Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Spectrum common stock and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff.

Further, Movant works in administration for the Canadian government, relating to city financial services and revenue. She has about eight years of investing experience and a college level legal assistant diploma, as well as a Human Service/Social Services Diploma. She lives in Ontario, Canada.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 3 hereto. The firm has prosecuted numerous securities

fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) consolidating related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: September 24, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

9

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Amanda Borck, certifies that this brief contains 2,543 words, which complies with the word limit of L.R. 7.1(c), as well as Your Honor's individual Rule 4(B)(i).

Executed on September 24, 2025

/s/ Phillip Kim

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 24, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Phillip Kim</u>