**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, on behalf of himself and a class of similarly situated investors,<br><br>                Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL,<br><br>                Defendants. | Case No. 22-CV-10292 (VEC)<br><br>CLASS ACTION<br><br>**MEMORANDUM IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL** |

## I.    INTRODUCTION

On September 24, 2025, three motions were filed by class members seeking appointment as substitute lead plaintiff and approval of counsel pursuant to the Court's August 4, 2025 Order, Dkt. 143, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"): Steven Dunkleberger, Amanda Borck, and Nizar Sami Ayoub. Dkts. 160, 158, 152.[1] Of the two remaining movants, we respectfully submit Mr. Dunkleberger is the "most adequate plaintiff" within the meaning of the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Mr. Dunkleberger is the movant with the largest financial interest in this matter who also satisfies Federal Rule of Civil Procedure Rule 23's typicality and adequacy requirements. *Id.* His claims are unquestionably typical of the putative class, he has demonstrated he is an adequate lead plaintiff, and he has suffered significant financial losses. The only movant claiming greater losses than Mr. Dunkleberger is Mr. Ayoub, whose past conduct raises significant doubts about his adequacy to be lead plaintiff. Indeed, his willingness to serve as class representative alongside Mr. Christiansen—even after his counsel was made aware of conduct seriously jeopardizing the Class's interests—underscores the risk of future conflicts of interest with the Class. Accordingly, Mr. Dunkleberger should be appointed as Lead Plaintiff and his selection of Block & Leviton LLP as Lead Counsel should be approved. The competing motion should be denied.[2]

## II.    ARGUMENT

### A. Mr. Dunkleberger Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

---

[1] Amanda Borck withdrew her Motion on October 14, 2025. *See* Dkt. 171.
[2] Mr. Dunkleberger does not oppose the Motion of Nazir Sami Ayoub (the "Competing Motion") to the extent it requests Consolidation of the Related Actions. *See* Dkt. 152.

Mr. Dunkleberger meets the requirements of the PSLRA and is not aware of any unique defenses that could raised against him. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Dunkleberger should therefore be appointed Lead Plaintiff.

First, Mr. Dunkleberger timely moved for appointment by September 24, 2025, thirty days after the Court-ordered publication of notice. Dkt. 162. Second, Mr. Dunkleberger purchased significant amounts of Spectrum securities and suffered approximately $18,223.24 in losses as a result of Defendants' alleged violations of the federal securities laws. Finally, there can be no dispute that Mr. Dunkleberger has put forth the requisite "preliminary showing" of typicality and adequacy. *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

Mr. Dunkleberger is typical because his "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y.1998). Like all Class members, Mr. Dunkleberger purchased Spectrum securities during the Class Period, suffered damages as a result of Defendants' false and misleading statements and omissions, and possesses claims against Spectrum and the Individual Defendants under the Exchange Act. *See* Dkt. 162, at 9.

Furthermore, he is undoubtedly adequate. Rule 23's adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y.2007).

Mr. Dunkleberger is adequate because his interests in the action are fully aligned with those of the Class. He understands the lead plaintiff's responsibilities under the PSLRA to absent class members and is both willing and able to ensure vigorous and efficient prosecution of this Action

on behalf of the putative class. *See* Dkt. 163-4. He has also retained counsel with substantial experience in securities litigation, particularly in cases involving pharmaceutical companies and regulatory bodies. *See* Dkt. 162, at 11; Dkt. 163-5. Accordingly, Mr. Dunkleberger readily satisfies the adequacy requirement.

Because Mr. Dunkleberger (1) filed a timely motion, (2) has a substantial financial interest in the relief sought by the Class, and (3) demonstrated his typicality and adequacy, the Court should adopt the presumption that Mr. Dunkleberger is the "most adequate" plaintiff and appoint him to lead the class.

### B. Mr. Ayoub Will Not Adequately Represent the Class

Although Mr. Ayoub claims the greatest financial loss among movants, financial interest is not the end of the lead plaintiff analysis. To rebut the statutory presumption in favor of the movant with the greatest financial loss, competing movants may submit "proof" of a non-speculative risk that the movant will be inadequate.[3] *Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at \*3 (S.D.N.Y. June 27, 2016). "[H]onesty and trustworthiness" are relevant factors in assessing a candidate's adequacy. *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

Mr. Ayoub's prior conduct, detailed in the Court's Order granting Defendants' Motion to Disqualify Lead Plaintiff, Dkt. 148, indicates a "conflict between the proposed lead plaintiff and the members of the class," *Kaplan*, 240 F.R.D. at 94, and raises serious concerns regarding his "honesty and trustworthiness." *Savino*, 164 F.3d at 87.

---

[3] Mr. Dunkleberger submits that alternatively, the Court may *sua sponte* take notice of this same information for purposes of evaluating Mr. Ayoub's prima facie showing at step two of the PSLRA's lead plaintiff analysis, as these details were previously compiled by and analyzed by the Court in its Order disqualifying Christiansen as lead plaintiff. *See* Dkt. 143.

On October 24, 2024, Defendants' counsel informed Kaplan Fox, counsel for Mr. Ayoub—and former counsel for the disqualified Lead Plaintiff, Mr. Christiansen—about Mr. Christiansen's third-party communications regarding the case. Dkt. 142, at 2. The very next day, on October 25, 2024, Mr. Ayoub filed a complaint that was materially identical to the Action. *See Ayoub v. Spectrum Pharmaceuticals, Inc.*, No. 24-CV-8138 (S.D.N.Y.). Five days later, Mr. Christiansen filed a motion for class certification, seeking appointment of both himself and Mr. Ayoub as class representatives. Dkt. 117, at 1.

This Court found that Mr. Christiansen's misconduct "violated class members' trust" and "suggest that he is fixated on matters that are irrelevant to this case." Dkt. 143, at 5. Yet Mr. Ayoub nonetheless sought to serve as class representative alongside him. *See* Dkts. 116, 117. This decision directly undermined the Class's interests. If "[i]t is certainly . . . part of a lead plaintiff's responsibility to propose their own withdrawal and substitution should it be discovered that they may no longer adequately represent the interests of the purported plaintiff class," then it likewise must be the responsibility of a proposed class representative to decline to join with and endorse a plainly inadequate co-representative. *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 134 (S.D.N.Y.2007).

Mr. Ayoub's behavior demonstrates, at minimum, a "level of carelessness" indicative of his inadequacy to serve as lead plaintiff. *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019). Indeed, it shows Mr. Ayoub's propensity to favor expediency when his duties to absent class members require making a more uncomfortable, principled decision. Accordingly, there is a "non-speculative risk" that Mr. Ayoub is inadequate to serve as lead plaintiff. *See Karp v. Diebold Nixdorf, Inc.,* 2019 WL 5587148, at *5 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019). Mr.

4

Dunkleberger, the movant with the next largest losses who is otherwise adequate and typical, stands ready, willing, and able to serve as lead plaintiff.

## III.   CONCLUSION

For the foregoing reasons, Mr. Dunkleberger respectfully requests that the Court: (1) appoint Mr. Dunkleberger as Lead Plaintiff; and (2) approve his selection of Block & Leviton LLP as Lead Counsel.

DATED: October 14, 2025

Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*Counsel for Plaintiff*

COMPLIANCE WITH L.C.R. 7.1(C)

This memorandum of law contains 1,256 words, which is in compliance with L.C.R. 7.1(c).

*/s/ Jeffrey C. Block*
Jeffrey C. Block

5