**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, on behalf of himself and a class of similarly situated investors, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL, <br><br> Defendants | Case No. 1:22-cv-10292 (VEC) <br><br> Consolidated with <br> Case No. 1:22-cv- 10677 (VEC); <br> Case No. 1:23-cv-00767 (VEC) |
| NIZAR SAMI AYOUB, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL, <br><br> Defendants. | Case No. 1:24-cv-08138-VEC |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF NIZAR SAMI AYOUB'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS SUBSTITUTE LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO
COMPETING MOTION**

Proposed Lead Plaintiff Nizar Sami Ayoub ("Mr. Ayoub") respectfully submits this Memorandum of Law in Further Support of his Motion for Consolidation, Appointment as Substitute Lead Plaintiff, and Approval of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel and in Opposition to the Competing Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel filed under the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]

## I.    <u>PRELIMINARY STATEMENT</u>

Pending before the Court are two lead plaintiff motions by investors in Spectrum Pharmaceuticals, Inc. ("Spectrum") common stock.[2]   Of the two motions, Mr. Ayoub has the "largest financial interest" in Spectrum common stock during the proposed Class Period under the PSLRA according to all relevant metrics considered by courts:

| Movant | FIFO Losses | LIFO Losses | Net-Shares | Net-Expenditures | Total Shares Purchased |
|---|---|---|---|---|---|
| Mr. Ayoub (ECF No. 154-1) | $60,571.62 | $60,571.62 | 58,000 | $86,268.58 | 119,817 |
| Steven Dunkleberger (ECF No. 163-3) | $18,223.24 | $18,223.24 | 40,214 | $35,515.26 | 40,214 |

In addition to having the "largest financial interest," Mr. Ayoub satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). Mr. Ayoub submitted a declaration detailing his commitment to protecting the Class' interests by directing and

---

[1] Mr. Ayoub's motion to consolidate the action captioned *Nizar Sami Ayoub v. Spectrum Pharmaceuticals, Inc., et al.*, Case No. 1:24-cv-08138-VEC ("*Ayoub* Action") into the consolidated action captioned *Christiansen v. Spectrum Pharmaceuticals, Inc., et al.*, 1:22-cv-10292 (the "Consolidated Action"), ECF Nos. 152, 153, appears to be unopposed as movant Steven Dunkleberger's motion does not address consolidation. ECF Nos. 160, 162.

[2] On October 14, 2025, movant Amanda Borck withdrew her motion for consolidation, appointment as lead plaintiff, and approval of lead counsel. ECF No. 171.

participating in the litigation, overseeing counsel, and maximizing potential recovery for himself and the class to the best of his ability. ECF No. 154-2 (Declaration of Nizar Sami Ayoub, dated September 8, 2025). Therefore, Mr. Ayoub is presumptively the "most adequate plaintiff" under the PSLRA because he has the "largest financial interest" and otherwise satisfies Rule 23.

The presumption that Mr. Ayoub is the "most adequate plaintiff" may be rebutted only with proof that he does not satisfy the requirements of Rule 23. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). No such proof exists. Accordingly, Mr. Ayoub's motion should be granted and the competing motion should be denied.

Mr. Ayoub has selected New York City-based Kaplan Fox as his counsel and moves for Kaplan Fox to continue to serve as the court-appointed lead counsel for the proposed class. Given its experience and work in the Consolidated Action, and more broadly in securities litigation, Kaplan Fox is well suited to continue to serve as lead counsel. Since December 2022, Kaplan Fox has been litigating the Consolidated Action, having filed the first action on behalf of a member of the Class, and later as court-appointed lead counsel. ECF Nos. 1, 63. After an extensive investigation, Kaplan Fox filed the operative complaint (ECF No. 67), engaged in extensive motion practice and defeated in part Defendants' motion to dismiss. ECF No. 91. Subsequently, on behalf of the proposed Class, Kaplan Fox pursued substantial party and non-party discovery, negotiating a protective order, obtaining and analyzing tens of thousands of documents, negotiating search terms and custodians with Defendants' counsel, preparing for depositions, engaging with economic and subject matter experts, seeking settlement through mediation, and filing a motion for class certification supported by an expert report on market efficiency. ECF Nos. 102-103; 105-06; 111-15;116-19. Kaplan Fox's continued role in this case as lead counsel would promote efficiency and serve the Class's best interest. Accordingly, the Court should approve Mr.

Ayoub's selection of Kaplan Fox.

## II.    ARGUMENT

### A.    Mr. Ayoub Should be Appointed Lead Plaintiff

The PSLRA provides that the court must determine who among the movants for lead plaintiff status is the "most adequate plaintiff" to prosecute the action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the Court must presume "the most adequate plaintiff" is the movant with the "largest financial interest" and who otherwise satisfies the requirements of Rule 23. *See Samit v. CBS Corp.*, No. 18-CV-7796, 2018 WL 11224303, at *1 (S.D.N.Y. Nov. 30, 2018) (Caproni, J.) (quoting 15 U.S.C. § 78u– 4(a)(3)(B)(iii)(I)).

