**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL,<br><br>Defendants | Case No. 1:22-cv-10292 (VEC)<br><br>Consolidated with<br>Case No. 1:22-cv- 10677 (VEC);<br>Case No. 1:23-cv-00767 (VEC) |
| NIZAR SAMI AYOUB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL,<br><br>Defendants. | Case No. 1:24-cv-08138-VEC |

**NIZAR SAMI AYOUB'S MEMORANDUM OF LAW IN REPLY TO STEVEN DUNKLEBERGER'S MEMORANDUM IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL**

After two rounds of briefing, it is undisputed that movant Nizar Sami Ayoub ("Mr. Ayoub") has the largest financial interest. Moreover, through his certification under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and declaration in support of his motion, ECF No. 154-2, he has made a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. Therefore, he is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Consolidated Action.

Attempting to rebut the presumption, rather than submit "proof" as required by the PSLRA, movant Steven Dunkleberger ("Mr. Dunkleberger") speculates that Mr. Ayoub will not protect the Class' interests due to the former lead plaintiff's conduct: "This Court found that Mr. Christiansen's misconduct 'violated class members' trust' and 'suggest that he is fixated on matters that are irrelevant to this case' . . . Yet Mr. Ayoub nonetheless sought to serve as class representative alongside him . . . This decision directly undermined the Class's interests." ECF No. 172, at 5 of 6. Mr. Dunkleberger's inadequacy-by-association argument is baseless speculation that distorts the facts and should be rejected.

Far from undermining the Class' interests, Mr. Ayoub acted to protect the Class in light of the risk that class certification would be denied and there would not be a representative to prosecute the Consolidated Action. After Mr. Ayoub learned that Spectrum's lawyers raised concerns about Mr. Christiansen's conduct that could negatively affect class certification and the Class, he sought to actively participate in the Consolidated Action "in order to protect the interests of the proposed Class in the event that Mr. Christiansen could no longer serve as lead plaintiff . . . ." Decl. of Nizar Sami Ayoub in Reply to Steven Dunkleberger's Mem. in Opp. to the Competing Mot. for Appointment as Lead Pl. and Appointment of Lead Counsel, dated Oct. 16, 2025 ("10/16 Reply

Declaration"), ¶8.[1] Mr. Ayoub has "at all times acted to protect the best interests of the proposed Class of Spectrum investors" and is "motivated to litigate vigorously . . . and maximize . . . recovery for [him]self and the Class . . . ." *Id.* ¶3; ECF No. 154-2 (Decl. of Nizar Sami Ayoub, dated Sept. 8, 2025), ¶4. Contrary to Mr. Dunkleberger allegation, there is nothing in the record that comes close to questioning Mr. Ayoub's honesty and trustworthiness.

"Courts have found that a presumptive lead plaintiff's declared intent to vigorously prosecute an action is sufficient to dispense with baseless conjecture about conflicts . . . ." *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012). A "conflict of interest must be shown, not merely speculated . . . to rebut the presumption of the most adequate lead plaintiff." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011). The Court should reject Mr. Dunkleberger's speculative argument because it is contradicted by the facts and Mr. Ayoub's 10/16 Reply Declaration.[2]

Because Mr. Dunkleberger has failed to offer proof to rebut the presumption that Mr. Ayoub is the "most adequate plaintiff," Mr. Ayoub should be appointed lead plaintiff and his choice of counsel should be approved.

---

[1] The 10/16 Reply Declaration is attached as Exhibit A to the Decl. of Jeffrey P. Campisi in Supp. of Nizar Sami Ayoub's Mem. of Law in Reply to Steven Dunkleberger's Mem. in Opp. to the Competing Mot. for Appointment as Lead Pl. and Appointment of Lead Counsel, dated Oct. 21, 2025, submitted herewith.

[2] None of Mr. Dunkleberger's authorities support his inadequacy-by-association argument because in each case the lead plaintiff movant was disqualified for its own conduct. *See Plaut v. Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (finding proposed lead plaintiff inadequate due to its own certification errors); *Savino v. Comp. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998) (finding proposed lead plaintiff inadequate due to his own inconsistent testimony); *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *5 (S.D.N.Y. Oct. 30, 2019) (finding proposed lead plaintiff inadequate due to its severe financial predicament), *aff'd on reconsideration*, 2019 WL 6619351, at *3 (S.D.N.Y. Dec. 5, 2019); *Schaffer v. Horizon*, No. 16-CV-1763 (JMF), 2016 WL 3566238, at *1 (S.D.N.Y. July 27, 2016) (finding proposed lead plaintiff inadequate due to high probability it would be embroiled in unrelated litigation); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 141 (S.D.N.Y. 2007) (disqualifying lead plaintiff upon discovering it did not have largest financial interest).

Dated: October 21, 2025

**KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jeffrey P. Campisi*

Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
Jennifer Ligansky
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com
jligansky@kaplanfox.com

*Counsel for Lead Plaintiff Movant Nizar Sami Ayoub*

3

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Local Civil Rule 7.1 of the Local Rules of United States District Courts for the Southern and Eastern District of New York. I also certify that this brief complies with the submission and page limit requirements of the Court's Order dated September 29, 2025, ECF No. 167.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi

## CERTIFICATE OF SERVICE

I hereby certify that, on October 21, 2025, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

*/s/ Jeffrey P. Campisi*
Jeffrey P. Campisi