UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
STEVEN B. CHRISTIANSEN, on behalf of          :
himself and a class of similarly situated investors,  :
                                               :
                                               :
                                  Plaintiff,   :          22-CV-10292 (VEC)
                                               :
              -against-                         :          OPINION & ORDER
                                               :
                                               :
SPECTRUM PHARMACEUTICALS, INC.,                :
THOMAS J. RIGA, AND FRANCOIS J. LEBEL,         :
                                               :
                                               :
                                  Defendants.  :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Nizar Sami Ayoub and Steven Dunkleberger are investors in Defendant Spectrum

Pharmaceuticals, Inc.  Following the Court's disqualification of the former lead plaintiff, Steven

Christiansen, they move for appointment as lead plaintiff in this putative securities class action.

Mr. Ayoub's motion is GRANTED and Mr. Dunkleberger's motion is DENIED; Mr. Ayoub is

appointed lead plaintiff and Kaplan Fox, the law firm that represents him, is appointed lead

counsel.

## BACKGROUND

Plaintiff, on behalf of himself and a putative class, alleges that Defendants, a

pharmaceutical company and its executives, violated Sections 10(b) and 20(a) of the Securities

and Exchange Act of 1934 and SEC Rule 10b-5 by making material misstatements about a drug.

*See* Consol. Compl., Dkt. 67 ¶ 1.[1]  In March 2023, the Court appointed Steven Christiansen as

---

[1]    Movant Nizar Sami Ayoub filed a materially identical putative class action against the same Defendants.
*See Ayoub v. Spectrum Pharmaceuticals, Inc. et al.*, 24-CV-8138.

lead plaintiff pursuant to 15 U.S.C. § 78u-4.  Mar. 21, 2023, Opinion & Order, Dkt. 63 at 2.  The

law firm that represented him, Kaplan Fox, was appointed as lead counsel.  *Id.* at 5.

For approximately eighteen months thereafter, the case proceeded normally:  the Court

granted in part and denied in part Defendants' motion to dismiss, and the parties engaged in

discovery.  Jan. 23, 2024, Opinion & Order, Dkt. 91.  The case took a turn in October 2024 when

Defendants' counsel informed Kaplan Fox that Mr. Christiansen had been emailing an investor

relations firm, non-party Darrow Associates, details about the terms for a potential settlement.

Aug. 4, 2025, Opinion & Order, Dkt. 143 at 2.

Kaplan Fox responded to Mr. Christiansen's breach of confidentiality in two ways.  First,

it filed a new lawsuit on behalf of Nizar Sami Ayoub, another shareholder, raising materially

identical allegations.  *See Ayoub v. Spectrum Pharms., Inc.*, No. 24-CV-8138 (S.D.N.Y.).

Second, it filed a motion for class certification on behalf of both Mr. Christiansen and Mr.

Ayoub, seeking to have both appointed as class representatives.  Mot. to Certify Class, Dkt. 116;

Pl. Mem. in Support of Mot. to Certify Class, Dkt. 117 at 1.

The Court issued an Order to Show Cause why this case and *Ayoub* should not be

consolidated.  *See* Oct. 31, 2024, Order, Dkt. 121.  Defendants responded by moving to

disqualify Mr. Christiansen as lead plaintiff, arguing that he had breached the trust of the putative

class by disclosing confidential settlement-related information to a non-party.  Def. Mot. to

Disqualify, Dkt. 123; Def. Mem. in Support of Mot. to Disqualify, Dkt. 124 at 1–3.  Plaintiff

opposed, citing, among other things, a declaration by Mr. Christiansen affirming that he would

not contact non-parties about the case again without his lawyers' consent.  *See* Opp. to Mot. to

Disqualify, Dkt. 130; Christiansen Decl., Dkt. 131-1 ¶ 10.  While Defendants' motion was

pending, Mr. Christiansen submitted to the Court a *pro se* letter recanting his promise, defending

his right to engage in settlement discussions directly with non-parties, and setting forth bizarre conspiracy theories unrelated to this case.  *See* Christiansen Letter, Dkt. 135.

The Court granted Defendants' motion to disqualify, concluding that Mr. Christiansen had breached the trust of the Court and the putative class.  Aug. 4, 2025, Opinion & Order at 5–6. Recognizing the "unusual situation" in which Mr. Christiansen's disqualification placed the case, the Court reopened the lead plaintiff appointment process.  *Id* at 7.  Two prospective substitute lead plaintiffs, Mr. Ayoub and Steven Dunkleberger, moved for appointment.[2]  Ayoub Mot., Dkt. 152; Dunkleberger Mot., Dkt. 160.

