UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIZAR SAMI AYOUB, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

SPECTRUM PHARMACEUTICALS, INC.,
THOMAS J. RIGA, and FRANCOIS J. LEBEL,

Defendants.

Case No. 1:22-cv-10292 (VEC)
(Consolidated)

ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

---

WHEREAS, an action is pending before this Court entitled *Ayoub, et al. v. Spectrum et al.*, Case No. 22-cv-10292-VEC (S.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiff Nizar Sami Ayoub, having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated June 1, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein, and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and

1

adequate to the Class, subject to further consideration at the Settlement Hearing described below. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 188.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased Spectrum Pharmaceuticals, Inc. ("Spectrum") common stock between May 12, 2022, and September 22, 2022, inclusive. Excluded from the Class are: (1) Defendants and members of the Individual Defendants' immediate families; (2) the current or former officers and directors of Spectrum during the Class Period, and members of their immediate families; (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion. To the extent any Spectrum employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as Class Representative and Lead Counsel Kaplan Fox & Kilsheimer LLP is preliminarily certified as Class Counsel.

5.      The Court preliminarily finds that the proposed Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; (d) being fair, reasonable, and adequate to the Class; and (e) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.      A hearing (the "Settlement Hearing") shall be held before this Court on **November 20, 2026, at 10:00 A.M.**, in Courtroom 20C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.13 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiff; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶9 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.*, which shall be paid by Defendants, and the costs associated with providing the record holder information required pursuant to ¶9(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

9.      The firm of Strategic Claims Services ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)     Defendants shall provide or cause to be provided to the Claims Administrator, not later than ten (10) calendar days after entry by this Court of this Order, at no cost to Lead Plaintiff or the Class, a list in electronic format, containing the names and addresses

and email addresses, if available, of record holders of Spectrum common stock during the Class Period, as set forth in the records of Spectrum's transfer agent;

(b)  Not later than **July 13, 2026**, the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email is unavailable) to all potential Class Members at the addresses set forth in the records provided by Defendants, or who otherwise can be identified with reasonable effort and shall cause a copy of the Postcard Notice, to be mailed to nominees and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.strategicclaims.net/AyoubvSpectrum/. For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(c)  Not later than **July 20, 2026**, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d)  Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

10.  Nominees who purchased Spectrum common stock during the Class Period for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; (b) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice; or [c] within seven (7) calendar days of receipt of the Postcard Notice, request the link to the electronic Notice and Proof of Claim

on the Settlement website from the Claims Administrator. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email the link to the electronic Notice and Proof of Claim or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing of the link to the electronic Notice and Proof of Claim or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.02 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.02 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.02 per link to the electronic Notice and Proof of Claim sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11.    Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

12.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than **October 12, 2026**,. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

13.     Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.     Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than **October 30, 2026**. A Request for Exclusion must provide: (a) the name, address, email address, and telephone number of the Person requesting exclusion; (b) a list identifying the dates and the number of shares of Spectrum common stock purchased and sold during the Class Period and the price paid for each such purchase and received for each such sale; and (c) a statement that the Person wishes to be

excluded from the Class, signed by the person or entity requesting exclusion or an authorized representative. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased Spectrum common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be: (a) deemed to have waived his, her, its, or their right to be excluded from the Class; (b) barred from requesting exclusion from the Class; (c) bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶12. Any Person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation, and shall not receive any payment out of the Net Settlement Fund.

15.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event latter than three (3) calendar days from receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

16.    Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why the requested amount of attorneys' fees and expenses should or should not be awarded to Lead Plaintiff's Counsel or to Lead Plaintiff, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before **October 30, 2026**, by Kaplan Fox & Kilsheimer LLP, Attn: Jeffrey P. Campisi, 800 Third Avenue, 38th Floor, New York, NY 10022; Baker Botts L.L.P., Attn: James J. Beha II, 30 Rockefeller Plaza, 45th Floor, New York, NY 10112, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before **October 30, 2026**. Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the request for attorneys' fees and expenses to Lead Plaintiff's Counsel or expenses of Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses to Lead Plaintiff's Counsel or Lead Plaintiff are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

17.     Any objections, filings, and other submissions by an objecting Class Member must: (a) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (c) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases and sales of Spectrum common stock during the Class Period, including the dates and the number of shares purchased or sold, and the price paid or received for each such purchase or sale; and (d) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

18.     Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

19.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses, including an

award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), shall be filed and served no later than **October 16, 2026**. Replies to any objections shall be filed and served no later than **November 13, 2026**.

21.    Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

22.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23.    All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.12 or 2.14 of the Stipulation.

24.    Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

11

25. Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other action, or of any liability, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court,

the Released Defendant Parties, the Releasing Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement. The Released Defendant Parties, the Releasing Plaintiff Parties, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of May 31, 2026.

27.    Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

28.    Mr. Christiansen's *pro se* motions objecting to the preliminary settlement agreement are DENIED without prejudice to Mr. Christiansen raising his objections in the manner set forth in this Order.  The Clerk of Court is respectfully directed to terminate the motions at Dkts. 193, 196, and 197.

