UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>Defendants. | Case No.1:22-cv-10292-VEC<br><br>MEMO ENDORSED |
| NIZAR SAMI AYOUB, on behalf of himself and a class of similarly situated investors,<br><br>CO- Lead Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>Defendants. | Case No. 1:22-cv-10292-VEC<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:__________<br>DATE FILED: 07/31/2026 |

## MOTION FOR RECUSAL of JUDGE VALERIE CAPRONI

1: I Steven B Christiansen submit this Motion on behalf myself and purchasers of Spectrum Pharmaceuticals, Inc. ("Spectrum" or the( "Company") common stock.

2: Judge Valerie Caproni must recues herself from the above Encaptioned case for the appearance of bias and impartiality.

A) She has attempted to decide her own fate in this action.

B) By attempting to decide her own fate she has destroyed impartiality.

C) A panel of Judges are required to decide if she has been impartial.

D) Judge Caproni knows all too well that a person does not get to decide their own fate.

E) A Tribunal will need to be convened to decide the fate of Judge Caproni.

F) Recently ten (10) strangers to this case all were asked if the judge should recues themselves. All ten (10) who knew neither of the parties in this controversy agreed that for Justice to Prevail, the judge should voluntarily recues Him/Her/Self.

G) Under federal law (**28 U.S.C. § 455(a)**), a judge must recues themselves if their "impartiality might reasonably be questioned" from the perspective of an objective, well-informed observer.

3: Prejudice of the court is on full display here. Since Steven B Christiansen was Disqualified for a purported violation of the Non-Disclosure Agreement , despite owning shares in both companies.

*********************************************************************

CASE # 1:22 –cv-10292 – VEC / Document # 143 / 08/04/2025

CONCLUSION
For the foregoing reasons, the Motion is GRANTED and Christiansen is DISQUALIFIED as lead plaintiff.

Not later than Monday, August 25, 2025, counsel for Plaintiff must cause notice of the pendency of this action and of the reopening of the lead plaintiff appointment process to be published in a widely circulated national business-oriented publication or wire service.

Members of the putative class may move the Court to serve as substitute lead plaintiff not later than Wednesday, September 24, 2025.

Plaintiff's request for a status conference, Dkt. 142, is DENIED WITHOUT PREJUDICE to Plaintiff renewing the request with an explanation of what issues he wishes to discuss at the conference.

Except for filings necessary to complete the selection of a new lead plaintiff, this case remains STAYED.

SO ORDERED.

____________________

Date: August 4, 2025 VALERIE CAPRONI
New York, New York United States District Judge

---

**4: Lead plaintiff Nizar Sami Ayoub violated his Oath of None Disclosure for discussing a proposed $7mil deal with Emilie Ruscoe and published June 2 2026 in Law 360**

**https://www.law360.com/articles/2484516/pharma-co-inks-7m-deal-to-end-investor-s-cancer-study-suit**

**The reporter quotes Nizar Sami Ayoub : The reporter obviously spoke with him directly, eliminating any question that the reporter had accessed court documents.**

**5: No proof has been submitted that the reporter accessed the information prior to June 2, 2026 because there was no information posted in any leading publication.**

**5: PROOF : The Burden of Proof has been met.**

Ayoub said the $7 million settlement sum would come from Spectrum, Two of its former executives, who are the company's co-defendants, and their insurers.

**CONCLUSION: The Court Must Recues Judge Valerie Caproni.**

**Failure not to do so jeopardizes the entire legal system.**

Under federal law (**28 U.S.C. § 455(a)**), a judge must recues themselves if their "impartiality might reasonably be questioned" from the perspective of an objective, well-informed observer.

5: The Burden of Proof Has Been Met:

*The Supreme Court established that § 455(a) requires an **objective standard**: whether a reasonable person, knowing all the facts, would question the judge's impartiality. Scienter (actual knowledge) is not required for a violation of § 455(a).

**Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120 (2d Cir. 2003)**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

JULY 21, 2026

Steven B Christiansen

PO BOX 980202
PARK CITY, UT.
84098
435-395-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>Defendants. | Case No.1:22-cv-10292-VEC |
| NIZAR SAMI AYOUB, on behalf of himself and a class of similarly situated investors,<br><br>CO- Lead Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, FRANCOIS J. LEBEL, and NORA E. BRENNAN,<br><br>Defendants. | Case No. 1:22-cv-10292-VEC |

## ORDER FOR RECUSAL OF JUDGE VALERIE CAPRONI

1: I Steven B Christiansen submit this Motion on behalf myself and purchasers of Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company") common stock.

2: Judge Valerie Caproni must recues herself from the above uncaptioned case for the appearance of bias and impartiality.

Under federal law (**28 U.S.C. § 455(a)**), a judge must recues themselves if their "impartiality might reasonably be questioned" from the perspective of an objective, well-informed observer.