To determine which movant has the largest financial interest in the relief sought, courts in this District consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See e.g.*, *Born v. Quad/Graphics, Inc.*, No. 19-CV-10376, 2020 WL 994427, at *1 (S.D.N.Y. Mar. 2, 2020) (Caproni, J.) (quoting *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 474 (S.D.N.Y. 2020)) (identifying four "*Lax*" factors)). Loss suffered is the most important factor. *See e.g., id*. ("The fourth factor, loss, is well-established to be the 'critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures.'").

As demonstrated in the chart above, Mr. Ayoub has the "largest financial interest" under all four *Lax* factors. *See Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432, 2022 WL 17539172, at *2-3, 6 (S.D.N.Y. Dec. 8, 2022) (finding individual investor with greatest interest under each *Lax* factor had largest financial interest, was presumptive lead plaintiff, and appointed lead plaintiff); *Born,* 2020 WL 994427, at *2-3 (holding movant with greatest losses had largest financial interest, was presumptive lead plaintiff, and appointed lead plaintiff); *Chalal v. Credit*

*Suisse Grp. AG*, No. 06-CV-02268, 2018 WL 3093965, at *4-5 (stating movant who had largest financial interest under all four *Lax* factors was presumptive lead plaintiff and appointed lead plaintiff).

Accordingly, Mr. Ayoub is presumptively the most adequate plaintiff so long as he otherwise satisfies Rule 23's requirements for class representatives. *See Samit,* 2018 WL 11224303, at *1 (quoting 15 U.S.C. § 78u– 4(a)(3)(B)(iii)(I)).

## B.    Mr. Ayoub Otherwise Satisfies Rule 23

As demonstrated in his memorandum of law in support of his lead plaintiff motion, Mr. Ayoub is qualified under Rule 23 because his claims are typical of other class members' claims and he will fairly and adequately protect the class' interests. *See* ECF No. 153 (Mem. in Supp. of Nizar Sami Ayoub's Mot. for Consolidation, Appointment as Substitute Lead Pl., and Approval of Lead Couns.) at 6-8 (quoting *Samit*, 2018 WL 11224303, at *1) ("[A] would-be lead plaintiff must make 'only a prima facie showing that the [typicality and adequacy] requirements of Rule 23 are met . . . ."); ECF No. 154-2 (Declaration of Nizar Sami Ayoub, dated September 8, 2025).

Here, Mr. Ayoub satisfies Rule 23(a)(3)'s typicality requirement because his claims, like every other class member's claims, are premised on the losses he suffered because of defendants' false and misleading statements disseminated in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b); 78t(a).

Also, Mr. Ayoub satisfies Rule 23(a)(4)'s adequacy requirement because he has sufficient interest in the outcome of the litigation to ensure vigorous advocacy, his interests do not conflict with any other class members' interests, and he selected qualified and experienced counsel to prosecute this action. Mr. Ayoub will be a zealous advocate for the class because he suffered substantial losses, and understands that a lead plaintiff must protect the Class' interests by directing and participating in the litigation, staying apprised of all material developments, and maximizing

potential recovery for himself and the class to the best of his ability. *See* ECF No. 154-2.

Therefore, because Mr. Ayoub has the largest financial interest and otherwise satisfies Rule 23, he is presumptively the most adequate plaintiff to lead the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

The presumption in favor of Mr. Ayoub's appointment as Lead Plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  There is no such proof in the record. Courts have held that mere speculation regarding an alleged conflict of interest without specific evidentiary support of its existence is insufficient to rebut the presumption of adequacy. *See, e.g., Foley v. Transocean Ltd.*, 272 F.R.D. 126, 132-33 (S.D.N.Y. 2011) ("[T]he conflict of interest must be shown, not merely speculated . . . to rebut the presumption of the most adequate lead plaintiff.").

Accordingly, Mr. Ayoub is the most adequate plaintiff to lead the Consolidated Action.

### C.     Mr. Ayoub's Choice of Kaplan Fox to Continue to Serve as Lead Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience. *FirstFire Glob. Opportunities Fund LLC*, No. 25-CV-4642, 2025 WL 2098638, at *3 (S.D.N.Y. July 25, 2025); *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23 CIV. 1769, 2023 WL 6458930, at *7 (S.D.N.Y. Oct. 4, 2023). As demonstrated above, given its experience and dedication to the Consolidated Action, and more broadly in securities litigation, Kaplan Fox is well suited to continue to serve as lead counsel. ECF No. 154-3 (Kaplan Fox

resume). Accordingly, the Court should approve Mr. Ayoub's selection of Kaplan Fox to continue to serve as lead counsel for the proposed class.

## III. CONCLUSION

For the foregoing reasons, Mr. Ayoub respectfully requests that the Court: (1) appoint Mr. Ayoub as Lead Plaintiff; (2) approve Mr. Ayoub's selection of Kaplan Fox to continue to serve as Lead Counsel; and (3) deny the competing motion.

Dated: October 14, 2025                                **KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jeffrey P. Campisi*

Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
Jennifer Ligansky
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com
jligansky@kaplanfox.com

*Counsel for Lead Plaintiff Movant Nizar Sami Ayoub*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Local Civil Rule 7.1 of the Local Rules of United States District Courts for the Southern and Eastern District of New York. I also certify that this brief complies with the submission and page limit requirements of Your Honor's Order dated September 29, 2025, ECF No. 167.

*/s/ Jeffrey P. Campisi*

Jeffrey P. Campisi

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2025, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*

Jeffrey P. Campisi