## DISCUSSION

When more than one putative securities class action asserting substantially the same claims is filed and a party seeks consolidation, the Court must determine the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The applicant with the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff.  *Id.* § 78u-4(a)(3)(B)(iii)(I).  That presumption may be rebutted upon a showing that the applicant "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses."  *Id.* § 78u-4(a)(3)(B)(iii)(II).

### I.    Nizar Sami Ayoub is Presumptively Entitled to Serve as Lead Plaintiff

Pursuant to the Private Litigation Securities Reform Act ("PSLRA"), the Court must presume that the plaintiff who alleges the largest losses is the appropriate choice to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mr. Ayoub has pled larger losses than Mr.

---

[2]        A third movant, Amanda Borck, subsequently withdrew her motion.  Borck Mot., Dkt. 158; Not. of Withdrawal of Borck Mot., Dkt. 171.

Dunkleberger,[3] so he is entitled to the PSLRA's presumption so long as he makes a "preliminary showing" that he "otherwise satisfies the requirements of Rule 23." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). At this stage, "the Court need only consider Rule 23's typicality and adequacy-of-representation requirements." *Samit v. CBS Corp.*, No. 18-CV-7796 (VEC), 2018 WL 11224303, at *1 (S.D.N.Y. Nov. 30, 2018). A lead plaintiff is "typical" if his "claims or defenses . . . are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), and is "adequate" if the Court can infer that he "will fairly and adequately protect the interests of the class," *id.* 23(a)(4).

Mr. Ayoub has made a preliminary showing that he is both typical and adequate. His claims appear typical because he purchased Spectrum stock during the class period and alleges damage from the alleged misstatements described in the Complaint. Ayoub Mem., Dkt. 153 at 7–10; *see Logan v. QRx Pharma Ltd.*, No. 15-CV-4868, 2015 WL 5334024, at *2–*3 (S.D.N.Y. Sept. 14, 2015) (finding typicality satisfied where lead plaintiff purchased securities during class period and alleged damage arising from the same misleading statements). He appears to be adequate inasmuch as he has no known conflicts of interest and has retained experienced counsel. Ayoub Mem. at 8–9; Ayoub Decl., Dkt. 154-2 ¶¶ 5, 7; *see In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 51 (S.D.N.Y. 2012) (class certification is "rarely" denied on adequacy grounds, except in "flagrant cases, where the putative class representatives display an alarming unfamiliarity with the suit, display an unwillingness to learn about the facts underlying their

---

[3]    Mr. Ayoub alleges approximately $60,571.62 in losses. *See* Ayoub Mem. at 1, 5. Mr. Dunkleberger alleges approximately $18,223.24 in losses. *See* Dunkleberger Mem., Dkt. 162 at 8.

claims, or are so lacking in credibility that they are likely to harm their case"). Accordingly, he is entitled to the PSLRA's presumption that he is the appropriate lead plaintiff.

## II.    Mr. Dunkleberger Has Not Rebutted the Presumption in Favor of Mr. Ayoub

The presumption in favor of Mr. Ayoub may be rebutted "upon proof by a member of the purported plaintiff class" that he "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Evidence that the presumptive lead plaintiff lacks "honesty and trustworthiness" may constitute such proof. *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

Mr. Dunkleberger argues that Mr. Ayoub is inadequate because he aligned himself with the now-disqualified Mr. Christiansen. Mr. Dunkleberger takes particular issue with the fact that Mr. Ayoub filed suit one day after learning of Mr. Christiansen's misconduct, and shortly thereafter moved to be appointed as a co-class representative alongside Mr. Christiansen. Mot. to Certify Class at 1; Pl. Mem. in Support of Mot. to Certify Class at 1. According to Mr. Dunkleberger, Mr. Ayoub's willingness to associate with a lead plaintiff who had breached the trust of the putative class demonstrates either a "level of carelessness" or a lack of independent judgment that jeopardizes the class. Dunkleberger Resp., Dkt. 172 at 4.

The Court has made no secret of its view that Mr. Christiansen's conduct over the course of this case has been problematic. *See* Aug. 4, 2025, Opinion & Order at 4–6. The Court declines, however, to impute its concerns about Mr. Christiansen to Mr. Ayoub. In a sworn declaration, Mr. Ayoub explained that he first contacted Kaplan Fox to express interest in this action in December 2022, several months before Mr. Christiansen was appointed to serve as lead plaintiff. Ayoub Decl., Dkt. 178-1 ¶ 4. He has continued to communicate with Kaplan Fox throughout the litigation as an interested class member. *Id.* ¶ 6. In October 2024, he offered to serve as a named plaintiff after Defendants raised concerns about Mr. Christiansen's conduct,

explaining that he "authorized Kaplan Fox to file a complaint on [his] behalf and . . . sought to be appointed a class representative to protect Spectrum investors." *Id.* ¶ 8.  Far from demonstrating "carelessness," Dunkleberger Resp. at 4, the evidence at this stage suggests that Mr. Ayoub is an attentive class member with an interest in seeing this case litigated successfully.  He has no known relationship with Mr. Christiansen and is not accused of engaging in any conduct contrary to the interests of the putative class.

The cases to which Mr. Dunkleberger analogizes in order to paint Mr. Ayoub as inadequate are inapposite.  In *Plaut v. Goldman Sachs Group, Inc.*, the court found a prospective lead plaintiff inadequate because (1) he submitted a sworn declaration with numerous material inaccuracies and (2) he engaged in "gamesmanship" by amending his complaint to allege larger losses after other prospective lead plaintiffs pled higher loss amounts than he had pled in his initial complaint.  No. 18-CV-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019).  Mr. Ayoub has not engaged in remotely similar conduct; he filed a complaint only after he learned that Mr. Christiansen's status as lead plaintiff was in jeopardy, and the authenticity of his alleged losses has not been called into question.  Mr. Dunkleberger's reliance on *Karp v. Diebold Nixdorf, Inc.*, No. 19-CV-6180 (LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019), is even farther afield.  There, the court declined to appoint as lead plaintiff the movant with the largest losses, a pension fund, because there was a "non-speculative risk" that it would cease to exist due to financial distress.  *Id.* at *5 (internal quotation marks omitted).  There is no such risk with Mr. Ayoub, an individual investor.

The Court is likewise unpersuaded that Mr. Ayoub is inadequate because he chose Kaplan Fox to serve as lead counsel.  Although the Court disagreed with Kaplan Fox's decision to proceed with Mr. Christiansen as lead plaintiff after his misconduct came to light, Mr.

Dunkleberger has presented no evidence that the firm, which no longer represents Mr. Christiansen, enabled his misconduct. *See* Order Granting Mot. to Withdraw, Dkt. 151. Courts generally find that a firm provides adequate representation within the meaning of Rule 23 so long as it is "qualified, experienced, and generally able to conduct the litigation." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (internal quotation marks omitted). Mr. Dunkleberger has given the Court no reason to believe that Kaplan Fox, which has significant experience litigating securities class actions, fails to meet that standard.

Accordingly, Mr. Dunkleberger has failed to rebut the presumption that Mr. Ayoub is the appropriate choice for lead plaintiff.[4]

## CONCLUSION

For all of these reasons, Mr. Ayoub's motion to be appointed substitute lead plaintiff, to approve his selection of lead counsel, and to consolidate the action with *Ayoub v. Spectrum Pharmaceuticals, Inc.*, 24-CV-8138, is GRANTED. Mr. Steven Dunkleberger's motion is DENIED.

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 152, 158, and 160. The Clerk is further directed to CLOSE *Ayoub v. Spectrum Pharmaceuticals, Inc.*, 24-CV-8138, and to CONSOLIDATE that action with this one, which shall be renamed *Nizar Sami Ayoub et al. v. Spectrum Pharmaceuticals, Inc. et al*. All further filings shall be made in this case.

---

[4] For the avoidance of doubt, nothing in this opinion should be construed to opine on whether challenges to Mr. Ayoub's adequacy or any other Rule 23 arguments will have merit if raised in opposition to class certification.

Because the Court finds that Mr. Ayoub has the largest financial interest and that the presumption in his favor has not been rebutted, the Court has no occasion to consider the merits Mr. Dunkleberger's motion to serve as lead plaintiff.

The stay of this action is LIFTED.  Not later than **January 20, 2026**, the parties must meet and confer and file a joint letter outlining proposed next steps in this case.  The letter must propose deadlines by which (1) Plaintiffs must file, and Defendants must answer, an Amended Consolidated Complaint; (2) fact and expert discovery must be complete; and (3) class certification must be briefed.

**SO ORDERED.**

**Date:  January 6, 2026**
**      New York, New York**

_____
          **VALERIE CAPRONI**
      **United States District Judge**