29. The parties' joint request for a teleconference is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 198.

**SO ORDERED.**

**Date:  June 22, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

NIZAR SAMI AYOUB, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL,

Defendants.

</td><td>

Case No. 1:22-cv-10292 (VEC) (Consolidated)


NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

</td></tr>
</table>

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED SPECTRUM PHARMACEUTICALS, INC. ("SPECTRUM") COMMON STOCK BETWEEN MAY 12, 2022, AND SEPTEMBER 22, 2022, INCLUSIVE (THE "CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.STRATEGICCLAIMS.NET/AYOUBVSPECTRUM/) ON OR BEFORE _____, 2026**.

THE CUSIP NUMBER FOR SPECTRUM PHARMACEUTICALS, INC. (FORMERLY TRADED AS NASDAQ: SPPI) COMMON STOCK WAS 84763A108.

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Nizar Sami Ayoub ("Lead Plaintiff") and Spectrum, Francois J. Lebel, and Thomas J. Riga ("Defendants"); (ii) the proposed $7 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated June 1, 2026 (the "Stipulation"), by and between Lead Plaintiff and Defendants (the "Parties" or

1

"Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online by 11:59 ET on _____, 2026.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before _____, 2026. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2025** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2026.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.strategicclaims.net/AyoubvSpectrum/.

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $7 million cash settlement fund has been established.  Based on Lead Plaintiff's estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Spectrum common stock under the Plan of Allocation is approximately $0.08, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Class Members should note, however, that this is only an estimate**.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than this estimated average distribution amount.  Please see the Plan of Allocation set forth and discussed at pages ___ through ____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Spectrum common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of Spectrum common stock was allegedly artificially inflated (if at all) during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery.  Lead Counsel will apply to the Court on behalf of all Lead Plaintiff's Counsel for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses not to exceed $250,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.  If the amounts requested are approved by the Court, the average cost per Spectrum common share will be approximately $0.02.  In addition, Lead Plaintiff may seek an award not to exceed $7,500 in connection with its representation of the Class.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator by mail at Spectrum Pharmaceuticals Securities Settlement, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, toll-free at 1-866-274-4004, by email at info@strategicclaims.net, or by visiting the website, www.strategicclaims.net/AyoubvSpectrum/..

3

You may also contact a representative of counsel for the Class: Jeffrey P. Campisi, 800 Third Avenue, 38th Floor, New York, NY 10022, (212) 867-1980, jcampisi@kaplanfox.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
|---|---|

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *Ayoub, et al. v. Spectrum et al.*, Case No. 22-cv-10292-VEC (S.D.N.Y.). The case has been assigned to the Honorable Valerie E. Caproni. The entity representing the Class is the "Lead Plaintiff," and the company and individuals it sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| 2. | What is this lawsuit about? |
|---|---|

The initial complaint in the Litigation was filed on December 5, 2022.

On March 21, 2023, the Court appointed Steven Christiansen, an alleged Spectrum stockholder, as the lead plaintiff and appointed Kaplan Fox & Kilsheimer LLP as lead counsel.

4

Mr. Christiansen filed a consolidated amended complaint on May 26, 2023, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act against the Named Defendants on behalf of class of purchasers of Spectrum common stock during the period from March 17, 2022, through September 22, 2022. The consolidated amended complaint alleged that Spectrum made misleading statements during the alleged Class Period concerning the prospects for FDA approval for Spectrum's cancer treatment drug, poziotinib.

On July 25, 2023, the Named Defendants moved to dismiss the consolidated amended complaint. On January 23, 2024, the Court granted, in part, and denied, in part, the Named Defendants' motion to dismiss and dismissed claims that Defendants made misleading statements on March 17, 2022.

Christiansen and the Defendants proceeded to discovery, including the exchange of document requests and service of third-party document subpoenas. The Defendants produced more than 4,000 documents and third parties more than 78,000 documents pursuant to subpoenas.

In October 2024, Christiansen and the Defendants participated in mediation before Robert A. Meyer of JAMS. The parties exchanged pre-mediation statements on October 9, 2024, and engaged in an in-person mediation session on October 16, 2024. The October 2024 mediation did not result in resolution.

On October 25, 2024, Ayoub filed his complaint in *Ayoub, et al. v. Spectrum Pharmaceuticals, Inc., et al.*, 24-cv-8138, asserting claims identical to those asserted in Christiansen's consolidated amended complaint for the period May 12, 2022 through September 22, 2022. On October 30, 2024, Christiansen and Ayoub moved jointly for class certification in the Litigation and sought to certify a class under Rules 23(a) and 23(b)(3) that consists of: All purchasers of Spectrum common stock during the period from May 12, 2022, through September 22, 2022, inclusive, who were damaged thereby.

On November 4, 2024, Defendants moved to disqualify Christiansen from continued service as lead plaintiff because of his alleged unauthorized disclosure of the parties' confidential settlement communications. On August 4, 2025, the Court granted Defendants' motion to disqualify Christiansen. On January 6, 2026, the Court appointed Ayoub as Lead Plaintiff; approved Ayoub's selection of Kaplan Fox & Kilsheimer LLP as Lead Counsel; consolidated *Ayoub, et al. v. Spectrum Pharmaceuticals, Inc., et al.*, 24-CV-8138, with the Litigation; and lifted the stay of proceedings.

The Parties then engaged in a second mediation before David M. Murphy of Phillips ADR. After exchanging mediation statements, the Parties held an in-person mediation session before Mr. Murphy on April 27, 2026. The second mediation resulted in an agreement in principle to resolve the Litigation for a cash payment of $7 million to be paid by Defendants and their insurers for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) has been duly executed and reflects the final and binding agreement among the Parties.

5

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their remaining claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: All Persons who purchased Spectrum common stock between May 12, 2022, and September 22, 2022, inclusive. Excluded from the Class are: (1) Defendants and members of their immediate families; (2) the current and former officers and directors of Spectrum at all relevant times, and members of the Individual Defendants' immediate families; (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion. To the extent any Spectrum employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2026.

| 5. | What if I am still not sure if l am included in the Class? |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator by mail at Spectrum Pharmaceuticals Securities Settlement, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, toll-free at 1-866-274-4004, or by email at info@strategicclaims.net, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid

6

$7 million in cash to be distributed, after the deduction of Taxes, Tax Expenses, notice and Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www._____.com.  Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Spectrum Pharmaceuticals Securities Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063) **or submit it online at www. strategicclaims.net/AyoubvSpectrum/ so that it is postmarked or received no later than 11:59 p.m. ET on _____, 2026**.

| 9. | When will I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2026, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiff's Claims (as defined below) in this Litigation.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiff's Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or inequity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other Class Member has or could have asserted in any court or

7

forum, based on, arising out of, or in connection with (i) any purchase of Spectrum common stock during the period May 12, 2022 and September 22, 2022, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, transactions, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff or any other Member of the Class in the Litigation. Released Plaintiff's Claims do not include: (i) any claims related to the enforcement of the Settlement; or (ii) any claims of any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below) whether arising under federal, state, common, or federal law, against the Lead Plaintiff or any other Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation. Released Defendants' Claims do not include (i) claims relating to the enforcement of the Settlement or (ii) claims against any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" means any or all of Defendants, Dismissed Defendant, and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiff, all other plaintiffs in the Litigation, their respective attorneys, and all other Class Members, and each and all of their respective current, former or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiff's Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to: (a) any and all Released Plaintiff's Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the

8

United States or principle of common law or foreign law, that is similar, comparable to, equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the

9

claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Spectrum Pharmaceuticals Securities Settlement*." Your letter must include your purchases and sales of Spectrum common stock during the Class Period, including the dates and number of shares of each Spectrum common stock purchase or sale, and the price paid for each such purchase and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than _____, 2026** to:

*Spectrum Pharmaceuticals Securities Settlement*
c/o Strategic Claims Services P.O. Box 230600 N. Jackson St., Ste. 205
Media, PA 19063

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against Defendants and/or the Released Defendant Parties.

**THE LAWYERS REPRESENTING YOU**

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Kaplan Fox & Kilsheimer LLP represents the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel, on behalf of Lead Plaintiff's Counsel, will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $250,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Lead Plaintiff may seek reimbursement for its time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Spectrum Pharmaceuticals Securities Settlement*.  Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares of Spectrum common stock purchased or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected.  You must also include copies of documents demonstrating your purchases and/or sales of Spectrum common stock during the Class Period.  Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than** _____, **2026:**

11

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK Daniel P. Moynihan United States Courthouse 500 Pearl Street New York, NY 10007 | KAPLAN FOX & KILSHEIMER LLP Attn: Jeffrey P. Campisi 800 Third Avenue, 38th Floor New York, NY 10022 | BAKER BOTTS L.L.P. Attn: James J. Beha II 30 Rockefeller Plaza, 45th Floor New York, NY 10112 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at ___ _.m., on _____, 2026, in the Courtroom of the Honorable Valerie E. Caproni, at the United States District Court for the Southern District of New York, Daniel P. Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Lead Plaintiff. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website,

12

www.strategicclaims.net/AyoubvSpectrum/, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

| 19. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Spectrum Pharmaceuticals Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Plaintiff's Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than _____, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in this case.

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator by mail at Spectrum Pharmaceuticals Securities Settlement, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, toll-free at 1-866-274-4004, or by email at info@strategicclaims.net.  Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.strategicclaims.net/AyoubvSpectrum/, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

**THE PROPOSED PLAN OF ALLOCATION OF NET
SETTLEMENT FUND AMONG CLASS MEMBERS**

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $7 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.strategicclaims.net/AyoubvSpectrum/.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan is not a formal damages analysis, and the calculations made in accordance with the Plan are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Lead Plaintiff's damages consultant.  In developing the Plan, the consultant calculated the estimated amount of alleged artificial inflation in the price of Spectrum common stock that was allegedly proximately caused

14

by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable.

In calculating the estimated artificial inflation allegedly caused by the alleged misrepresentations and omissions, Lead Plaintiff's damages consultant considered price changes in Spectrum common stock in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for Spectrum-specific information unrelated to the alleged misrepresentations and omissions.

In order to have recoverable damages in connection with purchases of Spectrum common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Spectrum common stock. In this case, Lead Plaintiff alleged that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of Spectrum common stock. As a result of the alleged corrective disclosures, Lead Plaintiff alleges that artificial inflation was removed from the price of Spectrum stock following disclosures on September 20, 2022 and September 22, 2022.[2]

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Spectrum common stock must have been purchased during the Class Period and held through at least one corrective disclosure.

The Plan of Allocation is not a formal damage analysis. The Recognized Claim Amount is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount the Class Member will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $0.43 per share of Spectrum stock.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

Based on the formula stated below, a "Recognized Claim Amount" will be calculated for each purchase of Spectrum common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

Under the Plan of Allocation, a "Recognized Loss" will be calculated as set forth below for each purchase of an eligible share of Spectrum common stock during the Class Period. The calculation of a Recognized Loss will depend upon several factors, including (i) when the shares were purchased, and in what amount; and (ii) whether the shares were sold, and if so, when, and in what amount.

---

[2]    Any transactions in Spectrum common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

15

Based on the foregoing, and for purposes of this Settlement only, the Plan of Allocation for distributing the Net Settlement Fund is as follows:

1.  For each share of Spectrum common stock purchased during the period May 12, 2022 through September 19, 2022, inclusive, and:

    a)  Sold prior to the close of trading on September 19, 2022, the Recognized Loss is $0.00.

    b)  Sold at a loss during the period September 20, 2022 through September 22, 2022, inclusive, the Recognized Loss shall be the lesser of:  a) the difference between the inflation per share on the date of purchase and the inflation per share on the date of sale, as set forth on Table A; or b) the difference between the purchase price per share and the sale price per share.

    c)  Sold at a loss during the period September 23, 2022 through December 21, 2022, inclusive, the Recognized Loss shall be the least of:  a) the difference between the purchase price per share and the mean trading price per share beginning September 23, 2022 through the date of sale, as set forth on Table B; b) the difference between the purchase price per share and the sale price per share; or c) the difference between the inflation per share on the date of purchase and the inflation per share on the date of sale ($0.00).[3]

    d)  Held as of the close of trading on December 21, 2022, the Recognized Loss shall be the lesser of:  a) the inflation per share on the date of purchase, as set forth on Table A; or b) the difference between the purchase price per share and $0.43 per share, if greater than zero.

2.  For each share of Spectrum common stock purchased during the period September 20, 2022 through September 22, 2022, inclusive, and:

    e)  Sold prior to the close of trading on September 22, 2022, the Recognized Loss is $0.00.

Sold at a loss during the period September 23, 2022 through December 21, 2022, inclusive, the Recognized Loss shall be the least of:  a) the difference between the purchase price per share and the mean trading price per share beginning September 23, 2022 through the date of sale, as set forth on Table B; b) the difference between the purchase price per share and

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  The mean trading price of Spectrum common stock during the 90-day period, beginning on September 23, 2022 and ending on December 21, 2022, was $0.43.

the sale price per share; or c) the difference between the inflation per share on the date of purchase and the inflation per share on the date of sale ($0.00).

      f)  Held as of the close of trading on December 21, 2022, the Recognized Loss shall be the lesser of:  a) the inflation per share on the date of purchase, as set forth on Table A; or b) the difference between the purchase price per share and $0.43 per share, if greater than zero.

**TABLE A**
**(Inflation Per Share on Date of Purchase)**

| Purchase Date | Inflation per Share | Purchase Date | Inflation per Share | Purchase Date | Inflation per Share |
|---|---|---|---|---|---|
| May-12-2022 | $0.56 | Jun-28-2022 | $0.56 | Aug-11-2022 | $0.56 |
| May-13-2022 | $0.56 | Jun-29-2022 | $0.56 | Aug-12-2022 | $0.56 |
| May-16-2022 | $0.56 | Jun-30-2022 | $0.56 | Aug-15-2022 | $0.56 |
| May-17-2022 | $0.56 | Jul-01-2022 | $0.56 | Aug-16-2022 | $0.56 |
| May-18-2022 | $0.56 | Jul-05-2022 | $0.56 | Aug-17-2022 | $0.56 |
| May-19-2022 | $0.56 | Jul-06-2022 | $0.56 | Aug-18-2022 | $0.56 |
| May-20-2022 | $0.56 | Jul-07-2022 | $0.56 | Aug-19-2022 | $0.56 |
| May-23-2022 | $0.56 | Jul-08-2022 | $0.56 | Aug-22-2022 | $0.56 |
| May-24-2022 | $0.56 | Jul-11-2022 | $0.56 | Aug-23-2022 | $0.56 |
| May-25-2022 | $0.56 | Jul-12-2022 | $0.56 | Aug-24-2022 | $0.56 |
| May-26-2022 | $0.56 | Jul-13-2022 | $0.56 | Aug-25-2022 | $0.56 |
| May-27-2022 | $0.56 | Jul-14-2022 | $0.56 | Aug-26-2022 | $0.56 |
| May-31-2022 | $0.56 | Jul-15-2022 | $0.56 | Aug-29-2022 | $0.56 |
| Jun-01-2022 | $0.56 | Jul-18-2022 | $0.56 | Aug-30-2022 | $0.56 |
| Jun-02-2022 | $0.56 | Jul-19-2022 | $0.56 | Aug-31-2022 | $0.56 |
| Jun-03-2022 | $0.56 | Jul-20-2022 | $0.56 | Sep-01-2022 | $0.56 |
| Jun-06-2022 | $0.56 | Jul-21-2022 | $0.56 | Sep-02-2022 | $0.56 |
| Jun-07-2022 | $0.56 | Jul-22-2022 | $0.56 | Sep-06-2022 | $0.56 |
| Jun-08-2022 | $0.56 | Jul-25-2022 | $0.56 | Sep-07-2022 | $0.56 |
| Jun-09-2022 | $0.56 | Jul-26-2022 | $0.56 | Sep-08-2022 | $0.56 |
| Jun-10-2022 | $0.56 | Jul-27-2022 | $0.56 | Sep-09-2022 | $0.56 |
| Jun-13-2022 | $0.56 | Jul-28-2022 | $0.56 | Sep-12-2022 | $0.56 |
| Jun-14-2022 | $0.56 | Jul-29-2022 | $0.56 | Sep-13-2022 | $0.56 |
| Jun-15-2022 | $0.56 | Aug-01-2022 | $0.56 | Sep-14-2022 | $0.56 |
| Jun-16-2022 | $0.56 | Aug-02-2022 | $0.56 | Sep-15-2022 | $0.56 |
| Jun-17-2022 | $0.56 | Aug-03-2022 | $0.56 | Sep-16-2022 | $0.56 |
| Jun-21-2022 | $0.56 | Aug-04-2022 | $0.56 | Sep-19-2022 | $0.56 |
| Jun-22-2022 | $0.56 | Aug-05-2022 | $0.56 | Sep-20-2022 | $0.19 |
| Jun-23-2022 | $0.56 | Aug-08-2022 | $0.56 | Sep-21-2022 | $0.19 |
| Jun-24-2022 | $0.56 | Aug-09-2022 | $0.56 | Sep-22-2022 | $0.19 |
| Jun-27-2022 | $0.56 | Aug-10-2022 | $0.56 | | |

18

**TABLE B**
**90-day Mean Trading Price**

| Date | Mean Trading Price | Date | Mean Trading Price |
|---|---|---|---|
| Sep-23-2022 | $0.43 | Nov-08-2022 | $0.42 |
| Sep-26-2022 | $0.44 | Nov-09-2022 | $0.42 |
| Sep-27-2022 | $0.44 | Nov-10-2022 | $0.43 |
| Sep-28-2022 | $0.45 | Nov-11-2022 | $0.43 |
| Sep-29-2022 | $0.45 | Nov-14-2022 | $0.43 |
| Sep-30-2022 | $0.45 | Nov-15-2022 | $0.43 |
| Oct-03-2022 | $0.44 | Nov-16-2022 | $0.43 |
| Oct-04-2022 | $0.44 | Nov-17-2022 | $0.43 |
| Oct-05-2022 | $0.44 | Nov-18-2022 | $0.43 |
| Oct-06-2022 | $0.44 | Nov-21-2022 | $0.43 |
| Oct-07-2022 | $0.44 | Nov-22-2022 | $0.43 |
| Oct-10-2022 | $0.44 | Nov-23-2022 | $0.43 |
| Oct-11-2022 | $0.43 | Nov-25-2022 | $0.43 |
| Oct-12-2022 | $0.43 | Nov-28-2022 | $0.43 |
| Oct-13-2022 | $0.43 | Nov-29-2022 | $0.43 |
| Oct-14-2022 | $0.43 | Nov-30-2022 | $0.43 |
| Oct-17-2022 | $0.42 | Dec-01-2022 | $0.43 |
| Oct-18-2022 | $0.42 | Dec-02-2022 | $0.43 |
| Oct-19-2022 | $0.42 | Dec-05-2022 | $0.44 |
| Oct-20-2022 | $0.42 | Dec-06-2022 | $0.44 |
| Oct-21-2022 | $0.42 | Dec-07-2022 | $0.44 |
| Oct-24-2022 | $0.42 | Dec-08-2022 | $0.44 |
| Oct-25-2022 | $0.42 | Dec-09-2022 | $0.44 |
| Oct-26-2022 | $0.42 | Dec-12-2022 | $0.44 |
| Oct-27-2022 | $0.42 | Dec-13-2022 | $0.44 |
| Oct-28-2022 | $0.42 | Dec-14-2022 | $0.44 |
| Oct-31-2022 | $0.42 | Dec-15-2022 | $0.44 |
| Nov-01-2022 | $0.42 | Dec-16-2022 | $0.44 |
| Nov-02-2022 | $0.42 | Dec-19-2022 | $0.43 |
| Nov-03-2022 | $0.42 | Dec-20-2022 | $0.43 |
| Nov-04-2022 | $0.43 | Dec-21-2022 | $0.43 |
| Nov-07-2022 | $0.43 | | |

If a Class Member held Spectrum common stock at the beginning of the Class Period or made multiple purchases or sales of Spectrum common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Claim Amount is to match the claimant's holdings and purchases to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Spectrum common stock sold during the Class Period will be matched in chronological order first against Spectrum common stock held at the beginning of the Class Period. The remaining sales of Spectrum common stock during the Class Period will then be matched in chronological order against Spectrum common stock purchased or acquired during the Class Period.

Purchases and sales of Spectrum common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Spectrum common stock during the Class Period shall not be deemed a purchase or sale of Spectrum common stock for the calculation of a Recognized Claim Amount, unless: (i) the donor or decedent purchased such shares of Spectrum common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Spectrum common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of the Recognized Claim Amounts of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose *pro rata* share of the Net Settlement Fund is $10.00 or greater.

If a claimant had a market gain with respect to their overall transactions in Spectrum common stock during the Class Period, the value of the claimant's Recognized Claim Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Spectrum common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim Amount calculated above, then the claimant's Recognized Claim Amount will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to his, her, or its overall transactions in Spectrum common stock during the Class Period, the Claims Administrator will

20

determine the difference between: (i) the Total Purchase Amount[4]; and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest subject to approval by the Court.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request for review.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator, or other Person designated by Lead Plaintiff's Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased Spectrum common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) within seven (7) calendar days of receipt of the Postcard Notice, request sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; (ii) send a list of the names and addresses (including email

---

[4]   The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Spectrum common stock purchased during the Class Period.

[5]   The Claims Administrator will match any sales of Spectrum common stock from the start of the Class Period through and including the close of trading on December 21, 2022, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Spectrum common stock sold from the start of the Class Period through and including the close of trading on December 21, 2022, will be the "Total Sales Proceeds."

[6]   The Claims Administrator will ascribe a "Holding Value" equal to $0.43 for each share of Spectrum common stock purchased during the Class Period and still held as of the close of trading on December 21, 2022.

addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice; or (iii) within seven (7) calendar days of receipt of the Postcard Notice, request the link to the electronic Notice and Proof of Claim from the Claims Administrator.  If a nominee elects to send notice to beneficial owners, such nominee is directed to email the link to the electronic Notice and Proof of Claim or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing of the link to the electronic Notice and Proof of Claim or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.02 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.02 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.02 per link to the electronic Notice and Proof of Claim sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling the Claims Administrator toll-free at 1-866-274-4004, and may be downloaded from the Settlement website, www.strategicclaims.net/AyoubvSpectrum/.  All communications concerning the foregoing should be addressed to the Claims Administrator at info@strategicclaims.net or:

*Spectrum Pharmaceuticals Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205Media, PA 19063
www.strategicclaims.net/AyoubvSpectrum/

DATED: _____                _____
                                       BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

22

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>NIZAR SAMI AYOUB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL,<br><br>Defendants.</td><td>Case No. 1:22-cv-10292 (VEC) (Consolidated)<br><br>PROOF OF CLAIM AND RELEASE</td></tr>
</table>

## II.   GENERAL INSTRUCTIONS

1.     To recover as a Class Member based on the claims in the Litigation,[7] you must complete and, on page ___ hereof, sign this Proof of Claim and Release ("Proof of Claim").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2026**, ADDRESSED AS FOLLOWS:

*Spectrum Pharmaceuticals Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205

---

[7]     This Proof of Claim and Release form ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement dated June 1, 2026 ("Stipulation"), which can be obtained at www.strategicclaims.net/AyoubvSpectrum/.

1

Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net Online Submissions:
www.strategicclaims.net/AyoubvSpectrum/

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member and you do not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a request for exclusion from the Class.  Thus, if you are a Class Member, the Judgment will release the Released Defendant Parties from all Released Plaintiffs' Claims, and you will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the

2

Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

### III.    CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased the common stock of Spectrum Pharmaceuticals, Inc. ("Spectrum") between May 12, 2022, and September 22, 2022, inclusive (the "Class Period"), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee") of the Spectrum common stock that forms the basis of this claim.  THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF SPECTRUM COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this Proof of Claim.  If you purchased Spectrum common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased Spectrum common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full taxpayer identification number), address, and telephone number of the beneficial owner of (or other Person or entity on whose behalf they are acting with respect to) the Spectrum common stock; and (iii) furnish herewith evidence of their authority to bind to the Proof of Claim the Person or entity on whose behalf they are acting.  (Authority to complete

3

and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the Spectrum common stock set forth in the "Schedule of Transactions" in Part II of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties and the Claims Administrator do not independently have information about your investments in Spectrum stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Spectrum common stock during the Class Period).

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the Spectrum common stock you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

**If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, c/o Strategic Claims Services at P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063 or by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you may download the documents from the Settlement website, www.strategicclaims.net/AyoubvSpectrum/.**

## IV.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Spectrum Common Stock" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and sales of Spectrum common stock that took place between May 12, 2022 and December 21, 2022, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to the number of shares of Spectrum common stock you held at the close of trading on May 11, 2022, and December 21, 2022.  Failure to report all such transactions may result in the rejection of your claim.

5

The CUSIP number for Spectrum Pharmaceuticals, Inc. (formerly traded as NASDAQ: SPPI) common stock was 84763a108.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Spectrum common stock.  The date of a "short sale" is deemed to be the date of sale of Spectrum common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SPECTRUM COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN SPECTRUM COMMON STOCK**.

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/AyoubvSpectrum/. One spreadsheet may contain the information for

6

multiple persons and institutional accounts, but all Representative Filers MUST also submit a manually signed Proof of Claim, as well as proof of authority to file (see Part II. Claimant Identification above) along with the electronic spreadsheet. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that the file has been received or processed until the Claims Administrator sends a confirmation email. If you do not receive such an email within 10 days of submission, please contact the electronic filing department at efile@strategicclaims.net to inquire about the file and confirm it was received and acceptable.

NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.strategicclaims.net/AyoubvSpectrum/.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Ayoub v. Spectrum Pharmaceuticals, Inc., et al.*

Case No. 22-cv-10292-VEC

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

_____, 2026
<u>Please Type or Print</u>

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SPECTRUM COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

| | | |
|---|---|---|
| Beneficial Owner Name | | |
| Joint Beneficial Owner Name | | |
| Address 1 (Street Name and Number) | | |
| Address 2 (apartment, unit, or box number) | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Telephone Number (home) | Telephone Number (work) | |
| Email Address | | |
| Account Number (if filing for multiple accounts, file a separate Claim Form for each account) | | |

8

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|
|  |  |  |

Claimant Account Type (check appropriate box):

☐   Individual (includes joint owner accounts)   ☐   Pension Plan   ☐   Trust
☐   Corporation                                  ☐   Estate
☐   IRA/401K                                      ☐   Other _____ (please specify)

9

PART II:      SCHEDULE OF TRANSACTIONS IN SPECTRUM COMMON STOCK

**A.**      **Number of shares of Spectrum common stock held at the close of trading on May 11, 2022.  If none, write "0" or "zero." ___**

**B.**      **Purchases of Spectrum common stock between May 12, 2022 and December 21, 2022, inclusive:**

| Trade Date(s) Month/Day/Year (List chronologically) | Number of Shares Purchased | Total Purchase Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed |
|---|---|---|---|
| 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | □ Y □ N <br> □ Y □ N <br> □ Y □ N |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: □ Yes

**C.**      **Sales of Spectrum common stock between May 12, 2022 and December 21, 2022, inclusive:**

| Trade Date(s) Month/Day/Year (List chronologically) | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | 1._____ <br> 2._____ <br> 3._____ | □ Y □ N <br> □ Y □ N <br> □ Y □ N |

**D.**      **Number of shares of Spectrum common stock held at the close of trading on December 21, 2022:** _____

Proof of Position Enclosed:   □ Yes  □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**V.**      **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.

I (We) also submit to the jurisdiction of the United States District Court for the Southern District

of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the

release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Spectrum common stock during the relevant period and know of no other Person having done so on my (our) behalf.

VI.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge, and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," defined as any or all of Defendants, Dismissed Defendant, and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

2.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or inequity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other Class Member has or could have asserted in any court or forum, based on, arising out of, or in connection with (i) any purchase of Spectrum common stock during the period May 12, 2022 and September 22, 2022, inclusive, and (ii) the allegations, acts, facts,

11

matters, occurrences, transactions, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff or any other Member of the Class in the Litigation.  Released Plaintiff's Claims do not include: (i) any claims related to the enforcement of the Settlement; or (ii) any claims of any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

3.       "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to: (a) any and all Released Plaintiff's Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable to, equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing

the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and

13

released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.    These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

## CERTIFICATION

By signing and submitting this Proof of Claim, the claimant(s) or the Person(s) who represent(s) the claimant(s) certifies (certify), as follows:

that I (we) read and understand the contents of the Notice and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

that the claimant(s) is a (are) Class Member(s), as defined in the Notice and on page __ of this Proof of Claim, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice;

that I (we) own(ed) the Spectrum common stock identified in the Proof of Claim and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

14

that the claimant(s) has (have) not submitted any other claim covering the same purchases of Spectrum common stock, and knows (know) of no other Person having done so on the claimant's (claimants') behalf;

that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

that I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator or the Court may require;

that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is (they are) subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the claimant(s) that he/she/it is (they are) no longer subject to backup withholding.  If the IRS has notified the claimant(s) that he, she, or it is (they are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE EXECUTED THIS

15

\_\_\_\_ DAY  OF _____  in _____  _____

(Month/Year)              (City)                    (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of Person(s) signing,
_e.g._, Beneficial Purchaser,
Executor or Administrator)

16

**ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and acknowledgment.

2.    Remember to attach copies of supporting documentation.

3.    **Do not send** originals of certificates or other documentation as they will not be returned.

4.    Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN 11:59 P.M. ET ON _____, 2026, ADDRESSED AS FOLLOWS:**

*Spectrum Pharmaceuticals Securities Settlement*

c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
info@strategicclaims.net
Online Submissions:
www.strategicclaims.net/AyoubvSpectrum/

17

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NIZAR SAMI AYOUB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL,<br><br>Defendants. | Case No. 1:22-cv-10292 (VEC) (Consolidated)<br><br>SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED SPECTRUM PHARMACEUTICALS, INC. ("SPECTRUM") COMMON STOCK BETWEEN MAY 12, 2022 AND SEPTEMBER 22, 2022, INCLUSIVE (THE "CLASS PERIOD")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

THE CUSIP NUMBER FOR SPECTRUM PHARMACEUTICALS, INC. (FORMERLY TRADED AS NASDAQ: SPPI) COMMON STOCK WAS 84763A108.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated June 1, 2026 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.strategicclaims.net/AyoubvSpectrum/.

**YOU ARE ALSO HEREBY NOTIFIED** that Nizar Sami Ayoub ("Lead Plaintiff"), and defendants Spectrum, Francois J. Lebel, and Thomas J. Riga ("Defendants") have reached a

1

proposed settlement of the Litigation on behalf of the Class for $7 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on _____, 2026, at \_\_:\_\_ \_.m., before the Honorable Valerie E. Caproni at the United States District Court, Southern District of New York, Daniel P. Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $7 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; (4) to award Lead Plaintiff its costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class.  It is important that you check the Settlement website, www.strategicclaims.net/AyoubvSpectrum/, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website.  Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED  SPECTRUM COMMON STOCK BETWEEN MAY 12, 2022, AND SEPTEMBER 22, 2022, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later**

than _____, 2026) or electronically via the Settlement website **(no later than 11:59 p.m. ET on _____, 2026)**.  Failure to submit your Proof of Claim by _____, 2026, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation.  If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement); the Proof of Claim; the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice); and other important documents may be accessed online at www.strategicclaims.net/AyoubvSpectrum/, or by writing to:

*Spectrum Pharmaceuticals Securities Settlement*
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
info@strategicclaims.net
_____-____

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

KAPLAN FOX & KILSHEIMER LLP
Jeffrey P. Campisi
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
jcampisi@kaplanfox.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU PROPERLY

3

EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 25% OF THE $7 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $250,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4).  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

4

# EXHIBIT 4

**LEGAL NOTICE**

*Ayoub v. Spectrum Pharmaceuticals, Inc., et al.*,
Case No. 22-cv-10292-VEC (S.D.N.Y.)
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063


www.strategicclaims.net/AyoubvSpectrum/

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.


**[INCLUDE BARCODE FOR WEBSITE]**

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.STRATEGICCLAIMS.NET/AYOUBVSPECTRUM/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.

If you purchased Spectrum Pharmaceuticals, Inc. ("Spectrum") common stock (CUSIP: 84763A108) between May 12, 2022, and September 22, 2022, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _____, 2026, at __:__ _.m., at the United States District Court, Southern District of New York, Daniel P. Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 ("Settlement Hearing"), before the Honorable Valerie E. Caproni, to determine whether the proposed Settlement of the Litigation against Defendants Spectrum, Francois J. Lebel, and Thomas J. Riga for $7 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Amount, and expenses not to exceed $250,000, plus interest on both amounts, and an award to Lead Plaintiff, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Defendants misled investors by making materially false and misleading statements and failing to disclose material information, which caused Spectrum's stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Spectrum's stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.strategicclaims.net/AyoubvSpectrum/ ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Spectrum Pharmaceuticals Securities Settlement*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, email at: info@strategicclaims.net, or (ii) toll-free by calling: 1-866-274-4004.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2026. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in Spectrum common stock. The estimated average distribution per share is approximately $0.08, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for

- 2 -

award of attorneys' fees and expenses and award to Lead Plaintiff no later than _____, 2026.  The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiff and the Class are represented by Lead Counsel:  Jeffrey P. Campisi, Kaplan Fox & Kilsheimer LLP, 800 Third Avenue, 38th Floor, New York, NY 10022, (212) 687-1980, jcampisi@kaplanfox.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.