3: Prejudice of the court is on full display here.

Since Steven B Christiansen was Disqualified for a purported

violation of the Non-Disclosure Agreement.

*******************************************************************************

CASE # 1:22 –cv-10292 – VEC / Document # 143 / 08/04/2025

CONCLUSION
For the foregoing reasons, the Motion is GRANTED and Christiansen is DISQUALIFIED as lead plaintiff.

Not later than Monday, August 25, 2025, counsel for Plaintiff must cause notice of the pendency of this action and of the reopening of the lead plaintiff appointment process to be published in a widely circulated national business-oriented publication or wire service.

Members of the putative class may move the Court to serve assubstitute lead plaintiff not later than Wednesday, September 24, 2025.

Plaintiff's request for a status conference, Dkt. 142, is DENIED WITHOUT PREJUDICE to Plaintiff renewing the request with an explanation of what issues he wishes to discuss at the conference.

Except for filings necessary to complete the selection of a new lead plaintiff, this case remains STAYED.

SO ORDERED.

______________________

Date: August 4, 2025 VALERIE CAPRONI
New York, New York United States District Judge

---

4: Lead plaintiff Nizar Sami Ayoub for violated his Oath of None Disclosure for discussing a proposed $7mil deal with Emilie Ruscoe and published June 2 2026 in Law 360

https://www.law360.com/articles/2484516/pharma-co-inks-7m-deal-to-end-investor-s-cancer-study-suit

The reporter quotes Nizar Sami Ayoub ; The reporter obviously spoke with him directly , eliminating any question that the reporter had accessed court documents.

5: PROOF : Ayoub said the $7 million settlement sum would come from Spectrum, Two of its former executives, who are the company's co-defendants, and their insurers.

CONCLUSION: The Court Must Recues Judge Valerie Caproni . Failure not to do so jeopardizes the entire legal system.

Under federal law (**28 U.S.C. § 455(a)**), a judge must recues themselves if their "impartiality might reasonably be questioned" from the perspective of an objective, well-informed observer.

*The Supreme Court established that § 455(a) requires an **objective standard**: whether a reasonable person, knowing all the facts, would question the judge's impartiality. Scienter (actual knowledge) is not required for a violation of § 455(a).

**Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120 (2d Cir. 2003)**

SO ORDERED.

---

Date: ______________________

PRESIDING JUDGE:______________________________________________

New York, New York United States District Judge

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

JULY 21, 2026

Steven B Christiansen

PO BOX 980202
PARK CITY, UT.
84098
435-395-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN B CHRISTIANSEN

Write the first and last name of each plaintiff.

Case No. 122 CV 10292 VEC

-against-

SPECTRUM PHARMACUTICAL INC
THOMAS J RIGA
FRANCOIS J LEBEL
NORA BRENNAN

Write the first and last name of each defendant.

**CERTIFICATE OF SERVICE**

I, Steven B Christiansen,

affirm that the foregoing documents have been personally served on BAKER BOTTS LLP by EMail or mailed to the last known address of 30 Rockefeller Plaza New York, NY 10112,

at ______________________.

July 21 2026
Executed on (date)

Steven B Christiansen Digitally signed by Steven B Christiansen Date: 2026.06.23 15:04:06 -06'00'
Signature

Steven B Christiansen
Name

Prison Identification # (if incarcerated)

PO BOX 980202
Address

Park City UT 84098
City State Zip Code

435-395-1700
Telephone Number (if available)

steven.paralex@gmail.com
E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN B CHRISTIANSEN

Write the first and last name of each plaintiff.

Case No. 1:22 CV 10292-VEC

-against-

**CERTIFICATE OF SERVICE**

SPECTRUM PHARMACUTICAL INC
THOMAS J RIGA
FRANCOIS J LEBEL
NORA BRENNAN

Write the first and last name of each defendant.

I, Steven B Christiansen,

affirm that the foregoing documents have been personally served on KAPLAN FOX & KILSHEIMER LLP BY E-MAIL or mailed to the last known address of 800 Third Avenue, 38th Floor New York, NY 10022,

at ______________________.

| | |
|---|---|
| July 21 2026 | Steven B Christiansen Digitally signed by Steven B Christiansen Date: 2026.06.23 15:05:10 -06'00' |
| Executed on (date) | Signature |
| Steven B Christiansen | N/A |
| Name | Prison Identification # (if incarcerated) |

| | | | |
|---|---|---|---|
| PO BOX 98020 | Park City | UT | 84098 |
| Address | City | State | Zip Code |
| 435-395-1700 | steven.paralex@gmail com | | |
| Telephone Number (if available) | E-mail Address (if available) | | |

Application DENIED. The Court refers Mr. Christiansen to its prior order at Dkt. 210.

SO ORDERED.

07/31/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE